SEALED

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2019 FEB 21 PM 12:50

DEPUTY CLERK

| UNITED STATES OF AMERICA | TO BE FILED UNDER SEAL |
|---|---|
| v. | NO. |
| RUEL M. HAMILTON | 3-19CR-083-S |

## INDICTMENT

The Grand Jury Charges:

### Introduction

At all times material to this indictment:

1. Defendant **Ruel M. Hamilton ("Hamilton")** was a principal of AmeriSouth Realty Group ("AmeriSouth") and a real estate developer engaged in developing low income and for-profit housing projects within the City of Dallas and elsewhere.

2. From in or around November 2013 to in or around August 2018, **Hamilton** engaged in a scheme to corruptly influence public officials related to **Hamilton's** business interests within the City of Dallas and to further **Hamilton's** political objectives.

3. Carolyn Rena Davis was elected to the Dallas City Council District 7 in 2007, and re-elected to the same position in 2009, 2011, and 2013. During her tenure on the City Council, Davis also served as Chair of the Dallas Housing Committee. Davis was, as such, during all relevant times, an agent of the City of Dallas.

4. Council Person A, an individual known to the grand jury, was at all relevant times a member of the Dallas City Council, and as such, during all relevant times, was an agent of the City of Dallas.

5. The City of Dallas was an incorporated unit of local government and a political subdivision of the State of Texas that received benefits in excess of $10,000 in each of the consecutive fiscal one-year periods beginning October 1, 2013, October 1, 2014, October 1, 2015, October 1, 2016, and October 1, 2017, under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

6. In furtherance of **Hamilton's** scheme to corruptly influence public officials, from approximately November 2013 to approximately June 2015, **Hamilton** paid bribe payments to Davis totaling at least $40,000 and promised Davis future employment as a consultant in exchange for Davis's official actions. Further, on or about August 3, 2018, **Hamilton** made a $7,000 bribe payment to Council Person A in exchange for Council Person A's promise of favorable official action.

7. Specifically, **Hamilton** paid Davis to lobby for and vote in favor of one of **Hamilton's** housing projects within the City of Dallas, including the authorization of City of Dallas funds and obligations in excess of $2.5 million. As the Chair of the Housing Committee, Davis voted to support Texas Department of Housing and Community Affairs (TDHCA) tax-exempt bonds and 9% tax credits for **Hamilton's** project known as Royal Crest on February 2, 2015. Additionally, Davis moved the City

Council to authorize the Dallas Housing Finance Corporation to make a development loan to **Hamilton's** project in the amount not to exceed $2,520,000 for **Hamilton's** Royal Crest project, and for the city's nomination for the project to receive the 2015 9% low-income housing tax credits through the TDHCA on February 25, 2015.

8. At the direction of Davis, and in order to disguise the bribe payments, **Hamilton** wrote checks to a not-for-profit company owned by an individual known to the Grand Jury (Person A). Person A, in turn, cashed **Hamilton's** checks and generally transferred the bribe payments to Davis as cash.

9. **Hamilton** also provided cash directly to Davis. On or about April 13, 2015, at approximately 4:16 p.m., **Hamilton** told Davis: "So, I know you wanted the rest of the cash. I have a – probably half of it. I know I have over another thousand bucks or we could do it tomorrow, so - ." Davis responded: "Well, it's up to you .... We can wait until tomorrow if you want to."

10. **Hamilton** also received Davis's support with another city official. On or about April 23, 2015, at approximately 9:24 a.m., Davis told **Hamilton** that she questioned a City of Dallas housing official known to the grand jury (Official X) about the status of **Hamilton's** project for 9% TDHCA funds which was tied in points with another competing project. Davis told **Hamilton** that she told Official X to connect **Hamilton** with a non-profit so that **Hamilton's** project would get another point in the scoring system, thereby surpassing the score of the other competing project. **Hamilton** told Davis that he would be "disappointed" if his project did not get on TDHCA's list of

projects "they are seriously considering." **Hamilton** told Davis he wanted her, and possibly Council Person A, to lobby for his project before the TDHCA. Davis agreed to lobby the project, in her official capacity, before the TDHCA in Austin, Texas.

11. In furtherance of **Hamilton's** scheme to corruptly influence public officials, on or about August 2, 2018, **Hamilton** initiated contact with Council Person A. **Hamilton** urgently sought Council Person A's official assistance in facilitating the late-addition of a referendum item to be placed on the agenda of the next Dallas City Council meeting scheduled for August 8, 2018. **Hamilton** told Council Person A: "So I was told that if there is anybody that could get the Mayor to put it on the agenda for the 8th, that it was Councilmember [Council Person A]." The item, if added on the agenda and passed by the City Council, would have resulted in the placement of a referendum item on the November 2018 general election.

12. **Hamilton** also sought future official action by Council Person A in relation to a housing project that **Hamilton** desired to develop in the City of Dallas. Specifically, Hamilton stated: "Before you leave office or whenever your last term is, we're going to have stuff built down there on Eleventh Street. You just watch. I need you for that. I'm saying is, I'm there, you know, and so if there is anything that I can help you with, I mean, I hope you feel like you can reach out."

13. Council Person A agreed to facilitate and promote the agenda item, and to provide official assistance on the proposed housing project, in return for money to cover his personal needs. When Council Person A asked for $6,200, **Hamilton** offered

$6,500, which Council Person A accepted, and then **Hamilton** wrote a $7,000 check to Council Person A.   **Hamilton** further discussed with Council Person A how **Hamilton** should characterize the purpose of the check, including: "What should I put down just for posterity sake, down in here for, what should I say?   All right. I just wrote something down there just so … some -- somebody ever asks, I can come up with some kind of reference."

## Count One
### Bribery Concerning a Local Government Receiving Federal Benefits
(Violation of 18 U.S.C. § 666(a)(2))

14. The Grand Jury hereby adopts, re-alleges and incorporates herein all allegations set forth in the Introduction of this indictment as if fully set forth herein.

15. From in or about November 2013 to in or about June 2015, in the Dallas Division of the Northern District of Texas, defendant, **Ruel M. Hamilton**, corruptly offered to give and did give something of value to Carolyn Rena Davis in connection with a business, transaction, and series of transactions of the City of Dallas involving anything of value of $5,000 or more, with intent to influence and reward Davis, an agent of the City of Dallas, a local government that received benefits in excess of $10,000 in each of the one-year periods beginning October 1, 2013 and October 1, 2014 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of 18 U.S.C. § 666(a)(2).

## Count Two
### Bribery Concerning a Local Government Receiving Federal Benefits
(Violation of 18 U.S.C. § 666(a)(2))

16. The Grand Jury hereby adopts, re-alleges and incorporates herein all allegations set forth in the Introduction of this indictment as if fully set forth herein.

17. On or about August 3, 2018, in the Dallas Division of the Northern District of Texas, defendant, **Ruel M. Hamilton**, corruptly offered to give and did give something of value to Council Person A in connection with a business, transaction, and series of transactions of the City of Dallas involving anything of value of $5,000 or more, with intent to influence and reward Council Person A, an agent of the City of Dallas, a local government that received benefits in excess of $10,000 in the one-year period beginning October 1, 2017 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of 18 U.S.C. § 666(a)(2).

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
MARCUS BUSCH
Assistant United States Attorney
Texas Bar No. 03493300
ANDREW O. WIRMANI
Assistant United States Attorney
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8642
Facsimile: 214-659-8809

**Indictment - Page 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

RUEL M. HAMILTON

INDICTMENT

18 U.S.C. § 666(a)(2)
Bribery Concerning a Local Government Receiving Federal Benefits

2 Counts

A true bill rendered

DALLAS                                                    FOREPERSON

Filed in open court this 21st day of February, 2019.

**No Warrant Needed**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending