IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> RUEL M. HAMILTON | No.   3:19-CR-083-M |

**GOVERNMENT'S RESPONSE TO HAMILTON'S MOTION TO EXCLUDE EVIDENCE UNDER THE CONFRONTATION CLAUSE AND TO DISMISS FOR LACK OF EVIDENCE & MOTION TO PRECLUDE HEARSAY STATEMENTS UNDER THE RULES OF EVIDENCE AND <u>TO DISMISS FOR LACK OF EVIDENCE</u>**

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Brian W. Portugal*

MARCUS BUSCH
Assistant United States Attorney
Texas Bar No. 03493300

Brian W. Portugal
Assistant United States Attorney
Texas Bar No. 24051202
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:   214.659.8600
brian.portugal@usdoj.gov

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... iii

GOVERNMENT'S RESPONSE TO HAMILTON'S MOTION TO EXCLUDE EVIDENCE UNDER THE CONFRONTATION CLAUSE AND TO DISMISS FOR LACK OF EVIDENCE & MOTION TO PRECLUDE HEARSAY STATEMENTS UNDER THE RULES OF EVIDENCE AND TO DISMISS FOR LACK OF EVIDENCE ................................................................................................. 1

1. Binding precedent forecloses Hamilton's argument for exclusion under the Confrontation Clause ................................................................................. 1

    A. Statements by one coconspirator to another in furtherance of the conspiracy are non-testimonial and are therefore outside the Confrontation Clause's core protection .............................................. 2

    B. The testimonial/non-testimonial dichotomy endures ......................... 3

2. Hamilton's alarm of complaints under the rules of evidence ring hollow .... 5

    A. Hamilton assumes that a potential government witness has no first-hand knowledge and then seeks exclusion based on his assumption ........................................................................................ 5

    B. There are no *Bruton* or statement-against-interest issues relating to non-testifying government witnesses ............................................... 6

    C. Coconspirator statements made in furtherance of a conspiracy are not hearsay under the rules of evidence ........................................... 7

        i. If the government meets its burden, coconspirator statements are fair game ............................................................................. 8

        ii. A pretrial hearing under *James* is not required and is not necessary ................................................................................. 9

3. As ultimate relief, Hamilton seeks an inappropriate remedy ...................... 11

CERTIFICATE OF SERVICE .............................................................................................. 12

# **TABLE OF AUTHORITIES**

**Federal Cases**                                                                                                          Page(s)

*Bruton v. United States*, 391 U.S. 123 (1968) ........................................................................ 6

*Crawford v. Washington*, 541 U.S. 36 (2004) ................................................................... 2, 7

*Giles v. California*, 554 U.S. 353 (2008) ...................................................................... 2, 3, 4

*Lilly v. Virginia*, 527 U.S. 116 (1999) .................................................................................. 7

*United States v. Ayarza-Garcia*, 819 F.2d 1043 (11th Cir. 1987) ...................................... 11

*United States v. Carroll*, No. 99-98, 2000 WL 45870 (E.D. La. Jan. 20, 2000) .................... 9

*United States v. Ebron*, 683 F.3d 105 (5th Cir. 2012) ........................................................... 7

*United States v. Fleifel*, 2014 WL 6633049 (N.D. Tex. Nov. 24, 2014) ............................... 9

*United States v. Fragoso*, 978 F.2d 896 (5th Cir. 1992) ....................................................... 9

*United States v. Gonzalez*, 700 F.2d 196 (5th Cir. 1983) ...................................................... 9

*United States v. Gurrola*, 898 F.3d 524 (5th Cir. 2018) ............................................... 3, 4, 5

*United States v. Hearns*, 2015 WL 13357610 (E.D. Tex. July 1, 2015) ............................... 9

*United States v. James*, 590 F.2d 575 (5th Cir. 1979) ..................................................... 9, 10

*United States v. Mann*, 517 F.2d 259 (5th Cir. 1975) ......................................................... 11

*United States v. Ocanas*, 628 F.2d 353 (5th Cir. 1980) ...................................................... 10

*United States v. Postal*, 589 F.2d 862 (5th Cir. 1979) ......................................................... 8

*United States v. Potashnik*, No. 3:07-CR-289-M, 2008 WL 5272807 ................................ 10

*United States v. Ricks*, 639 F.2d 1305 (5th Cir. 1981) ......................................................... 9

*United States v. Ricks*, No. 17-20-SDD-EWD, 2017 WL 2778347 .................................... 10

*United States v. Ritz*, 2007 WL 2329818 (E.D. Tex. Aug. 13, 2007) ................................... 9

**Federal Cases, continued**                                                                 **Page(s)**

*United States v. Ruiz*, 987 F.2d 243 (5th Cir. 1993).................................................... 8, 9, 10

*United States v. Santibanez*, 2015 WL 13446784 (E.D. Tex. Aug. 17, 2015)........................ 9

*United States v. West*, 58 F.3d 133 (5th Cir. 1995) ................................................................... 9

*United States v. Whitley*, 670 F.2d 617 (5th Cir. 1982) ............................................................. 9

*Williams v. Illinois*, 567 U.S. 50 (2012) .................................................................................... 4

*Williamson v. United States*, 512 U.S. 594 (1994)................................................................... 7

**Federal Statutes and Rules**

U.S. Const. amend. VI................................................................................................................ 1

Fed. R. Crim. P. 29 ................................................................................................................... 11

Fed. R. Evid. 104(a).................................................................................................................... 6

Fed. R. Evid. 801(d)(2)(E).......................................................................................................... 8

**GOVERNMENT'S RESPONSE TO HAMILTON'S MOTION TO EXCLUDE EVIDENCE UNDER THE CONFRONTATION CLAUSE AND TO DISMISS FOR LACK OF EVIDENCE & MOTION TO PRECLUDE HEARSAY STATEMENTS UNDER THE RULES OF EVIDENCE AND TO DISMISS FOR LACK OF EVIDENCE**

Defendant Ruel Hamilton has filed two related motions. In the first, he seeks exclusion of coconspirator statements under the Confrontation Clause of the Sixth Amendment (Dkt. 81). In the second, he seeks exclusion of evidence under the rules of evidence (Dkt. 80). Both motions then seek dismissal of the indictment for lack of evidence. The government opposes his motions because (i) his Confrontation Clause argument simply ignores settled law, (ii) his arguments based on the rules of evidence simply assume that the government's evidence will violate those rules, and (iii) even if the government's evidence were problematic, pretrial dismissal of the indictment is not the proper remedy.

**1.     Binding precedent forecloses Hamilton's argument for exclusion under the Confrontation Clause.**

The Sixth Amendment's Confrontation Clause requires in a criminal trial that the accused have the opportunity to confront witnesses. U.S. Const. amend. VI. In his motion, Hamilton challenges the ability of the government to introduce statements made by Dallas City Council Member Carolyn Davis to Jeremy Scroggins. (*See generally* Motion (Dkt. 81).) Davis and Scroggins both previously pleaded guilty to offenses related to the indictment. Davis pleaded guilty to conspiracy to commit bribery, and Scroggins pleaded guilty to misprision of a felony. Davis is now deceased. Hamilton contends that it would violate the Confrontation Clause for the Court to admit, as statements made by one

**Government's Response to Confrontation Clause and Hearsay Motions – Page 1**

coconspirator to another, statements made by Davis to Scroggins.  (*See generally* Motion (Dkt. 81).)  He is wrong.

> **A.    Statements by one coconspirator to another in furtherance of the conspiracy are non-testimonial and are therefore outside the Confrontation Clause's core protection.**

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court changed its prior approach to the Confrontation Clause.  *Crawford* divided evidence, for purposes of confrontation, into two categories: testimonial statements and non-testimonial statements.  *See id*. at 51-54.  Stated basically, testimonial statements are those "that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]"  *Id*. at 52.  Testimonial statements may not be admitted against the accused unless the witness is unavailable and the accused had a prior opportunity for cross examination.  *Id*. at 68.  As to non-testimonial statements, jurisdictions are allowed flexibility such that traditional hearsay rules are permissible.  *See id*.

Statements from one coconspirator to another in furtherance of the conspiracy fall on the non-testimonial side of *Crawford*'s dichotomy.  The reason is simple: no one would say that such statements were made with the purpose of later admitting them into evidence at a trial.  *See Giles v. California*, 554 U.S. 353, 374 n.6 (2008) (explaining that statements made from one coconspirator to another admitted under Federal Rule of Evidence 801(d)(2) would probably never be testimonial).

### B. The testimonial/non-testimonial dichotomy endures.

Hamilton tries to cast doubt on the continued viability of coconspirator testimony under the Confrontation Clause, but all he really offers is prognostication about future changes in the law and a conflation of coconspirator testimony with accomplice confessions. (*See generally* Motion.) First, Hamilton points to *Giles*, 554 U.S. at 358, for the proposition that the only exceptions to confrontation are "those exceptions established at the founding." (Motion at 1.) He then argues at length about what exceptions were established at the founding. (*See generally* Motion.) But *testimonial* statements were at issue in *Giles*. The defendant there was tried for the murder of his girlfriend, and the trial court admitted statements she made to a police officer investigating a domestic violence call three weeks earlier. 554 U.S. at 356-57. The Supreme Court considered whether Giles forfeited his rights under the Confrontation Clause by causing his girlfriend's unavailability. *Id*. at 358. The Supreme Court rejected the theory as "unheard of at the time of the founding or for 200 years thereafter." *Id*. at 377. As such, the Court held, admission of the girlfriend's testimonial statements violated the Confrontation Clause. *Id*. That holding, however, casts no doubt on the admission of coconspirator hearsay—not because the evidence fits within an exception but because it does not come within the Confrontation Clause's core protection. *Id.* at 374 n.6 (explaining that statements made from one coconspirator to another admitted under Federal Rule of Evidence 801(d)(2) would probably never be testimonial); *see also United States v. Gurrola*, 898 F.3d 524, 535 n.17 (5th Cir. 2018) ("The Confrontation Clause does not bar non-testimonial statements . . . [I]t is well-settled in this Circuit that co-conspirator statements are non-testimonial.") (citations omitted).

Second, Hamilton posits that "[a] majority of the Supreme Court still supports *Crawford*'s originalist approach, but that majority interprets the history differently." (Motion at 2 n.1.)  The upshot he offers is that Confrontation Clause jurisprudence is in flux and that "[r]ecent historical analysis supports reformulating *Crawford* to exclude more hearsay." (*Id*.)  It is noteworthy that the fracture he posits is not borne out by his assertion that Justice Thomas is "an originalist who does not accept Crawford's history" nor by *Williams v. Illinois*, 567 U.S. 50 (2012), which he cites.  (*Id*.)  Justice Thomas does explain his own thoughts about the importance of solemnity on the question of whether evidence is testimonial or non-testimonial, *see*, *e.g.*, *Giles* 554 U.S. at 377 (Thomas, J., concurring), but he joined the majority opinion in *Crawford*, which explained the testimonial/non-testimonial distinction as a concept.  And the disagreement among the justices in *Williams* was over an expert witness's testimony about lab testing.  567 U.S. at 50.  The majority upheld the admission over a Confrontation Clause complaint because it concluded that the statements were not testimonial because they were not offered to prove the truth of the matter asserted. *Id*. at 58.  Justice Thomas concurred, explaining his view that the evidence was not testimonial because it lacked the solemnity required for testimonial statements.  *Id*. at 103-04.  The dissenters, led by Justice Kagan, concluded that the statements were testimonial and offered for the truth and thus offended the Confrontation Clause. *Id*. at118- 41.  Thus, the fracture in *Williams* was over when expert witness statements are testimonial; there was no suggestion that coconspirator statements are in doubt.  Certainly, though Hamilton is convinced that the testimonial/non-testimonial distinction is wrong and that even at common

**Government's Response to Confrontation Clause and Hearsay Motions – Page 4**

law coconspirator statements would have been inadmissible, (Motion at 16-18), there is no doubt how the law stands today.  *See Gurrola*, 898 F.3d at 535 n.17.

**2.      Hamilton's alarm of complaints under the rules of evidence ring hollow.**

In his other motion, (Dkt. 80), Hamilton raises a number of challenges under the Rules of Evidence.  As with his motion based on the Confrontation Clause, his targets are statements of or about Carolyn Davis: "[i]t remains unclear how the government would attempt to prove that Mr. Hamilton engaged in *quid pro quo* bribery[.]"  (Motion (Dkt. 80) at 6.)  Most of those challenges, however, amount to nothing more than an insistence that the Court apply those rules and a plea for an unnecessary duplicative proceeding to get a peek at the government's trial presentation.

**A.      Hamilton assumes that a potential government witness has no first-hand knowledge and then seeks exclusion based on his assumption.**

Federal Rule of Evidence 602 generally limits the testimony of fact witnesses to information of which they have personal knowledge.  Hamilton suggests that it "appears" that "the government's case against Mr. Hamilton will seek to rely on Scroggins' naked assertion that he was 'aware' that Mr. Hamilton's donations were bribes paid to Davis to influence her official actions[.]"  (Motion at 8.)  He also asserts that "Scroggins could only have claimed to have learned about the supposed bribery scheme and Mr. Hamilton's intent second-hand from Davis."  (Motion at 10-11.)  Hamilton's trial, however, has not yet begun, so Hamilton has not seen the government's trial presentation.  If a government witness testifies to a matter about which Hamilton believes the witness lacks personal knowledge, he can object, and he can test the witness's testimony on cross-examination.  There is no reason

to exclude evidence pretrial on a mere *assumption* that it is infirm. As a prominent treatise explains:

> It is ultimately for the jury to determine under [Federal Rule of Evidence] 104(b) whether a witness satisfies the personal knowledge requirement of [Federal Rule of Evidence] 602. Under standard practices, the proponent establishes in the initial phase of the direct that the witness personally observed the acts or occurrences about which he is to testify. If objection is raised on this score, the question is for the jury to decide and the judge plays only the screening role envisioned by [Federal Rule of Evidence] 104(b): The witness may testify if enough evidence of knowledge is offered to enable a reasonable jury to conclude that he had it.

Mueller & Kirkpatrick, Evidence § 1.13 at 49 (3d ed. 2003); *cf*. Fed. R. Evid. 104(a), advisory committee's note (explaining balance between requirement of preliminary rulings on admissibility of evidence and admission of evidence for conditional relevancy and citing as example that personal knowledge vis-à-vis establishing a hearsay exception may require the court to hear the evidence before ruling).

  **B. There are no *Bruton* or statement-against-interest issues relating to non-testifying government witnesses.**

  Hamilton next raises the specter of issues arising from accomplice confessions under *Bruton v. United States*, 391 U.S. 123 (1968), (Motion at 11-12), presumably concerned that the government will try to introduce statements from Carolyn Davis's guilty plea, citing *Bruton* and its progeny. He also contends that such statements would not fall within the hearsay exception for a statement against interest under Federal Rule of Evidence 804(b)(3) because, he argues in essence, a hearsay exception cannot cure a *Bruton* problem because *Bruton* was based on the Confrontation Clause. (Motion at 12-14.) The government does

not intend to try to introduce the statements of non-testifying witnesses related to their guilty pleas in its case-in-chief.

Hamilton's motion can also be read to refer not to true confession testimony—that is, statements to law enforcement or before a court—but to inculpatory statements that a third party makes to another third part that are inculpatory and implicate the defendant. But if those statements otherwise meet the requirements of Rule 804(b)(3), they are admissible in this circuit against the defendant. *See United States v. Ebron*, 683 F.3d 105, 133-34 (5th Cir. 2012) (construing *Williamson v. United States*, 512 U.S. 594 (1994) and *Lilly v. Virginia*, 527 U.S. 116 (1999)). Those requirements are that:

> (1) the declarant must be unavailable; (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and (3) the statement must be corroborated by circumstances clearly indicating its trustworthiness.

*See id.* at 134. And the circumstance does not create a situation that Hamilton posits—a hearsay exception swallowing a confrontation rule—because the statement would not be testimonial. *See Crawford*, 541 U.S. at 52.

### C. Coconspirator statements made in furtherance of a conspiracy are not hearsay under the rules of evidence.

Hamilton contends that "[a]ny out-of-court statement by Davis incriminating Mr. Hamilton would be hearsay, not subject to any exception." (Motion at 12.) Specifically, he argues that the classification as non-hearsay of statements by a coconspirator in furtherance of the conspiracy under Federal Rule of Evidence 801(d)(2)(E) does not apply. (Motion at 12-17.) He explains that "there is no reason to believe that any statement from Davis to

Scroggins about Mr. Hamilton's knowledge of the alleged bribery scheme would have furthered the conspiracy." (Motion at 15.) Again, his supposition before he has even heard the government's trial presentation does not justify exclusion of evidence that might qualify under Rule 801(d)(2)(E).

### i. If the government meets its burden, coconspirator statements are fair game.

Rule 801(d)(2)(E) classifies as non-hearsay statements of a coconspirator made in furtherance of the conspiracy. Such statements are admissible when the court determines by a preponderance of the evidence that the government has proved a conspiracy, that the defendant against whom the statement is offered was a member of the conspiracy, and that the statements were made during the course of and in furtherance of the conspiracy. *See United States v. Ruiz*, 987 F.2d 243, 247 (5th Cir. 1993). Importantly, a conspiracy does not have to be charged for a court to make that finding. *See United States v. Postal*, 589 F.2d 862, 886 n.41 (5th Cir. 1979) ("While (this) rule refers to a coconspirator, it is this committee's understanding that the rule is meant to carry forward the universally accepted doctrine that a joint venturer is considered as a coconspirator for the purposes of this rule even though no conspiracy has been charged.") (quoting Fed. R. Evid. 801(d)(2)(E), advisory committee's note). Therefore, if the government proves the existence of a conspiracy between Davis, Hamilton, and Scroggins, statements made by Davis to Scroggins in furtherance of the conspiracy would be admissible against Hamilton.

> ii. **A pretrial hearing under *James* is not required and is not necessary.**

Finally, Hamilton argues that the government should be required to make an offer of proof at a pretrial hearing under *United States v. James*, 590 F.2d 575 (5th Cir. 1979). (Motion at 17 n.2.)  He also cites an opinion of this Court with a parenthetical that indicates that the Court in that case would hold a *James* hearing.  (*Id.*)

The Court should reject Hamilton's request.  The Fifth Circuit has repeatedly explained that *James* did not create a requirement for district courts to hold pretrial hearings to determine the existence of a conspiracy that would allow for evidence under Rule 801(d)(2)(E) and has affirmed denials of requests for such hearings.  *See United States v. West*, 58 F.3d 133, 142 (5th Cir. 1995); *United States v. Ruiz*, 987 F.2d 243, 246 (5th Cir. 1993); *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (citing *United States v. Gonzalez*, 700 F.2d 196, 203 (5th Cir. 1983); *United States v. Whitley*, 670 F.2d 617, 620 (5th Cir. 1982); *United States v. Ricks*, 639 F.2d 1305, 1310 (5th Cir. 1981)).  And district courts routinely and summarily deny requests for *James* hearings.  *E.g.*, *United States v. Santibanez*, No. 4:13-CR-266 (3), 2015 WL 13446784, at *1–2 (E.D. Tex. Aug. 17, 2015); *United States v. Hearns*, No. 4:13-CR-93 (2), 2015 WL 13357610, at *1-2 (E.D. Tex. July 1, 2015); *United States v. Fleifel*, No. 3:12-CR-318-D(3), 2014 WL 6633049, at *4 (N.D. Tex. Nov. 24, 2014); *United States v. Ritz*, No. 4:06CR276, 2007 WL 2329818, at *1 (E.D. Tex. Aug. 13, 2007); *United States v. Carroll*, No. 99-98, 2000 WL 45870, at *5 (E.D. La. Jan. 20, 2000).

*Ruiz*, moreover, endorsed the district court's practice of admitting a coconspirator statement subject to being connected up later during trial, eliminating the need for any pretrial determination altogether. *Ruiz*, 987 F.2d at 246; *see also United States v. Ocanas*, 628 F.2d 353, 359-60 (5th Cir. 1980). In fact, while pretrial hearings to determine the admissibility of a coconspirator's statement are often labeled "*James*" hearings after *United States v. James*, 590 F.2d 575 (5th Cir. 1979), the *James* court affirmed the district court's decision to *not* hold such a hearing. *See James*, 590 F.2d at 582–83.

Hamilton offers no good reason to saddle the Court with a burdensome, time consuming, and unnecessary pretrial hearing before trial, and the tenor of his pretrial motions provide at least an inference that he wants a pretrial evidentiary hearing so that he can have a preview of the government's trial presentation.[1] *See United States v. Ricks*, No. 17-20-SDD-EWD, 2017 WL 2778347, 2017 U.S. Dist. LEXIS 99120, at *1-4 (M.D. La. June 27, 2017) (considering the inefficiency of a *James* hearing and the effect of providing the defense a window into the government's case). His citation of this Court's opinion in *United States v. Potashnik*, No. 3:07-CR-289-M, 2008 WL 5272807, 2008 U.S. Dist. LEXIS 102299, at *93 (N.D. Tex. Dec. 17, 2008), adds nothing; all the Court said there was that *if* it conducted a *James* hearing, the defendant could object at that time. According to the docket sheet in that case, the Court did not conduct a pretrial hearing. If the Court sets a

---

[1] (Motion (Dkt. 80) at 6 ("It remains unclear how the government would attempt to prove that Mr. Hamilton engaged in *quid pro quo* bribery") at 12 ("The defense is left shadow-boxing here as it is unclear what evidence the government will seek to prove its claims.").)

**Government's Response to Confrontation Clause and Hearsay Motions – Page 10**

pretrial *James* hearing, it would provide a road map regarding the government's case that is not required by case law, statute, or rules of evidence.

### 3.     As ultimate relief, Hamilton seeks an inappropriate remedy.

As a remedy for all of his evidentiary arguments, Hamilton seeks dismissal of the indictment.  (*See generally* Motions (Dkt. 80 & 81.))  That is not an appropriate remedy. *See United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) ("There is no authority under Rule 12 . . . to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue.") (internal marks and citation omitted); *see also United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987) ("[A] pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue.") (following  *Mann*).  If the government cannot meet its evidentiary burden at trial to allow a rational juror to convict, a motion for judgment of acquittal would be the proper vehicle. *See* Fed. R. Crim. P. 29.

        Respectfully submitted,

        ERIN NEALY COX
        United States Attorney

        *s/ Brian W. Portugal*

        MARCUS BUSCH
        Assistant United States Attorney
        Texas Bar No. 03493300

        Brian W. Portugal
        Assistant United States Attorney
        Texas Bar No. 24051202
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242
        Telephone:   214.659.8600
        brian.portugal@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I certify that I filed this document with the Court's electronic filing system, which will automatically serve all counsel of record.

        *s/ Brian W. Portugal*
        Brian W. Portugal