IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RUEL M. HAMILTON | No.   3:19-CR-083-M |

### GOVERNMENT'S RESPONSE TO HAMILTON'S MOTION TO DISMISS DUE TO PRE-INDICTMENT DELAY

The Court should summarily deny Hamilton's motion to dismiss his indictment for pre-indictment delay.  (Dkt. No. 78 ("Motion").)  His claim fails because he cannot show, as he must, that the government intentionally delayed for a bad-faith purpose, such as to gain a tactical advantage in this case or to harass him.  His allegation—that the pre-indictment delay was motivated by the government's desire to "allow[] corrupt public officials to continue to commit crimes," (Motion at 10)—is not sufficient as a matter of law.  His failure to allege cognizable bad faith is fatal, so this Court should deny his motion on that basis alone.

Even if Hamilton had pled—and could show—bad faith (he has not and cannot), his request for pre-trial dismissal is fundamentally premature.  Hamilton must prove that the government's bad-faith delay caused him actual, substantial prejudice *at trial*.  Because defendants' pretrial attempts to prove prejudice at trial are almost always premature and speculative, such motions are carried with the case.  The Court need not

1

do so here, however, because Hamilton has failed to plead the requisite bad faith. For these reasons, fully explained below, the Court should deny his motion outright.

## BACKGROUND

Hamilton engaged in a multi-year scheme to bribe two elected officials to further his business interests and political objectives. (*See generally* Dkt. No. 1.) Hamilton repeatedly bribed Dallas City Council Member Carolyn Davis from approximately November 2013 to June 2015. Hamilton's bribery schemes were complex. (*See* Dkt. No. 58 at 2 (Scroggins's Factual Resume).) At times, he used an intermediary, Jeremy Scroggins, to hide his unlawful activities from law enforcement. (*See* Dkt. No. 58 at 2-3.) Other times, Hamilton bribed Davis directly. On four occasions in 2015, Hamilton paid Davis in cash. (See Dkt. No. 10 at 3.)

And Hamilton's bribery extended beyond official actions performed or requested on his behalf at Dallas City Hall. He also demanded that Davis lobby for one of his projects before the Texas Department of Community and Housing Affairs (TDHCA) in Austin, and even mentioned the possibility of Dallas City Council Member Dwaine Caraway also lobbying on his behalf, stating that he would be "disappointed" if his project was not favorably considered by the State agency for tax credits. Davis agreed to lobby the TDCHA for Hamilton in her official capacity. (Dkt. No. 10 at 5.) In addition to the checks and cash, Davis was also motivated by Hamilton's promise to employ her after she left the City Council in June 2015. (Dkt. No. 10 at 4.)

In August 2018, Hamilton continued his scheme when he bribed Caraway directly. (*See* Dkt. No. 1 at 7.) A grand jury returned a sealed indictment charging Hamilton's

complex bribery schemes just over six months later. (*Id.*)  Hamilton now seeks to dismiss his indictment, complaining that the government's delay in bringing it violated his rights to due process.  (*See* Motion.)

## ARGUMENT AND AUTHORITIES

### Pre-Indictment Delay

The statute of limitations provides the primary guarantee against overly-stale criminal charges.  *United States v. Lovasco*, 431 U.S. 783, 789 (1977).  The Due Process Clause—under which Hamilton brings this motion—has but "a limited role to play in protecting against oppressive delay."  *Id.*  That role "does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment."  *Id.* at 790.

To prove a violation of due process, the defendant must show (1) that the government delayed bringing the indictment to gain a "tactical advantage over the accused" or for "some other bad faith purpose," and (2) that the delay caused "actual, substantial" prejudice at trial.  *United States v. Crouch*, 84 F.3d 1497, 1523 (5th Cir. 1996) (en banc).  The defendant bears the burden to make both showings.  *See United States v. Avants*, 367 F.3d 433, 441 (5th Cir. 2004).  The Court need not address both prongs where the defendant cannot succeed on one of them.  *See, e.g.*, *id.* at 442 (declining to address prejudice where the defendant could not show bad faith).

**1.    Hamilton has failed to allege intentional bad faith towards him.**

Hamilton's motion should be summarily denied because he has failed to allege— let alone show—that the government delayed his indictment intentionally, acting in bad

3

faith to gain a tactical advantage over him or to harass him.  The Fifth Circuit has made clear that the delay "must have been intentionally undertaken by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other impermissible, bad faith purpose" such as to "harass" the defendant.  *Crouch*, 84 F.3d at 1514.

Hamilton makes no such allegation.  He does not urge that the government delayed as a matter of strategy in this case, nor does he allege the government intended to harass him.  (*Cf.* Motion at 8-10.)  Instead, Hamilton claims:

> The government delayed its prosecution in this case so that it could leave corrupt public officials in power, depriving the people of Dallas of honest elected officials, so that it could incite those corrupt officials to go on some kind of crime spree and see who would succumb to their requests for money, often solicited on the basis of extreme medical need.

(Motion at 10.)  Hamilton's theory—that the government "intentionally chose not to prevent crime" and thus "betray[ed]" its obligation to faithfully execute the laws of the United States (Motion at 8, 10)—is not a cognizable basis for pre-indictment dismissal.  *Cf. Crouch*, 84 F.3d at 1513 (rejecting the suggestion of a due-process violation where the government "did not deliberately seek to prejudice the party ultimately accused"); *see also Avants*, 367 F.3d at 441 (upholding the district court's finding that the government did not delay to gain a tactical advantage over Avants and so rejecting his due-process claim).[1]  Hamilton's failure to allege a cognizable claim of intentional bad faith in his

---

[1] Hamilton's theory is also at odds with his allegation that he and Davis did nothing wrong.  (*Compare* (Motion at 7 ("[Davis] would testify that [Hamilton] had not bribed her and that he is a good man, who wrote checks to Hip Hop Government to support [charity] for Dallas school children."), *with* Motion at 9 ("With respect to Davis, the government had completed a sting operation that had snagged her" but "the government let her stay on the Dallas City Council, where people with city-related business, including

4

criminal proceeding is fatal to his claim of a due-process violation. This Court should deny his motion on that basis alone. *See, e.g.*, *Avants*, 367 F.3d at 442 ("[B]ecause Avants cannot satisfy the bad faith prong, we need not address the second (prejudice).").

Hamilton's theory about the government's motivation is more than beside the point—it is wrong. Due process is not offended when the government's delay is "for the purpose of investigation" or "discovering all the participants in a conspiracy so they could be tried together." *United States v. Irizarry-Colon*, 848 F.3d 61, 71 (1st Cir. 2017). The government investigated Hamilton's involvement with Carolyn Davis, Jeremy Scroggins, and Dwaine Caraway diligently. This investigation was complex because Hamilton's crimes were complex—he bribed two elected officials, in one instance using an intermediary, all while attempting to hide his unlawful conduct from the view of the public and law enforcement. (*See, e.g.*, Dkt. No. 58 at 3 ("At the direction of Davis, and in order to disguise and conceal the bribe payments, Hamilton wrote checks payable to Scroggins individually, or to a non-for-profit company named Hip Hop Government which was owned by Scroggins.").)

And the government's delay in bringing this indictment was due largely to identifying all of the people—including, and in addition to, Hamilton—who may have participated in bribery schemes involving Davis. The Supreme Court has held that an accused does not suffer a violation of due process when the government's delay in bringing charges is due to its "efforts to identify persons in addition to [the defendant]

---

[Hamilton], would have to deal with her.").)

5

who may have participated in the offense." *Lovasco*, 431 U.S. at 796. Because Hamilton has failed to carry his burden to show bad faith, this Court should deny this motion outright. *See United States v. Seale*, 600 F.3d 473, 480 (5th Cir. 2010) ("Since the defendant bears the burden to show both the Government's bad faith and prejudice to the defendant in order to establish a due process violation based on undue delay, it is not necessary to inquire whether the prosecution's delay caused actual, substantial prejudice to Seale's defense.").

## 2. In any event, Hamilton's claim of actual, substantial prejudice at trial is premature.

Even if Hamilton had carried his heavy burden to prove bad faith, his request for dismissal must be denied because he cannot make the second, required showing—trial prejudice that is "actual" and "substantial." *Crouch*, 84 F.3d at 1515. The en-banc decision in *Crouch* makes plain the difficulty of meeting this demanding standard. *Id.* Hamilton must show prejudice *at trial* that is substantial and actual, rather than presumed, potential, or speculative. *Id.* And, because the defendant must show prejudice at trial, pre-trial dismissal "will rarely (if ever) be appropriate." *Id.* at 1523. Therefore, even where the defendant has shown an intentional, bad-faith delay, his motion to dismiss should be carried with the case "in all but the very clearest and most compelling cases" so that the court can measure the pre-trial prejudice alleged against "what actually transpire[s] at trial." *Id.*

This case is not the rare exception. Without hearing Hamilton's trial theory, arguments, and proffered evidence (which this Court may or may not admit at trial), the

Court has no context to determine if Hamilton was prejudiced at all—let alone whether the prejudice was "actual" and "substantial." At most, the Court should follow the Fifth's Circuit's clear instruction to carry this motion with the case. *Crouch*, 84 F.3d at 1523.

And the Court should reject Hamilton's invitation to ignore the Fifth Circuit's rule and dismiss his indictment outright. (Motion at 7-8, 10.) Hamilton claims that the evidence he has "lost" is "overwhelming" (Motion at 7), but his claims of prejudice are necessarily speculative. His characterizations, moreover, are belied by his own pleadings. He relies on information—Ms. Davis's alleged recantations and Regina Turner's purported efforts to compile exonerating documentation, (Motion at 7-8)—that he has clearly obtained from other sources. (*See* Dkt. Nos. 77-1 at 2, 77-2 at 3-4.) Hamilton cannot "establish prejudice based on lost witnesses or documents" unless he shows "that the information *could not be obtained from other sources*." *Crouch*, 84 F.3d at 1515 (cleaned up, internal quotation omitted, and emphasis added). Although Hamilton's evidence may ultimately prove inadmissible at trial, he cannot show that he was substantially prejudiced at this stage of the proceedings. Therefore, even if this Court were "inclined to grant" Hamilton's motion, it "should nevertheless [] withhold doing so until after verdict, when the assessment of actual, substantial trial prejudice can more accurately be made." *Id.* at 1523.

## **CONCLUSION**

Hamilton's motion fails because he has not alleged the intentional, bad-faith necessary to support it. This Court should summarily deny his motion.

        Respectfully submitted,

        Erin Nealy Cox
        United States Attorney

        *s/ Jonathan Bradshaw*
        MARCUS BUSCH
        Assistant United States Attorney
        Texas Bar No. 03493300
        Jonathan Bradshaw
        Assistant United States Attorney
        Colorado Bar No. 43838
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242
        Telephone: (214) 659-8600
        jonathan.bradshaw@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on October 10, 2019, I filed this document via the Court's ECF system that will provide notice to all attorneys of record.

        *s/ Jonathan Bradshaw*
        Jonathan Bradshaw
        Assistant United States Attorney