IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19-CR-083-M |
| RUEL M. HAMILTON | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR JURY SELECTION PROCESS

The government files this response to defendant's "Motion for a Jury Selection Process that Minimizes Bias." (Dkt. 105)  The defendant's motion presumes that the Court, employing routine jury selection processes, will be unable to ensure the selection of a fair and impartial jury in this relatively simple yet high-profile case.  The government disagrees.

### INTRODUCTION

In support of the defendant's motion, the defendant asserts that potential jurors may be aware of the pretrial publicity about this case, including references to prior corruption cases involving public officials at City Hall; may be Republicans sitting in judgment of elected Democrats; and may be racially biased because the two public officials, Carolyn Davis and Dwaine Caraway, who are "accused of crimes" and are "Black." (Dkt. 105 at 1-2.)  While the government recognizes that pretrial publicity is a factor that should be explored generally, the government is unconvinced that the political affiliation and race of Davis, who pled guilty to accepting bribes from Hamilton as alleged in Count 1 (Dkt. 8) and Caraway, who pled guilty to taking bribes in an unrelated

Government's Response to Defendant's Motion for Jury Selection Process – Page 1

case (3:18-CR-409-M; Dkt. 4.) are factors that a potential juror would consider in deciding the defendant's guilt whose political affiliation and race he ignores in his motion.

## ARGUMENT

1. **"Fresh Venire"**

The government does not understand the defendant's concern about a "fresh venire" in this jurisdiction. It is the government's understanding that potential jurors, once summoned to the courthouse, serve for one day or one jury and are not subjected to multiple voir dire examinations. Regardless, the government defers to the Court's and District Clerk's general practice in the selection of the venire.

2. **Excused Absences**

The government understands the Court's general practice regarding excused absences, with the exception of the matters the Court leaves to the discretion of the District Clerk, to be done with the input of the parties. Accordingly, the government defers to the Court's general practice.

3. **Written Questionnaire**

The government agrees that a questionnaire would be appropriate in this case and intends to submit proposed questions to the Court on or before December 23, 2019, pursuant to the Court's scheduling order.

4. **Bifurcated Questioning of the Venire**

The government is opposed to the defendant's request for a bifurcated voir dire process. The defendant requests, first, after completion of the questionnaire, a "limited in-

court questioning regarding areas identified as concerns in the questionnaire," and "then a final more general voir dire for those remaining." (Dkt. 105 at 5.) This process is not only unduly cumbersome, it ignores the informative value of the Court's general voir dire which will likely address most if not all areas of concern identified in the questionnaires. To the extent matters exist that may be sensitive to any potential jurors, those are normally addressed in private at the conclusion of the general remarks by the Court and counsel.

The defendant cites no controlling authority for the bifurcated process he proposes and the government sees no reason for the Court to deviate from its general practice.

**5.     Alternate Jurors**

The government defers to the Court's general practice whether to inform the alternate jurors of their particular status.

**5.     Peremptory Challenges**

The Federal Rules of Criminal Procedure provide, in a multiple-defendant case, where punishment for an offense is by imprisonment for more than one year, that the "district court may allow the defendants additional peremptory challenges" and permit them to be exercised "separately or jointly." Fed. Rule Crim. Proc. 24(b); *see United States v. Martinez-Salazar*, 528 U.S. 304, 312 (2000); *Estes v. United States*, 335 F.2d 609 (5th Cir. 1964). There is no constitutional right to a particular number of defense peremptory challenges in a criminal case, certainly no more than the ten allowed by Rule 24, so long as the defendant receives a trial by an impartial jury. *See Watson v. Camp*,

848 F.2d 89, 92 (7th Cir.), *cert. denied*, 488 U.S. 863, 109 S. Ct. 164, 102 L. Ed. 2d 134 (1988) (*citing Swain v. Alabama*, 380 U.S. 202, 219 (1965)).

In this case there is only one defendant and he fails to show that he cannot receive a trial by an impartial jury by using the ten peremptory challenges he is allowed. Moreover, the government is not aware of any case in the Fifth Circuit where a court granted additional peremptory challenges in a single defendant case before voir dire. In fact, the defendant cites only one case wherein the court granted more than 10 peremptory challenges to a single defendant but fails to advise the Court that it was a federal death penalty case and that Federal Rule of Criminal Procedure 24(b)(1) expressly provides that both sides have 20 challenges. *United States v. Barnette*, 644 F.3d 192, at 198 (4th Cir. 2011). The defendant's argument that the pretrial publicity and political affiliation and race of the public officials somehow requires additional challenges in this case is unsupported and unconvincing. In short, the defendant's assertions do not appear to clearly establish the need for additional peremptory challenges. So the Court should deny his request.

If, however, the Court should grant additional peremptory challenges to the defense, then the government requests an additional proportionate share of peremptory challenges. Finally, the government is opposed to the defendant's request for alternating peremptory challenges.

## CONCLUSION

The defendant's request for a particularized jury process beyond the Court's general practice and the current scheduling order is unwarranted. Moreover, the

government does not believe that the defendant has established the need for the addition of peremptory challenges.  If, however, the Court determines that some additional peremptory challenges are appropriate for the defendant, the government requests a proportionate number of additional peremptory challenges accordingly.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

/s/ *Marcus Busch*
Marcus Busch
Assistant United States Attorney
Texas Bar No. 03493300
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8642
Facsimile: 214.659.8803

CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing to accept this Notice as service of this document.

/s/ *Marcus Busch*
Marcus Busch
Assistant United States Attorney