#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF TEXAS
#### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | NO. 3:19-CR-0083-M |
| RUEL M. HAMILTON | § | |
| | § | |

### **ORDER**

Before the Court is the Motion to Strike Surplusage (ECF No. 163), filed by Defendant Ruel Hamilton. The Motion is GRANTED IN PART.

Federal Rule of Criminal Procedure 7(d) allows the Court to strike surplusage from an indictment only if the language is "irrelevant, inflammatory, *and* prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) (emphasis added). This standard is an "exacting" one that is rarely met. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971) (quoting C. Wright, 1 Federal Practice and Procedure § 127, at 278). "The decision to strike surplusage lies within the discretion of the district court . . . ." *United States v. Markham*, Case No. 3:12-cr-159-D(3), 2013 WL 705113, at *6 (N.D. Tex. Feb. 27, 2013).

The "reward" language and "other things of value" language to which Hamilton objects track the statute that Hamilton is charged with violating. *See* 18 U.S.C. § 666(a)(2). This Court need not wade into whether Section 666 criminalizes gratuities at this point, and this Court takes no position on that question. The authorities on which Hamilton relies deal with the inclusion of "reward" in jury instructions, not an indictment. To the extent that the indictment's use of "reward" or "other things of value" causes any confusion, it can be resolved with jury instructions. *See, e.g.*, *United States v. Simpson*, Case No. 3:09-cr-249-D(06), 2011 WL 2880885,

at *15 (N.D. Tex. July 15, 2011) (denying motion to strike surplusage on the ground that a jury instruction describing what the government must prove "adequately addresses any potential prejudice"); *United States v. Miller*, Case No. 07-50032-01, 2007 U.S. Dist. LEXIS 69038, at *3 (W.D. La. Sept. 18, 2007) ("Defendant can eliminate any prejudice by requesting an appropriately worded jury instruction that sets forth all of the elements necessary for the jury to find a violation of [the charged crime].").

The portion of the Motion directed at language in the Introduction is granted in part. The references to potential criminal conduct between June 2015 and August 2018 should be struck. Paragraph 2 alleges a "scheme" from "in or around November 2013 to in around August 2018," and paragraph 6 refers to one-year periods beginning each October from 2013 through 2017. The actual conduct for which Hamilton is charged, however, occurred from approximately June 2013 to April 2015 (Counts 1 and 2), and in August 2018 (Counts 3 and 4). The Introduction's references to time periods during which the Government does not allege criminal conduct is irrelevant and arguably could prejudice Hamilton by implying uncharged crimes. The Court therefore will strike the first clause of paragraph 2 ("From in or around November 2013 to in or around August 2018"), and the portion of paragraph 6 reading "October 1, 2015, October 1, 2016." The Court rejects the remainder of Hamilton's objections to the introductory language. While Hamilton may disagree with the indictment's characterization of his actions or the choice of words, the language is relevant to the charged offenses and is not inflammatory or prejudicial.

The remainder of Hamilton's Motion is denied. Hamilton objects to various factual allegations, including descriptions of campaign contribution checks he provided to Davis, Davis's actions, and other allegedly "extraneous acts." "[T]he court will not strike allegations that are relevant, no matter how prejudicial or inflammatory they may be to the defendant. In other

words, allegations must be both irrelevant *and* prejudicial to be stricken." *Simpson*, 2011 WL 2880885, at *11. The indictment's factual allegations are relevant. The Government claims, for example, that the campaign contribution checks are some of the "[]thing[s] of value," 18 U.S.C. § 666(a)(2), that Hamilton provided to Davis.[1] *See* ECF No. 177, at 4. Similarly, Davis's actions allegedly were in furtherance of the conspiracy charged in Count 1, or at least make the existence of that conspiracy more likely. While Hamilton argues that some of Davis's alleged "official acts" are not "official acts" at all, even the primary authority on which Hamilton relies acknowledges:

> If an official sets up a meeting, hosts an event, or makes a phone call on a question or matter that is or could be pending before another official, that could serve as evidence of an agreement to take an official act. A jury could conclude, for example, that the official was attempting to pressure or advise another official on a pending matter. And if the official agreed to exert that pressure or give that advice in exchange for a thing of value, that would be illegal.

*McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016).[2] That is precisely what the Government alleges here. The allegations contained in the indictment therefore are relevant.

Finally, even if any of these allegations were not relevant, Hamilton has not carried his burden of proving the allegations are so "inflammatory" and "prejudicial" that they must be struck. Moreover, even if there were prejudice, it could be cured by an appropriate jury instruction. *See supra*.

For the foregoing reasons, the Motion to Strike Surplusage is GRANTED IN PART.

---

[1] Whether campaign contributions can constitute bribery is the subject of a separate motion to dismiss and will be dealt with in a separate order.

[2] *McDonnell* involved the definition of "official action" in 18 U.S.C. § 201(a)(3), not the statutory language in 18 U.S.C. § 666(a)(2).

**SO ORDERED**.

May 12, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE