IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **Filed Under Seal** |
| v. | CRIMINAL NO. 3:19-CR-083-M |
| RUEL M. HAMILTON | |

**GOVERNMENT'S REPLY TO ITS SEALED MOTION TO REVOKE OR MODIFY THE DEFENDANT'S CONDITIONS OF PRETRIAL RELEASE**

The government files this reply to the defense's position on revocation and states as follows:

Yesterday the defense sent an email to the Court's coordinator ostensibly to ask a question about logistics. The issue raised by counsel—whether he and his client were required to appear in person or could appear by video—could have been asked in two sentences. Instead of taking this appropriate tact, the defense used the opportunity to send an almost 500-word email to the Court's coordinator addressing the merits of the government's position on revocation and directing the coordinator to "forward this to Judge Toliver." The defense's email is an inappropriate and ineffective attempt to take a second bite at the apple. But more importantly, it raises substantive arguments concerning the defendant's revocation that are—absent this response from the government—outside the record in the case. Accordingly, the government addresses the merits of the defendant's position—or, more appropriately, lack thereof—below.

Initially, the defense attempts to make it appear as if the government believes that the defendant's violations are unserious, noting that, in the alternative to revocation,

the government requests that the Court admonish the defendant and modify his conditions.  But, to be clear, the government is seeking revocation based on the defendant's gross and repeated violations of his conditions of release.  Indeed, after agreeing that he would not contact potential witnesses under any circumstances, the defendant did everything within his power to obstruct the government's access to a key witness, Leslie Martin, including by telling her that FBI agents were storm troopers and liars, that they would treat her like the mob, that the government would indict her for crimes she did not commit, and even the defendant's own lawyer, Abbe Lowell, would tell her not to cooperate.  In the government's view, the Court's admonishment of the defendant and modification of his conditions of release for this conduct are an alternative, but wholly insufficient response to the defendant's brazen flouting of the Court's order.

      Next, the defense suggests that the defendant might not have even known that Leslie Martin, a former employee of the defendant's company, AmeriSouth, was a potential witness in this case.  But, as the government noted in its motion, it provided the defense with the names of its potential witnesses, including Martin, long before the defendant contacted her, and it superseded the indictment—again, before the defendant contacted Martin—with allegations that made plain she was a witness.  More importantly, the defendant himself was hiring counsel for AmeriSouth employees as early November, which plainly shows that he knew that individuals such as Martin were potential witnesses against him.

      Finally, the defendant suggests that his violations—as blatant as they are—should be excused because the government did not file its revocation motion until July.  But the

Reply – Page 2

defendant's own motion—which notes that the government recently put several AmeriSouth employees in the grand jury to further investigate the defendant's obstructive behavior—plainly explains the delay, and the Court is fully aware of the government's rationale.[1]

## CONCLUSION

For these reasons, and those in the government's motion, the Court should revoke the defendant's conditions of pretrial release and order him detained pending trial.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

/s/ *Andrew Wirmani*
Andrew O. Wirmani
Assistant United States Attorney
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8681
Facsimile: 214.767.4100

---

[1] The defendant's response also misleads the Court by suggesting that the defendant provided Martin with several distributions in the last 17 years, contrary to the facts stated in the government's motion. But what Martin received in this period were actually equity payments that the defendant was contractually obligated to pay her, and all other investors, when a property that she invested in sold. What the defendant promised Martin to assist in paying for her child's college—and what she did not receive for a 17-year period until about a month after government agents approached the defendant at his business and told him they knew he had paid bribes to former Dallas City Council Member Carolyn Davis—were distributions on income the properties produced when held.

**Reply – Page 3**

CERTIFICATE OF SERVICE

I hereby certify that on **July 15, 2020**, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing to accept this Notice as service of this document.

/s/ Andrew Wirmani
Andrew O. Wirmani
Assistant United States Attorney