FILED
July 17, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CRIMINAL CASE NO. 3:19-CR-83-M |
| § | |
| RUEL M. HAMILTON (01) § | |

**ORDER REVOKING PRETRIAL RELEASE**

On this day, the Court considered whether to revoke its March 1, 2019 *Order Setting Conditions of Release*, Doc. 15, based on the allegations contained in the *Government's Sealed Motion to Revoke or Modify the Defendant's Conditions of Pretrial Release*, Doc. 227. The Government appeared by and through Assistant United States Attorneys Andrew Wirmani, Tiffany Eggers and Chad Meacham, and announced ready. Defendant appeared in person and through his attorneys of record, Abbe Lowell[1] and Dion Robbins, and by attorney Thomas Melsheimer[2], and likewise announced ready.

Upon consideration of the proffers and evidence offered, the argument of counsel and the oral report of the Pretrial Services Officer, and for the reasons stated on the record at the hearing, the Court makes the following findings pursuant to 18 U.S.C. § 3148:

The Court finds by clear and convincing evidence that Defendant—who is charged by indictment, Doc. 139, with Bribery, in violation of 18 U.S.C. § 666(a)(2), Conspiracy to Commit Bribery, in violation of 18 U.S.C. § 371, and Use of an Interstate Facility to Commit a Travel Act Violation, in violation of 18 U.S.C. § 1952(a)(3)—violated pretrial release Condition (7)(g),

---

[1] Mr. Lowell appeared via video teleconference.
[2] Although Mr. Melsheimer has not yet entered his appearance as attorney of record in the case, he is a partner of the law firm for which Mr. Robbins is an associate and appeared with the Court's implicit permission.

requiring that he "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including any co-defendants or co-conspirators."  Doc. 15 at 2.

Based on the foregoing, the factors outlined in 18 U.S.C. § 3142(g), the egregious nature of the violations, and the lack of any more effective conditions under the circumstances presented, the Court finds that (1) there is no condition or combination of conditions the Court could impose that would reasonably assure the safety of the community or another person, and (2) Defendant is unlikely to abide by any condition or combination of conditions of release the Court could impose.  *See* 18 U.S.C. § 3148(b)(2)(B).  Accordingly, Defendant's order of pretrial release is **REVOKED**.

It is **ORDERED** that Defendant is committed to the custody of the Attorney General and United States Marshal.

It is **ORDERED** that while in the custody of the Attorney General and the United States Marshal, Defendant be confined in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal.

It is **ORDERED** that Defendant, while being so held, be afforded a reasonable opportunity for private consultation with counsel.

It is **ORDERED** that, on an order of a court of the United States, or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for appearances relating to court proceedings in the Northern District of Texas.

On motion of Defendant, this Order is **STAYED** for 14 days from the filing of this Order to permit Defendant to take an appeal to the district judge and for the time thereafter that said appeal is pending before the district judge.

**SIGNED** July 17, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE