IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case Number: 3:19-CR-00083-M |
| | § | |
| RUEL M HAMILTON (01), | § | |
| | § | |
| Defendant. | § | |
| | § | |

## TRIAL SETTING ORDER

This case is set for Jury Trial on **November 2, 2020 at 9:00 a.m.**, and a Pretrial Conference is set for **October 21, 2020 at 9:00 a.m.**, to be held prior to the commencement of trial.[1] This case will begin with jury selection, followed by trial at a place to be determined.

**Motions for Continuance:** Any motions for continuance must be filed by **October 19, 2020** and reflect a meaningful conference between the parties regarding whether the motion is opposed. **If the defendant files for a continuance of the trial date, he and his counsel must sign and file with the Court a document entitled "Acknowledgment" which must state that the defendant understands he will not be going to trial within the speedy trial deadline. A sample acknowledgment can be provided to the parties by the Court Coordinator upon request.**

Requested voir dire questions, proposed jury instructions (both e-filed and emailed in "Word" format to the email address lynn_orders@txnd.uscourts.gov), witness lists (with witnesses designated as "custodial", "expert", or "fact", as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **October 26, 2020**. The list of exhibits shall describe the documents or items

---

[1] The deadlines for filing pretrial motions, designating experts, and filing objections to experts previously lapsed.

in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list.  In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits and a copy of them on electronic media with opposing counsel and shall **deliver a set of exhibits in both formats to the Court's chambers** (except large or voluminous items that cannot be easily reproduced).  Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of the case, case number, name of the party, and volume number of the binder.  **Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C)**.  A copy of the exhibit list must be furnished to the court reporter **prior** to trial.  Counsel for the parties shall be prepared to submit to the jury, to accompany all exhibits that have been admitted, an index of such exhibits, with neutral descriptions of the exhibits, including where possible the author and date of each.  During trial, witnesses are to be called by their last, not first, names.

Except for testifying defendants or unless agreed otherwise, Judge Lynn enforces the rule of limited cross examination at trial.  Redirects and recrosses are limited to the subject of the immediately preceding examination**.  Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case**.  If the parties have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in the jury room. All exhibits shall also be submitted to the Court Coordinator on electronic media, at the conclusion of the trial.

If the government intends to call as witnesses persons who are under indictment but who have not been found guilty by the District Court where the indictment is pending, or if the government reasonably believes that it or any defendant will ask questions of those witnesses, the answer to which may tend to incriminate the witness, and immunity has not been extended, the Assistant United States Attorneys trying the case shall advise the Court of that fact when first designating those witnesses on the government's witness list or amended witness list.  The Assistant United States Attorney trying the case shall similarly advise the Court within five business days of first seeing the name of such a witness on any defendant's witness list or amended witness list.

All counsel are directed to advise the Court at least four (4) business days before trial, if a plea agreement has been reached.  If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done, counsel are to furnish an executed copy to the Court at least three (3) days before trial.

Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money.  To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.

IT IS FURTHER ORDERED that the Court will use the same special jury pool for the continued trial date.  The Court will send a supplemental questionnaire to the jury pool with the new trial date.

**SO ORDERED**.

July 20, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE