IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:19-CR-083-M-1 |
| v. | **UNDER SEAL**[1] |
| RUEL M. HAMILTON | |

## GOVERNMENT'S MOTION TO UNSEAL DOCUMENTS (OPPOSED)

The United States of America (the government) respectfully files this opposed Motion to Unseal Documents previously filed in this case, that is, the documents filed at Dkt. 227 through Dkt. 232 related to revocation of the defendant's conditions of pretrial release. The defendant opposes the government's motion.

1.      On July 9, 2020, the government filed a "Motion to Revoke or Modify the Defendant's Conditions of Pretrial Release" and requested that the Court set a hearing and issue a summons for the defendant's appearance. ("Motion to Revoke Pretrial Release"). (Dkt. 227). The Court's Second Amended Special Order 19-1 precludes public access to, among other things, unexecuted summons. Accordingly, out of an abundance of caution, and because an unsealed request for a summons alerts the public to the forthcoming summons itself, the government filed its motion under seal.

---

[1]   Based upon the posture of the underlying documents which are the subject of this motion, the government does not believe this motion should be filed under seal. However, because the defendant opposes this Motion to Unseal, the government is filing it Under Seal with the Court.

**Opposed Motion to Unseal Documents – Page 1**

2.      On July 9, 2020, a sealed Order Referring the Motion to Revoke Pretrial Release was entered by the Court referring the matter to U.S. Magistrate Judge Renée Toliver.  (Dkt. 228).

3.      On July 10, 2020, the defendant filed a "Response to the Prosecution's Motion to Revoke or Modify Conditions of Pretrial Release."  (Dkt. 229).  The defendant's response was filed under seal.   Also, on July 10, 2020, a sealed Order scheduling a hearing on the government's Motion to Revoke Pretrial Release was entered by Judge Toliver, and a sealed summons was issued for the defendant to appear.  (Dkts. 230 & 231).

4.      On July 15, 2020, the government filed a "Reply to its Sealed Motion to Revoke or Modify the Defendant's Conditions of Pretrial Release."  (Dkts. 232).

5.      On July 17, 2020, a hearing was held in open court on the government's Motion to Revoke Pretrial Release.[2]  (Dkt. 233 & 235).  At the conclusion of the parties' presentations, the Court notified the parties that it was revoking the defendant's pre-trial release.  Following the Court's announcement, the defendant requested a stay so that he could appeal the Court's Order to this Court.  (Dkt. 233).   Judge Toliver granted the defendant's request, and ordered that her Order Revoking Pretrial Release would be stayed for fourteen days to permit the defendant to "take an appeal to the district judge and for the time thereafter that said appeal is pending before the district judge."  (Dkt.

---

[2]   Through accidental oversight, this request to unseal the documents was not made orally at the outset of the open court hearing on Friday, July 17, 2020.

**Opposed Motion to Unseal Documents – Page 2**

234).  Like the public nature of the proceedings that took place in Court, the Court's written revocation order is not sealed and is instead fully accessible to the public.  (*Id*.)

6.      It is no longer necessary or appropriate for the aforementioned documents to be sealed from public viewing.  That is, neither this Court's Special Order 19-1, the Constitution, nor the public's right of access to judicial records supports continued sealing of Dkt. 227 through Dkt. 232 and this motion.  As referenced above, the defendant appeared pursuant to the Summons issued by Judge Toliver; a hearing was held in court that was open to the public;[3] and Judge Toliver's unsealed written Order has been filed.  Accordingly, the sole basis for the government's original, sealed filing—to preclude public knowledge of a forthcoming unexecuted summons consistent with the District's Standing Order—is moot.

7.      At the same time, the public's interest in access to these documents is compelling.  The Court must exercise a "strong presumption" in favor of unsealing documents.  *U.S. v. Holy Land Foundation For Relief and Development,* 624 F.3d 685, 690 (5th Cir. 2010) (reversing court order sealing records); *see also S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993) (reversing district court's decision to seal court records, recognizing that "although the common law right of access to judicial records is not absolute, the district court's discretion to seal the record of judicial proceedings is to be exercised charily").  "The principle of public access to judicial

---

[3] To the extent that only the parties and Court staff were present in the courtroom, that was for purposes of social distancing and had nothing to do with the subject-matter of the proceedings.  In other words, the general public was free to come and go as long as social distancing was observed.

**Opposed Motion to Unseal Documents – Page 3**

records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *Holy Land Foundation For Relief and Development*, 624 F.3d at 690.  "The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *Id.* (quoting *Littlejohn v. BIC Corp.,* 851 F.2d 673, 682 (3d Cir. 1988)).  "Public confidence [in our judicial system] cannot long be maintained where important judicial decisions[, such as this one,] are … announced in conclusive terms to the public [in an unsealed order], [but] with the record supporting the court's decision sealed from public view." *In re High Sulfur Content Gasoline Prods. Liab. Litig.,* 517 F.3d 220, 230 (5th Cir. 2008).

8.      In considering whether to unseal court documents, the Fifth Circuit has directed district courts to "balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.  In conducting this balance, a district court should take stock of "[t]he presumption in favor of the public's common law right of access to court records," which applies so long as a document is a judicial record. *Id*. (finding that a settlement agreement filed with the court was a judicial document and therefore was entitled to this presumption of public access).

9.      Here, the defendant can do nothing to overcome the presumption favoring public access to the pleadings at issue.  Those pleadings form the basis of the Court's revocation order, and the public has a right to examine those reasons.  On the other hand, the sole interest in nondisclosure—precluding public knowledge of an unexecuted

**Opposed Motion to Unseal Documents – Page 4**

summons—no longer exists.  And, regardless of whether the defendant chooses to appeal Judge Toliver's order, he has no interest whatsoever in hiding from the public the "egregious" conduct that led to that order.  (Dkt. 234.)  Indeed, if anything, the fact that this Court may be called upon to review Judge Toliver's order only enhances the public's right to understand fully the basis for that order.

10.     The First Amendment right of access, moreover, "cannot be overcome by the conclusory assertion that publicity might deprive the defendant of" the right to a fair trial.  *See Press-Enter. Co. v. Superior Court of California for Riverside Cty.*, 478 U.S. 1, 15 (1986).  Indeed, voir dire, rather than restricting the public's right to access, is the preferred way to limit pretrial prejudice to defendants.  *Id.*  This rationale applies with particular force where, as here, the allegedly prejudicial information that is currently under seal will be admissible at trial in any case to prove the defendant's consciousness of guilt.  *See United States v. Ballis*, 28 F.3d 1399, 1409 (5th Cir. 1994) ("[E]ven if Ballis had been tried separately on the bank fraud counts, evidence of the obstruction of justice offenses would have been probative evidence of consciousness of guilt and admissible against the defendant whether he testified or not."); *see also United States v. Fumo*, No. CRIM.A.06-319, 2008 WL 109667, at *3 (E.D. Pa. Jan. 9, 2008) ("[E]vidence of obstruction is admissible to prove [the defendant's] consciousness of guilt for the substantive fraud charges.") (citing *United States v. Kemp*, 500 F.3d 257, 296 (3d Cir. 2007)).

11.     Therefore, the government respectfully asks that Dkt. 227 through Dkt. 232

and this motion be unsealed.[4]

---

[4] Through accidental oversight, this request to unseal the documents was not made at the outset of the hearing in open court on Friday, July 17, 2020.

**Opposed Motion to Unseal Documents – Page 6**

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

/s/ Andrew Wirmani
Andrew O. Wirmani
Assistant United States Attorney
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8681
Facsimile: 214.767.4100


## CERTIFICATE OF CONFERENCE

On July 21, 2020, my cocounsel, Tiffany Eggers, conferred with counsel for the

defendant, Abbe Lowell, about the government's motion and requested relief.  Mr.

Lowell indicated his client OPPOSES the government's motion.

/s/ Andrew Wirmani
Andrew O. Wirmani
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically filed the foregoing

document with the Clerk of Court for the United States District Court, Northern District

of Texas, using the electronic case filing system of the Court.  The electronic case filing

system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing

to accept this Notice as service of this document.

/s/ *Andrew Wirmani*
Andrew O. Wirmani
Assistant United States Attorney