IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | NO. 3:19-CR-0083-M |
| RUEL M. HAMILTON | § | |
| | § | |

# ORDER

Before the Court are the Defendant's Objections to the Magistrate Judge's Order Revoking Pretrial Release (ECF No. 240). While this Court agrees that the Defendant violated a condition of his pretrial release and that the violation was very serious, the Objections are sustained only as to the remedy. It is ORDERED that the conditions of release set in this case be, and they are hereby, AMENDED as set forth in the attached additional conditions of release, signed by the Defendant and his spouse as third-party custodian.

**SO ORDERED**.

July 31, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

IT IS ORDERED that the defendant's release is subject to the conditions below and the previous conditions of release ordered on March 1, 2019:

The defendant is placed in the custody of:

    Dana Sue Hamilton
    8409 San Fernando Way
    Dallas, Texas 75218
    Tel. No. 214-282-0398

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody. In addition, Ms. Hamilton will ensure the defendant does not use any type of communication device which allows telephone communication other than those authorized by the U.S. Pretrial Office.

Signed: *Dana S. Hamilton*     7-31-2020
    *Custodian*     *Date*

Within 72 hours of agreeing to these conditions, the defendant shall provide the pretrial officer with a list of all communication devices used in his home, including pagers, cellular telephones, personal telephones, business telephones, electronic mail addresses, and web addresses. Prior to changing or acquiring any new communication device to be used in his home, the defendant must notify the pretrial officer and obtain approval.

The defendant must not use or own any type of communication device which allows telephone communication and Internet access, other than those authorized by the U.S. Pretrial Office. This includes, but is not limited to, PDAs, electronic games, and cellular/digital telephones. The pretrial officer will allow the defendant use of only a single telephone, and a single computer connected to his company's VPN. However, the computer may be used only for the purposes of maintaining the defendant's business.

The defendant must participate and comply with the requirements of the Telephone/Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount to be determined by pretrial services. The defendant shall consent to the pretrial officer conducting ongoing monitoring of his/her communication devices. The monitoring may include the installation of hardware and/or software systems which allows evaluation of telephone use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized telephone/computer systems that are compatible with the software and/or hardware used by the Telephone/Computer and Internet Monitoring Program and that have been pre-approved by the pretrial officer. The defendant shall permit the pretrial officer to conduct a preliminary telephone/computer search prior to the installation of software.

The defendant may make calls only to his family members, attorney, pretrial services, medical/emergency personnel, and a single, current employee of his business, CFO Jennifer Muegel. No calls to any other individuals/parties shall be made by defendant unless approved in advance by pretrial services. This Order does not prohibit the defendant from accepting calls from friends or relatives.

Other than Jennifer Muegel, the defendant can have no contact with non-family members with whom he has previously worked in an employer/employee/coworker capacity within the last five years, including by correspondence, telephone, or communication through third parties, except his counsel. Communications with Ms. Muegel shall be for business purposes only, and no discussion of the defendant's criminal case may occur. The defendant shall not enter onto the premises, travel past, or loiter near any potential witness' residence or place of employment.

The defendant must submit to location monitoring as directed by the pretrial services office or supervising officer. Defendant is restricted to 24-hour-a-day lock-down at his residence except for medical necessities, attorney conferences, court appearances, and activities if specifically approved by the pretrial services officer or the Court in advance.

The defendant must pay all or part of the cost of any monitoring program based on his ability to pay as determined by the pretrial services or supervising officer.

Signed: *[signature]*     7/31/20
    *Defendant*     *Date*

Signed July 31, 2020.
Chief Judge Barbara Lynn
US District Judge