**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-083-M-1 |
| | ) | Chief Judge Barbara M. G. Lynn |
| RUEL M. HAMILTON | ) | |

**MR. HAMILTON'S PROPOSED JURY INSTRUCTIONS**

Abbe David Lowell, Bar No. 358651DC
Christopher D. Man, Bar No. 453553DC
Kaitlin A. Pierce, Bar No. 242020DC
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Dion J. Robbins, Bar No. 24114011TX
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
DRobbins@winston.com
214-453-6100 (ph)
214-453-6400 (fax)

*Counsel for Defendant Ruel M. Hamilton*

# PRELIMINARY INSTRUCTIONS[1]

## Defendant's Preliminary Request No. 1

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## Defendant's Preliminary Request No. 1A

### *Identification of counsel:*

This criminal case has been brought by the United States Government.  I will sometimes refer to the Government as the prosecution.   The Government is represented at this trial by Assistant United States Attorneys Tiffany Hope Eggers, Andrew Wirmani, and Chad Meacham. Mr. Hamilton is the defendant who is on trial, and he is represented by Abbe Lowell, Kaitlin Pierce, and Dion Robbins.

## Defendant's Preliminary Request No. 1B

### *Duty of the jury:*

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply to those facts the law as the court will give it to you.   You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

---

[1] Mr. Hamilton is providing a complete set of proposed instructions, even as to those that are fairly standard, so there is one pleading with all of his requests.  This instruction is taken from the Fifth Circuit's Pattern Jury Instructions (Criminal Cases) [hereinafter "Model"] 1.01 (2015), with an additional section identifying counsel for the jury.  Edits to the instruction are identified and explained in the footnotes.

**Defendant's Preliminary Request No. 1C**

*Evidence:*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you

may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

### Defendant's Preliminary Request No. 1D

*Rules for criminal cases:*

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty.  The indictment brought by the government against the defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case.  The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.  Because the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may decide not to submit evidence of his own or not to testify.

*Third*:[2] the government has the burden of proving each Defendant guilty beyond a reasonable doubt and if it fails to do so you must find the Defendant not guilty.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a

---

[2] The Fifth Circuit's model preliminary instruction 1.10 merely identifies that the government bears the burden of proof beyond a reasonable doubt and that it is a different standard than in civil cases, but it does not define reasonable doubt or explain how it differs from the civil standard. This guidance is therefore not particularly helpful.  The defense respectfully submit that these concepts are fundamental to a fair trial, *see Taylor v. Kentucky*, 436 U.S. 478, 483-86, 490 (1978); *Estelle v. Williams*, 425 U.S. 501, 503 (1976); *In re Winship*, 397 U.S. 358, 364 (1970), and should be fully explained to the jury at the outset rather than awaiting instruction at the close of trial.

fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.[3]

---

[3] This instruction is a slight modification of Federal Judicial Center Pattern Criminal Jury Instruction No. 1, *see* FJC, *Pattern Criminal Jury Instructions*, No. 21 (1988). The Fifth Circuit has upheld an instruction that it described as "nearly identical" to this instruction. *United States v. Williams*, 20 F.3d 125, 131 (5th Cir. 1994). The last two sentences of the first paragraph are particularly important. "It is this feature, the juxtaposition of the requisite standard of proof in civil cases with the more stringent criminal trial standard of proof beyond a reasonable doubt, that is the FJC instruction's greatest asset. As the Fifth Circuit in *Williams* pointed out, contrasting the civil and the criminal standards of proof is an effective means of framing the issue for the jury. While making clear that 'reasonable doubt' is a higher standard of proof than that necessary in civil cases, the instruction does not unduly disadvantage the prosecution; it clearly states that proof beyond a reasonable doubt 'does not require proof that overcomes every possible doubt.'" *United States v. Walton*, 207 F.3d 694, 704-06 (4th Cir. 2000) (en banc) (equally divided court) (King, J., dissenting) (quoting *Williams*, 20 F.3d at 132 n.5). The second paragraph is taken verbatim from *Ninth Circuit Pattern Jury Instructions (Criminal Cases)* § 3.5 (2019). *See also id.* cmt. ("The Ninth Circuit has repeatedly upheld this instruction.") (citing cases). Several Supreme Court justices have opined that this sort of instruction is superior to the alternatives. *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring); *Id.* at 34 (Blackmun, J., joined by Souter, J., concurring and dissenting in part). In *Williams*, the Fifth Circuit specifically pointed to Justice Ginsburg's endorsement of the "firmly convinced" language. *Williams*, 20 F.3d at 131. *Williams* noted that the Fifth Circuit's Pattern Jury Instruction provides an "alternative" definition, but explained that the Fifth Circuit "do[es] not require the use of this instruction." *Id.* at 129 n.2. The pattern instructions are intended to facilitate appellate review because they have been tested, but the defense's proposed instruction already has been found adequate by the Fifth Circuit in *Williams* and other cases. *Id.*; *see also Price v. Cain*, 1995 WL 450218, at *3 (5th Cir. July 6, 1995) (noting FJC "firmly convinced" instruction meets constitutional muster); *United States v. Hunt*, 784 F.2d

## Defendant's Preliminary Request No. 1E[4]

***Summary of applicable law:***

There are four charges in this case against Mr. Hamilton, two of which involve Mr. Hamilton's alleged relationship with Carolyn Davis and the other two involve his relationship with Dwayne Caraway.  The charges in this case concern Mr. Hamilton's alleged dealings with Ms. Davis and Mr. Caraway when Ms. Davis and Mr. Caraway were serving on the Dallas City Council.  For the sake of clarity, when we discuss the City of Dallas in this case, we are referring to the City of Dallas as a government entity.  In other contexts in your personal life, you may describe the City of Dallas in a geographic sense, for example, you may refer to the City of Dallas as a place where you live or were born, but here we are referring to it as the local government entity.  A government entity like the City of Dallas depends on people to make decisions for it and, here, all of the City of Dallas' political power is assigned to the Dallas City Council.[5]

In this case the defendant is charged with four separate counts.  I will give you detailed instructions on the law at the  end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief  summary  of the elements  of the offense that the government must prove  beyond  a reasonable  doubt  to  make  its  case.

### Count 1

---

1095, 1100 (5th Cir. 1986) (affirming use of the FJC "firmly convinced" instruction).

[4] Fifth Circuit Pattern Jury Instruction 1.01 calls for filling in the elements of the crime charged, so the defense has incorporated the elements from Fifth Circuit Pattern Jury Instruction 2.33C (offering a bribe under Section 666).

[5] Dkt. 220 at 7 ("[T]he Government alleges that the City of Dallas (not the DCC) is the recipient of federal funds. *See* Superseding Indictment, ECF No. 139 ¶ 6 ('The City of Dallas . . . received benefits in excess of $10,000 . . . under a Federal program . . . .').").  The City of Dallas Charter identifies "a body politic" that is incorporated under the name "City of Dallas," Ch. 1, § 1, but "all powers conferred on the city shall be exercised by a city council," Ch. 3, § 1.

**CONSPIRACY TO COMMIT OFFENSE, 18 U.S.C. § 371 (Model 215A)[6]**

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendant is charged with conspiring to commit bribery concerning a program receiving federal funds, 18 U.S.C. § 666, which is the substantive offense charged in Count 2.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person, here Carolyn Davis, agreed to commit the crime of bribery concerning a program receiving federal funds, 18 U.S.C. § 666, as charged in Count 2 of the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the corrupt intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy. One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands

---

[6] This instruction follows Fifth Circuit Model 215A and a similar instruction for conspiracy to violate Section 666 from *United States v. Price*, 3:14-cr-00293-M, Dkt. 518 at 8 (N.D. Tex. Apr. 28, 2017).

the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Count 2

**BRIBERY CONCERNING PROGRAMS RECEIVING
FEDERAL FUNDS (OFFERING A BRIBE)
(Model 2.33C as modified)**

**18 U.S.C. § 666(a)(2)**

Title 18, United States Code, Section 666(a)(2), makes it a crime for anyone to corruptly give, offer, or agree to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, in

7

connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

For Count 1, the government must prove the following beyond a reasonable doubt:

*First*, that at the time of the offense charged, Carolyn Davis was an agent of the City of Dallas by serving on the Dallas City Council;

*Second*, that the City of Dallas received in any one-year period that include the time of the offense charged benefits in excess of $10,000 under a federal program involving a grant;

*Third*, that Mr. Hamilton corruptly gave or agreed to give money to Carolyn Davis with the intent to influence, [7] or in other words with the intent to bribe,[8] Carolyn Davis in connection

---

[7] Instruction 2.33C brackets the word "reward" in acknowledging that it is not appropriate to be given in a case charged as bribery, as this case is, so we have deleted that word. In *United States v. Ganim*, 510 F.3d 134, 151 (2d. Cir. 2007), then-Judge Sotomayor, writing for the Second Circuit, noted the risk of confusion in a Section 666 case based on bribery, where the "reward" language was used. There, the Court found that the use of the word "rewarded" in the jury charge "introduced unnecessary ambiguity as it may have implied an illegal gratuity theory which the government, in fact, had not pursued." *Id.* The Court went on to say: "Future courts, cognizant of the gratuity/bribery distinction in § 666 prosecutions, should endeavor to be more precise." *Id.* The argument for excluding "reward" is developed further, and incorporated here, in Mr. Hamilton's Motion to Strike. (Dkt. 163 at 4-7.) This Court denied the motion to strike, reserved decision on the legal issue, and said it would address the issue here, at the jury instruction stage. (Dkt. 213 at 1-2.)

[8] The Supreme Court has long explained that the "to be influenced" language means bribery. *See, e.g.*, *United States v. Sun-Diamond Growers of Ca.*, 526 U.S. 398, 404-05 (1997) ("Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act. In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."); *United States v. Birdsall*, 233 U.S. 223, 230 (1914) (explaining the "to be influenced" language refers :to bribe giving"); *see also United States v. Nagin*, 810 F.3d 348, 351 (5th Cir. 2016) (explaining that a conviction under Section 201 requires the defendant to have "corruptly entered into a quid pro quo, knowing that the purpose behind the payment that he has ... agreed to receive [ ] is to induce or influence him in an official act.") (quoting *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008). The Supreme Court repeatedly has explained "that § 666 'was designed to extend federal bribery prohibitions to bribes offered to state and local officials employed by agencies receiving federal funds." *Sabri v. United States*, 541 U.S. 600, 607 (2004) (quoting *Salinas v. United States*, 522 U.S. 52, 58 (1997)); *see Salinas*, 522 U.S. at 57 (Section 666 "forbids acceptance of a bribe by a covered official who

with any business, transaction or series of transactions of the Dallas City Council that were agreed upon at the time of the exchange.[9] Specifically the government alleges four examples in a pattern of official acts[10] of what it claims to be business, a transaction or series of transactions: (1) Carolyn Davis' February 2, 2015 vote as Chair of the Housing Committee to support the Texas Department of Housing and Community Affairs awarding tax exempt bonds and 9% tax credits for the Royal Crest project; (2) Carolyn Davis' February 25, 2015 motion for the Dallas City Council to authorize the Dallas Housing Finance Corporation to make a loan to the Royal Crest project in an amount not to exceed $2,520,000 and for the city's nomination of the project to receive 9% low-income housing tax credits through the Texas Department of Housing and Community Affairs (TDHCA); (3) seeking the support of other elected officials for Mr. Hamilton's projects; and (4) agreeing on April 23, 2015 to lobby the TDHCA on Mr. Hamilton's behalf.

*Fourth*, that this alleged business, transaction, or series of transactions of the Dallas City Council involved anything of value of $5,000 or more.

---

intends 'to be influenced or rewarded in connection with any business, transaction, or series of transactions of [the defined] organization, government or agency.'"); *see United States v. Shoemaker*, 746 F.3d 614, 623 (2014) ("the unlawful act is that proscribed by § 666, which requires only that the bribe-giver 'corruptly' offer or give a bribe '*with intent* to influence or reward' the agent."). Without this clarification, the jury could err in concluding that First Amendment-protected conduct, including petitioning activity and providing campaign contributions, could be crimes. *See* Trial Brief.

[9] The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

[10] The phrase "pattern of official acts" and the list of these four acts comes from Paragraph 15 of the Indictment.

9

Count 3

## BRIBERY CONCERNING PROGRAMS RECEIVING
## FEDERAL FUNDS (OFFERING A BRIBE)
(Model 233C as modified)

### 18 U.S.C. § 666(a)(2)

As I just explained, Title 18, United States Code, Section 666(a)(2), makes it a crime for anyone to corruptly give, offer, or agree to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

For Count 3, the government must prove the following beyond a reasonable doubt:

*First*, that at the time of the offense charged, Dwaine Caraway was an agent of the City of Dallas by serving on the Dallas City Council;

*Second*, that the City of Dallas received in any one-year period that include the time of the offense charged benefits in excess of $10,000 under a federal program involving a grant;

*Third*, that on April 3, 2018, Mr. Hamilton corruptly gave or agreed to give a check for $7,000 to Dwaine Caraway with the intent to influence,[11] or in other words with the intent to

---

[11] Instruction 2.33C brackets the word "reward" in acknowledging that it is not appropriate to be given in a case charged as bribery, as this case is, so we have deleted that word. In *United States v. Ganim*, 510 F.3d 134, 151 (2d. Cir. 2007), then-Judge Sotomayor, writing for the Second Circuit, noted the risk of confusion in a Section 666 case based on bribery, where the "reward" language was used. There, the Court found that the use of the word "rewarded" in the jury charge "introduced unnecessary ambiguity as it may have implied an illegal gratuity theory which the government, in fact, had not pursued." *Id.* The Court went on to say: "Future courts, cognizant of the gratuity/bribery distinction in § 666 prosecutions, should endeavor to be more precise." *Id.* The argument for excluding "reward" is developed further, and incorporated here, in Mr. Hamilton's Motion to Strike. (Dkt. 163 at 4-7.) This Court denied the motion to strike, reserved

bribe,[12] Dwaine Caraway in connection with any business, transaction or series of transactions of the Dallas City Council that were agreed upon at the time of the exchange.[13]  Specifically the government alleges two examples of official acts that it claims to be business, a transaction or series of transactions: (1) Mr. Hamilton asked Mr. Caraway to ask the mayor to place on the agenda of the Dallas City Council a discussion on an initiative for paid medical-leave to be placed on the

---

decision on the legal issue, and said it would address the issue here, at the jury instruction stage. (Dkt. 213 at 1-2.)

[12] The Supreme Court has long explained that the "to be influenced" language means bribery.  *See, e.g.*, *United States v. Sun-Diamond Growers of Ca.*, 526 U.S. 398, 404-05 (1997) ("Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act.  In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."); *United States v. Birdsall*, 233 U.S. 223, 230 (1914) (explaining the "to be influenced" language refers :to bribe giving"); *see also United States v. Nagin*, 810 F.3d 348, 351 (5th Cir. 2016) (explaining that a conviction under Section 201 requires the defendant to have "corruptly entered into a quid pro quo, knowing that the purpose behind the payment that he has ... agreed to receive [ ] is to induce or influence him in an official act.") (quoting *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008).  The Supreme Court repeatedly has explained "that § 666 'was designed to extend federal bribery prohibitions to bribes offered to state and local officials employed by agencies receiving federal funds."  *Sabri v. United States*, 541 U.S. 600, 607 (2004) (quoting *Salinas v. United States*, 522 U.S. 52, 58 (1997)); *see Salinas*, 522 U.S. at 57 (Section 666 "forbids acceptance of a bribe by a covered official who intends 'to be influenced or rewarded in connection with any business, transaction, or series of transactions of [the defined] organization, government or agency.'"); *see United States v. Shoemaker*, 746 F.3d 614, 623 (2014) ("the unlawful act is that proscribed by § 666, which requires only that the bribe-giver 'corruptly' offer or give a bribe '*with intent* to influence or reward' the agent.").

[13] The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official."  *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).  The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

ballot for voters to decide, and (2) Mr. Hamilton sought some future official action[14] from Mr. Caraway of an unspecified nature concerning a possible development on Eleventh Street.

*Fourth*, that this alleged business, transaction, or series of transactions of the Dallas City Council involved anything of value of $5,000 or more.

Count 4

### INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES – Texas Bribery
### 18 U.S.C. § 1952(a) (Model 2.74)

Title 18, United States Code, Section 1952 makes it a crime for anyone to travel in interstate or foreign commerce, or to use the mail, or any facility in interstate or foreign commerce, with intent to commit or facilitate certain unlawful activity, and thereafter perform or attempt to perform that unlawful activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant traveled in interstate commerce or that he used any facility in interstate commerce;

*Second*: That the defendant did so with the specific intent to promote, manage, establish, or carry on unlawful activity, that is, Bribery in violation of Texas Penal Code § 36.02; and

*Third*: That subsequent to the act of travel or use of any facility in interstate commerce the defendant did knowingly and willfully promote, manage, establish, or carry on such unlawful activity, that is, Bribery in violation of Texas Penal Code § 36.02.

---

[14] "Future official action" is the language of Paragraph 63 of the Indictment. "Official acts" again appears in Paragraph 66.

Bribery in violation of Texas Penal Code § 36.02 provides in relevant part: "A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another any benefit as consideration for the recipient's decision, opinion, recommendation, or other exercise of discretion as a public servant." This statute requires *quid pro quo* bribery. The statute is not violated where gifts are given in the mere hope of influence, without any agreement by the donee.[15]

### Defendant's Preliminary Request No. 1F

### Defining Bribery

Each of these charges concern bribery. In plain English, bribery requires a specific intent to give or receive something of value in exchange for a specific kind of official act, the business or a transaction of the Dallas City Council.[16] It is not enough to find that Ruel Hamilton gave

---

[15] *See* Dkt 126 at 21-23 (MTD 5). Although Section 666's "intent to influence" is understood to require a *quid pro quo*, as addressed above, Texas Penal Code Section 36.02 switched from that language to "use [of] the term 'as consideration for' in lieu of 'intent to influence' [] to emphasize the bargain aspect of the bribery." *Garrett v. McCotter*, 807 F.2d 482, 485 (5th Cir. 1987) (quoting *McCallum v. State*, 686 S.W.2d 132, 135 (Tex. Crim. App. 1985)). In other words, "the Texas legislature intentionally replaced 'with intent to influence; with 'any benefit as consideration for' in order to avoid 'application of the bribery sanction to situations where gifts are given in mere hope of influence, without any agreement by the donee." *Id.* Thus, "the change in language was intended to stiffen the requirements for a bribery conviction." *Id.* The statutory language concerning "consideration" is meant to highlight that there is "an inducement to an illegal contract." *McCallum*, 686 S.W.2d at 135. "Implicit in Section 36.02 is the requirement of a *quid pro quo*; that is, an agreement to exchange *any benefit* for the *exercise of discretion as a public servant*." *Gandara v. State*, 527 S.W.3d 261, 273 (Tex. App. 2016) (emphasis in original). Thus, 'under both Texas and federal law . . . . bribery requires a quid pro quo transaction, meaning the bribe must be given in a direct and intended exchange for the doing of the official act." *Garcia v. Lion Mexico Consolidated L.P.*, 2018 WL 6427350, at *11 (W.D. Tex. Sept. 14, 2018).

Like Section 666, Texas Penal Code Section 36.02 is a bribery statute and it does not cover gratuities. *United States v. Tunnell*, 667 F.2d 1182, 1185 (5th Cir. 1982). Moreover, the Travel Act covers only state "bribery" offenses, 18 U.S.C. §1952(b)(2), so a state gratuity statute could not serve as a Travel Act predicate.

[16] Section 666 criminalizes "*quid pro quo* bribes." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 361 n.4 (2016). The Fifth Circuit has explained that under Section 666, "[t]he decisive factor

something of value to thank a member of the Dallas City Council for his or her support,[17] rather the government must prove beyond a reasonable doubt that Ruel Hamilton gave something of value intending to cause a member of the Dallas City Council to take a specific official act that they would not have taken but for the payment.[18]  This is sometime referred to as a *quid pro quo*,

---

is that the public official has 'corruptly entered into a quid pro quo, knowing that the purpose behind the payment that he received, or agreed to receive, is to induce or influence him in an official act.'"  *United States v. Grace*, 568 F. App'x 344, 350 (5th Cir. 2014) (quoting *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008)); *see United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366, 379 (5th Cir. 2017) ("Our *Whitfield* decision and the cases it discussed dealt with bribery, which requires a quid pro quo.").  "In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."  *United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999); *see also United States v. Sidoo*, 2020 WL 3440990, at *9 (D. Mass. June 23, 2020) (explaining in the context of Section 666 that "[f]or a payment to constitute a bribe, there must be 'a quid pro quo — a specific intent to give or receive something of value in exchange for an official act.'") (quoting *Sun-Diamond*, 526 U.S. at 404–05).  Moreover, the Travel Act covers only state "bribery" offenses, 18 U.S.C. §1952(b)(2), so a state gratuity statute could not serve as a Travel Act predicate.  It would likely invite confusion to define bribery differently for purposes of Count 4 than as used in Counts 1-3.  This issue is addressed in more detail in Mr. Hamilton's Trial Brief.

[17] This instruction is necessary to differentiate the charged crime of bribery from an uncharged gratuity offense.  The First Circuit explained the difference between bribery and gratuities in *United States v. Bravo-Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013): "The Supreme Court explained the distinction between bribes and illegal gratuities in *United States v. Sun–Diamond Growers of California*, 526U.S. 398 (1999): 'The distinguishing feature of each crime is its intent element.  Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted "for or because of" an official act.  In other words, for bribery there must be a *quid pro quo*— a specific intent to give or receive something of value *in exchange* for an official act.  An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the public official will take (and may already have determined to take), *or for a past act that he has already taken.' Id.* at 404–05, 119 S. Ct. 1402 (third emphasis added)."  It is a defense to a Section 666 charge to show that the gift was merely a gratuity.  *See United States v. Jennings*, 160 F.3d 1006, 1018-19 (4th Cir. 1998) (requiring a "mere gratuity" instruction under Section 666 where there is a factual basis for the instruction); *see also United States v. Washington*, 688F.2d 953, 957(5thCir. 1982) (gratuity is a defense to bribery); *United States v. Friedman*, 854 F.2d 535, 556-57 (2d Cir. 1988) (same); *United States v. Chen*, 754F.2d 817, 825 (9th Cir. 1985) (same).

[18] A payment to reward public officials for an act they have taken or already plan to take is a gratuity.  It is only when the payer believes that a payment is needed to change the public official's conduct that the payment becomes a bribe.  *See, e.g.*, *United States v. Tavares*, 844 F.3d 46, 56 (1st Cir. 2016) (evidence of a gratuity given to a state legislator to reward him for a vote insufficient where the giver was unaware that the legislator had "change[d]" his vote to benefit the

which is a Latin phrase that roughly translates to this for that.   To prove bribery here, the government must prove beyond a reasonable doubt that Mr. Hamilton struck or attempted to strike such a corrupt agreement with Carolyn Davis or Dwain Caraway, depending on the charge in which they are mentioned.

I will provide you with further instruction about the offense charged in these two separate courts at the conclusion of the trial.

### Defendant's Preliminary Request No. 1G

*Use caution in distinguishing bribery from permissible political interaction:*

It is important to recognize that we live in a representative democracy, which means that we elect public officials, including members of the Dallas City Council, to represent our interests. Citizens depend on elected officials to hear their concerns and represent their interests, and elected officials depend on the support of voters to be reelected.   Consequently, there is nothing illegal about a citizen's attempt to garner influence over or access to elected officials, or by an elected

---

giver); *United States v. Urciuoli*, 613 F.3d 11, 15(1st Cir. 2010) (affirming jury instruction that required the government to "prove beyond a reasonable doubt the [the defendant] intended the payment to cause [the named legislator] to change an official position that he would otherwise have taken or to take official actions that he would not have taken but for the payment") (Souter, J., on panel); *see also United States v. Woodward*, 149F.3d 46, 55 (1st Cir. 1998) (bribery requires an "intent to cause the recipient to alter her official acts.") (quoting *United States v. Sawyer*, 85F.3d 713, 741 (1st Cir. 1996)).   The Fifth Circuit reached the same conclusion in looking to the honest services statute pre-*Skilling*, explaining that "the mere violation of a gratuity statute" would not reflect an intent to deprive the public of honest services: "If the employee renders all the services his position calls for, and if these and all other services rendered by him are just the services which would be rendered by a totally faithful employee, and if the scheme does not contemplate otherwise, there has been no deprivation of honest services."   *United States v. Brumley,* 116 F.3d 728, 734 (5th Cir.1997).   Thus, absent an intent to change a public official's official act, there is no bribery.   This result also is necessary because Section 666 uses the word "corruptly," which is "transitive" in that it reflects an attempt to "change" someone from good to bad.   *United States v. Farrell*, 126 F.3d 484, 488 n.2 (3d Cir. 1997) (citing *Webster's Ninth New Collegiate Dictionary*). There is no corrupt intent to change a public official from good to bad if the payment is not made to change any action by the public official at all.

official's efforts to be appropriately responsive to the preferences of their supporters, even providing supporters with special consideration. The possibility that someone who spends large sums of money may gain influence over or access to elected officials or political parties does not give rise to *quid pro quo* corruption. The fact that political supporters have influence over and access to elected officials does not mean that either these officials or their supporters are corrupt. Favoritism and influence are not avoidable in representative politics, and ingratiation and access are not corruption. Bribery laws are designed to prevent *quid pro quo* corruption where an elected official essentially sells his or her decision on official acts in exchange for something of value.[19]

---

[19] The Supreme Court has clarified the meaning of *quid pro quo* corruption. In *McCutcheon v. FEC*, 134 S. Ct. 1434 (2014), the Supreme Court explained "the possibility that an individual who spends large sums of money may garner 'influence or access to' elected officials or political parties. . . does not give rise to such *quid pro quo* corruption." *Id.* at 1450-51. Accordingly, "the Government may not seek to limit the appearance of mere influence or access." *Id.* at 1451. The Supreme Court has explained that efforts to influence and obtain access to elected officials cannot be prohibited due to the First Amendment:

> The fact that speakers *have influence over and access to* elected officials does not mean that these officials are corrupt: "*Favoritism and influence* are not . . . avoidable in representative politics. It is in the nature of an elected representative to favor certain policies, and, by necessary corollary, to favor the voters and contributors who support those policies. It is well understood that a substantial and legitimate reason, if not the only reason, to cast a vote for, or to make a contribution to, one candidate over another is that the candidate *will respond* by producing those political out comes the supporter favors. Democracy is premised on *responsiveness*." Reliance on a "generic *favoritism or influence theory* . . . is at odds with standard First Amendment analyses because it is unbounded and susceptible to no limiting principle."

*Citizens United v. FEC*, 558 U.S. 310, 359 (2010) (quoting *McConnell v. FEC*, 540 U.S. 93, 296-97(2003) (emphasis added)). The Court emphasized: "Ingratiation and access, in any event, are not corruption." *Id.* at 360. Even more recently, the Supreme Court distinguished legislative campaigns, where "politicians are expected to be appropriately *responsive* to the preferences of their supporter" and it is expected that an elected legislator (unlike a judge) will provide "*special consideration*" to his supporters. *Williams-Yulee v. The Florida Bar*, 135 S. Ct. 1656, 1667 (2015) (emphasis added). Justice Ginsburg added: "'Favoritism,' *i.e.*, partiality," may be "inevitable in the political arena." *Id.* at 1674 (Ginsburg, J., concurring); *see also* ("'Favoritism and influence' are inevitable 'in *representative* politics.'") (emphasis in original) (citations omitted). The lower courts have recognized that these decisions have created a sea change in First Amendment law, requiring that inconsistent prior precedents be swept aside. The Ninth Circuit noted these more recent decisions "narrowed the scope of the anticorruption rationale to cover *quid pro quo*

### Defendant's Preliminary Request No. 1H

As to all the charges in the indictment, Mr. Hamilton came to court and said he was not guilty, meaning that his actions did not constitute violations of any federal law.  It is and remains the prosecution's burden to provide beyond reasonable doubt that such violations occurred.

### Defendant's Preliminary Request No. 1I

*Conduct of the jury:*

Now, a few words about your conduct as jurors.  During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all.  You may be unaware of the identity of everyone connected with the case.  Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the Belo Mansion where the trial will take place.  In addition, during the course of the trial, do not talk about the trial with anyone else— not your family, not your friends, not the people with whom you work.   Also,  do not  discuss this case among your- selves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  Otherwise, without realizing it, you may start forming opinions before the trial is over.  It is important  that  you  wait  until  all  the

---

corruption only, as opposed to money spent to obtain *influence over or access to elected officials*." *Lair v. Bullock*, 798 F.3d 736, 746 (9th Cir. May 26, 2015) (emphasis added).  This required the Ninth Circuit to overturn its prior precedent that "relied on a state's interest in combatting 'influence,' whereas *Citizens United* narrowed the analysis to include quid pro quo corruption but to exclude the state's interest in combatting 'influence.'" *Id.*  Likewise, the Third Circuit has reiterated that the recent Supreme Court decisions mean "that Congress may take action only to address *quid pro quo* corruption and not 'the appearance of mere influence or access.'" *Lodge No. 5 of the FOP v. City of Philadelphia*, 763 F.3d 358, 379(3d Cir. 2014).  To allow prosecutions based on anything less would chill constitutionally protected conduct, such as a supporter's attempt to "garner influence over or access to elected officials," *McCutcheon*, 134 S. Ct. at 1451, or a politician's efforts "to be appropriately responsive to the preferences of [his] supporter," *Williams-Yulee*, 135 S. Ct. at 1667.  These issues are addressed in more detail in the Trial Brief.

evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## Defendant's Preliminary Request No. 1J

*COVID-19*

I think it is obvious to everyone that we are doing a lot of things differently because of COVID-19.  I want you to know that this Court takes your safety and the safety over everyone in this courtroom very seriously.  I am sure that you have noticed many of the safety precautions that we have taken.  If at any point in these proceedings, you feel ill, or you have tested positive for Covid-19, or you have reason to believe that you may have been exposed to Covid-19, for example, by coming into close contact with someone who has Covid-19, you should notify my chambers or one of the Court's security officers immediately.  If you have come into contact with someone who has Covid-19, but you do not feel ill or even if you have tested negative, you should still notify my chambers or one or the Court's security officers immediately.  A person may be contagious even before they feel symptoms or would test positive.  If you begin to feel ill, or test positive, or learn that you have been exposed to someone with Covid-19 when you are at home or somewhere outside the courthouse, you should not come into the courthouse.  Please call my chambers instead to let me know.  We want to be very careful with everyone's health.

In deciding whether you should contact my chambers or a court security officer, consider only the potential health threat that you may pose to others.  Do not concern yourself with whatever impact your reaching out with a health concern may have on these court proceedings.  It will be up to this Court to decide how to proceed.  If there is a chance that the virus may have reared its head in these proceedings, we are all better off to nip it in the bud before it can spread.  We owe that to one another.

We also want to be very careful to have a fair trial.  As jurors, I don't want you to be distracted by any concerns related to Covid-19.  It is important that you pay close attention to the

19

testimony and other evidence presented to you throughout these proceedings.  If you find that you cannot do that, you should let my chambers know.  After both sides have presented their case, I will send you back to the jury room to deliberate and come to a verdict.  Again, it will be important for you to pay attention and not be distracted while you are deliberating.  You also should not feel rushed to come to a verdict for any reason.  If you find that you cannot do that, you should let my chambers know.[20]

### Defendant's Preliminary Request No. 1K

*Course of the trial:*

I will now give you a roadmap to help you follow what will happen over the entire course of this trial.  First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.  Next, the defendant's attorney may, but does not have to, make an opening statement.  Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine.  Remember that the defense bears no burden of proof and does not have to present any evidence. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law.  After that, you will

---

[20] This instruction is based on CDC guidance on when to quarantine for 14 days.  *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html#:~:text=You%20should%20stay%20home%20for,after%20exposure%20to%20the%20virus.

retire to deliberate on your verdict.

The trial will now begin.

## FINAL JURY INSTRUCTIONS

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 1 (Model 1.03)

### INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 2 (Model 1.04)

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the

parties as jurors, and they have the right to expect nothing less.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 3 (Model 1.05)

### PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.  If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.[21]

---

[21] This instruction is a slight modification of Federal Judicial Center Pattern Criminal Jury Instruction No. 1, *see* FJC, *Pattern Criminal Jury Instructions*, No. 21 (1988).  The Fifth Circuit has upheld an instruction that it described as "nearly identical" to this instruction.  *United States v. Williams*, 20 F.3d 125, 131 (5th Cir. 1994).  The last two sentences of the first paragraph are particularly important.  "It is this feature, the juxtaposition of the requisite standard of proof in

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 4 (Model 1.06)

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must

---

civil cases with the more stringent criminal trial standard of proof beyond a reasonable doubt, that is the FJC instruction's greatest asset. As the Fifth Circuit in *Williams* pointed out, contrasting the civil and the criminal standards of proof is an effective means of framing the issue for the jury. While making clear that 'reasonable doubt' is a higher standard of proof than that necessary in civil cases, the instruction does not unduly disadvantage the prosecution; it clearly states that proof beyond a reasonable doubt 'does not require proof that overcomes every possible doubt.'" *United States v. Walton*, 207 F.3d 694, 704-06 (4th Cir. 2000) (en banc) (equally divided court) (King, J., dissenting) (quoting *Williams*, 20 F.3d at 132 n.5). The second paragraph is taken verbatim from *Ninth Circuit Pattern Jury Instructions (Criminal Cases)* § 3.5 (2019). *See also id.* cmt. ("The Ninth Circuit has repeatedly upheld this instruction.") (citing cases). Several Supreme Court justices have opined that this sort of instruction is superior to the alternatives. *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (Ginsburg, J., concurring); *Id.* at 34 (Blackmun, J., joined by Souter, J., concurring and dissenting in part). In *Williams*, the Fifth Circuit specifically pointed to Justice Ginsburg's endorsement of the "firmly convinced" language. *Williams*, 20 F.3d at 131. *Williams* noted that the Fifth Circuit's Pattern Jury Instruction provides an "alternative" definition, but explained that the Fifth Circuit "do[es] not require the use of this instruction." *Id.* at 129 n.2. The pattern instructions are intended to facilitate appellate review because they have been tested, but the defense's proposed instruction already has been found adequate by the Fifth Circuit in *Williams* and other cases. *Id.*; *see also Price v. Cain*, 1995 WL 450218, at *3 (5th Cir. July 6, 1995) (noting FJC "firmly convinced" instruction meets constitutional muster); *United States v. Hunt*, 784 F.2d 1095, 1100 (5th Cir. 1986) (affirming use of the FJC "firmly convinced" instruction).

disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 5

## NATURE OF THE INDICTMENT[22]

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes that Mr. Hamilton is accused of committing.  An indictment which was written by the prosecutors is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Hamilton been indicted in making your decision in this case.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 6 (Model 1.07)

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense

---

[22] This was Judge Wall's standard instruction and was given in the trial of Senator Menendez in the District of New Jersey.  This is similar to the first paragraph of Model 1.05

lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence.  You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 7 (Model 1.08)

### CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testify in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer

26

them directly?  Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more wit- nesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 8[23]

## CAUTION AS TO COOPERATING WITNESS

You have heard the testimony of Jeremy Scroggins and Dwaine Caraway.  Each has admitted to having engaged in criminal conduct and has been charged with a crime.  Each has agreed to cooperate with the government and testify at this trial in exchange for not being charged with more serious crimes and/or with the hope that prosecutors will request a more lenient sentence for him. The testimony of an alleged accomplice, who provides evidence against a defendant as an informer for personal advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.   As it is up to the government

---

[23] First Circuit Criminal Pattern Jury Instructions §2.03 and Fifth Circuit Pattern Jury Instructions § 1.14.

to decide whether or not he should be prosecuted with more serious charges, or whether the government will seek leniency on his behalf, he may have reasons to want to please the government.  Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of these individuals with particular caution.  They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.  You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the Defendants, or by any of the benefits he may hope to receive from the government.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict any Defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 9[24]

## CAUTION AS TO WITNESSES WHO TESTIFY FALSELY

If you find that any witness has willfully testified falsely as to any material matter either before this Court or under oath elsewhere, you have the right to reject the testimony of that witness in its entirety.

---

[24] *Black's Law Dictionary* 491 (7th ed.1999) (describing maxim of *falsus in uno, falsus in omnibus* as "[t]he principle that if the jury believes that a witness's testimony on a material issue is intentionally deceitful, the jury may disregard all of that witness's testimony"); *see also* Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 15.06 (5th ed. 2000) (spelling out time-honored jury instruction that "[i]f a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters"); Edward J. Devitt et al., *Federal Jury Practice and Instructions* § 73.04 (4th ed. 1987) (spelling out similar jury instruction that "[i]f a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves").

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 10[25]

## DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO PUT ON A DEFENSE OR TO TESTIFY

As I have told you repeatedly, only the government has the burden of proof in a criminal case.  A Defendant never has any burden of proof and, therefore, does not have to put on any evidence at all.  Accordingly, the Defendant has a constitutional right not to put on any evidence or to testify, and no inference of guilt, or of anything else, may be drawn from the fact that Mr. Hamilton chose not to do so.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

---

[25] *First Circuit Pattern Criminal Jury Instruction* § 303.  *See Id.* cmt. ("An instruction like this must be given if it is requested.").  *See Carter v. Kentucky*, 450 U.S. 288, 299-303 (1981*); Bruno v. United States*, 308 U.S. 287, 293-94 (1939). *See also United States v. Ladd*, 877 F.2d 1083, 1089 (1st Cir. 1989) ("We do not, however, read *Carter* as requiring any exact wording for such an instruction.").  It must contain the statement that no adverse inference may be drawn from the fact that the defendant did not testify, or that it cannot be considered in arriving at a verdict.  *See United States v. Brand*, 80 F.3d 560, 567 (1st Cir. 1996).  It is not reversible error to give the instruction even over the defendant's objection.  *See Lakeside v. Oregon*, 435 U.S. 333, 340-41 (1978).  However, "[i]t may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection."  *Id.* at 340.").

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 11

### CHARACTER EVIDENCE[26]

Where evidence is introduced by a Defendant of good character, that evidence of the good character of the Defendant is not mere makeweight, but is substantive evidence and must be considered by you, and may of itself raise a reasonable doubt in your mind, or, along with other evidence in the case, may raise a reasonable doubt in your mind as to the guilt of the Defendant, and therefore work an acquittal.  The very object of introducing good character evidence is to generate in the minds of the jury a reasonable doubt as to the Defendant's guilt.  The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing.  If, however, you are satisfied from all the evidence the Defendant is guilty, you should convict him.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 12 (Model 1.19)

### CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case,

---

[26] This is the instruction given and affirmed, with the Third Circuit's suggested modification to the last sentence, in *United States v. Baysek*, 212 F.2d 446, 447-48 (3d Cir. 1954).  The instruction was recently given in the trial of Senator Menendez in the District of New Jersey.  *See also Michelson v. United States*, 335 U.S. 469, 476 (1948) ("[A defendant] may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged.  This privilege is sometimes valuable to a defendant for this Court has held that such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed."); *Edgington v. United States*, 164 U.S. 361, 366 (1896) ("The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although, without it, the other evidence would be convincing.").

except as you are otherwise instructed.

[During the trial, for example, the government suggested that Mr. Hamilton violated state campaign finance laws by writing other people's names in the memo lines of the checks that he wrote to various candidates' campaigns. The question of whether that conduct violates state campaign finance laws, however, is not before you because Mr. Hamilton has not been charged with any such crimes in this case. This trial is not to decide whether Mr. Hamilton violated those state campaign finance laws, but to decide whether he committed the crimes charged. You do not have enough information before you to decide whether Mr. Hamilton violated state campaign finance laws or committed any other crime. In deciding whether or not Mr. Hamilton committed any of the crimes charges, you are to consider only whether the government has met its burden of proving the crimes charged and not whether it could prove some other charge.][27]

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 13

## CAUTIONARY INSTRUCTION DURING TRIAL—
## TRANSCRIPT OF TAPE RECORDED
## CONVERSATION (Model 1.42)

Various exhibits _____ have been identified as a written transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibits _____ ____. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you

---

[27] The bracketed language may be deleted or modified depending on what occurs at trial. If the jury is led to believe that it can convict Mr. Hamilton for violating local campaign finance laws, that would create an unconstitutional variance because the Superseding Indictment alleges only that he skirted those laws, not that he violated them. (*See, e.g.*, Dkt. 160 at 9-10; Dkt. 163 at 10-13; Dkt. 187-4.) In addition, there is the potential for confusion and prejudice if the jury believes that a violation of the state campaign laws is the same as the federal bribery charges on trial.

in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

[In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not the transcripts.]

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 14
### (Model 1.41)

### "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 15
## (Model 1.43)[28]

### "WILLFULLY" – TO ACT

"Willfully" connotes a higher degree of criminal intent than knowingly.  "Knowingly" requires proof of knowledge of the facts that constitute the offense.  "Willfully" requires proof that the defendant acted with knowledge that his or her conduct violated the law.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 16

Count 1

### CONSPIRACY TO COMMIT OFFENSE, 18 U.S.C. § 371 (Model 215A) [29]

The government has charged Mr. Hamilton with conspiracy to commit bribery concerning a local government receiving federal benefits, in violation of Title 18, United States Code, Section 371, which is the substantive offense charged in Count 2.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

---

[28] Instruction 1.43 does not provide a settled instruction to be read to the jury, but provides guidance to the Court in drafting a jury instruction.  The language the defense proposes comes from the underlined section of Instruction 1.43 below:

"Willfully" connotes a higher degree of criminal intent than knowingly.  "Knowingly" requires proof of knowledge of the facts that constitute the offense.  *See Bryan v. United States*, 118 S. Ct. 1939, 1945 (1998).  "Willfully" requires proof that the defendant acted with knowledge that his or her conduct violated the law.  *See Ratzlaf*, 114 S. Ct. at 657; *United States v. Fountain*, 277 F.3d 714 (5th Cir. 2001) (Congress chose "knowingly" as the mens rea requirement for submitting false records in connection with the purchase or sale of fish, therefore the district court properly refused to instruct on "willfully").

[29] This instruction follows Fifth Circuit Model 215A and a similar instruction for conspiracy to violate Section 666 from *United States v. Price*, 3:14-cr-00293-M, Dkt. 518 at 8 (N.D. Tex. Apr. 28, 2017) (Lynn, C.J.).

For you to find Mr. Hamilton guilty of this crime, you must be convinced that the government has proved each of the following elements of conspiracy beyond a reasonable doubt::

*First*: That the defendant and at least one other person, here Carolyn Davis, agreed to commit the crime of bribery concerning a program receiving federal funds, 18 U.S.C. § 666, as charged in Count 2 of the indictment;[30]

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the corrupt intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts between June 2013 and April 2015,[31] in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.  One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme.

---

[30] Mr. Hamilton continues to maintain that the conspiracy to violate Section 666 charge is deeply flawed because the language of Count 1 does not allege that a violation of Section 666 was the object of the conspiracy.  (Dkt. 159.)  Instead, the language of Count 1 tracks Section 201, not Section 666, in alleging the object of the conspiracy.  (Dkt. 139 ¶¶ 8-9.)

[31] This is the time-frame of the conspiracy, as limited by the Court's Order striking a broader time-frame.  Dkt.213 at 2.

Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

As stated above, the charge here is a conspiracy to commit bribery. The crime of bribery concerning a local government receiving federal benefits is described in Title 18, United States Code, Section 666(a)(2). To establish that Mr. Hamilton committed the crime of bribery under Section 666, the government must prove each of the following elements, beyond a reasonable doubt:

*First*: that at the time of the offense charged, Carolyn Davis was an agent of the City of Dallas because she served on the Dallas City Council;

*Second*: that the City of Dallas received in any one-year period that include the time of the offense charged benefits in excess of $10,000 under a federal program involving a grant, excluding any bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business;[32]

---

[32] The excluding clause tracks the language of 18 U.S.C. § 666(c).

35

*Third*, that Mr. Hamilton corruptly gave or agreed to give money to Carolyn Davis with the intent to influence, [33] or in other words with the intent to bribe,[34] Carolyn Davis in connection with any business, transaction or series of transactions of the Dallas City Council that were agreed upon at the time of the exchange.[35]  Specifically the government alleges four examples in a pattern

---

[33] Instruction 2.33C brackets the word "reward" in acknowledging that it is not appropriate to be given in a case charged as bribery, as this case is, so we have deleted that word.  In *United States v. Ganim*, 510 F.3d 134, 151 (2d. Cir. 2007), then-Judge Sotomayor, writing for the Second Circuit, noted the risk of confusion in a Section 666 case based on bribery, where the "reward" language was used.  There, the Court found that the use of the word "rewarded" in the jury charge "introduced unnecessary ambiguity as it may have implied an illegal gratuity theory which the government, in fact, had not pursued."  *Id.*  The Court went on to say: "Future courts, cognizant of the gratuity/bribery distinction in § 666 prosecutions, should endeavor to be more precise."  *Id.*  The argument for excluding "reward" is developed further, and incorporated here, in Mr. Hamilton's Motion to Strike.  (Dkt. 163 at 4-7.)  This Court denied the motion to strike, reserved decision on the legal issue, and said it would address the issue here, at the jury instruction stage. (Dkt. 213 at 1-2.)

[34] The Supreme Court has long explained that the "to be influenced" language means bribery.  *See, e.g.*, *United States v. Sun-Diamond Growers of Ca.*, 526 U.S. 398, 404-05 (1997) ("Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act.  In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."); *United States v. Birdsall*, 233 U.S. 223, 230 (1914) (explaining the "to be influenced" language refers :to bribe giving"); *see also United States v. Nagin*, 810 F.3d 348, 351 (5th Cir. 2016) (explaining that a conviction under Section 201 requires the defendant to have "corruptly entered into a quid pro quo , knowing that the purpose behind the payment that he has ... agreed to receive [ ] is to induce or influence him in an official act.") (quoting *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008).  The Supreme Court repeatedly has explained "that § 666 'was designed to extend federal bribery prohibitions to bribes offered to state and local officials employed by agencies receiving federal funds."  *Sabri v. United States*, 541 U.S. 600, 607 (2004) (quoting *Salinas v. United States*, 522 U.S. 52, 58 (1997)); *see Salinas*, 522 U.S. at 57 (Section 666 "forbids acceptance of a bribe by a covered official who intends 'to be influenced or rewarded in connection with any business, transaction, or series of transactions of [the defined] organization, government or agency.'"); *see United States v. Shoemaker*, 746 F.3d 614, 623 (2014) ("the unlawful act is that proscribed by § 666, which requires only that the bribe-giver 'corruptly' offer or give a bribe '*with intent* to influence or reward' the agent.").  Without this clarification, the jury could err in concluding that First Amendment-protected conduct, including petitioning activity and providing campaign contributions, could be crimes.  *See* Trial Brief.

[35] The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by

36

of official acts[36] of what it claims to be business, a transaction or series of transactions:  (1) Carolyn Davis' February 2, 2015 vote as Chair of the Housing Committee to support the Texas Department of Housing and Community Affairs awarding tax exempt bonds and 9% tax credits for the Royal Crest project; (2) Carolyn Davis' February 25, 2015 motion for the Dallas City Council to authorize the Dallas Housing Finance Corporation to make a loan to the Royal Crest project in an amount not to exceed $2,520,000 and for the city's nomination of the project to receive 9% low-income housing tax credits through the Texas Department of Housing and Community Affairs (TDHCA); (3) seeking the support of other elected officials for Mr. Hamilton's projects; and (4) agreeing on April 23, 2015 to lobby the TDHCA on Mr. Hamilton's behalf.

*Fourth*: That the business transaction or series of transactions of the local government involved anything of value of $5,000 or more.

The term "agent" means a person authorized to act on behalf of another person, or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative.  As used here, the government must prove beyond a reasonable doubt that Carolyn Davis was acting as the agent of the City of Dallas in that she was authorized to act on behalf of the Dallas City Council with respect to its funds.[37]

The term "government agency" means a subdivision of the executive, legislative,

---

law be brought' before a public official." *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).  The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

[36] The phrase "pattern of official acts" and the list of these four acts comes from Paragraph 15 of the Indictment.

[37] Dkt. 158 at 2-3.

judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program.

The term "local" means of or pertaining to a political subdivision within a State.

The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the off or that ends no later than twelve months after the commission of the offense.  Such period may include time both before and after the commission of the offense.

"Business" means a commercial enterprise carried on for profit.[38]

"Transaction" means an act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur.  It may involve selling, leasing, borrowing, mortgaging or lending.[39]

---

[38] *See* Dkt 126 (MTD 6).  "[T]he common definition of a business" is "[a] commercial enterprise carried on for profit." *Flava Works, Inc. v. City of Miami*, 609 F.3d 1233, 1239 (11th Cir. 2010) (quoting *Black's Law Dictionary* 211 (8th ed. 2004)); *see Nicolaci v. Anapol*, 387 F.3d 21, 25 (1st Cir. 2004) ("The term 'business,' in its ordinary and common usage, refers to regularly repeated activity for profit.").  The need to define "business" and "transaction is addressed in the Trial Brief.

[39] *See* Dkt 126 (MTD 6).  "Transaction" is defined as "[a]n act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur. It may involve selling, leasing, borrowing, mortgaging or lending." *Black's Law Dictionary* at 1496 (6th ed. 1990). "It must therefore consist of an act of agreement. . . in which more than one person is concerned, and by which the legal relationship of such persons between themselves has been altered." *Id.* Federal criminal statutes similarly define "transaction" by illustration. "[T]he term 'transaction' includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition." 18 U.S.C. §1956(c)(3) (money laundering).  The need to define "business" and "transaction is addressed in the Trial Brief.

An act is "corruptly" done if it is done intentionally with an unlawful purpose.  It is not so broad that it would reach legitimate or acceptable conduct.[40]

The word "value" means the face, par, market value, or cost price, either wholesale or retail, which- ever is greater.

It is not necessary to prove that the defendants conduct directly affected the federal funds received by  the agency under the federal program.   However, there must be some connection between the criminal conduct and the local government receiving federal assistance.

With respect to the third element of bribery, it is sufficient for the government to prove that the defendant entered into a corrupt agreement to receive things of value with the intent to be influenced on any question or matter which may be then or would thereafter be pending before him, whether or not the defendant actually acted in accordance with this agreement.

In determining whether the defendant is guilty of this offense, do not consider bona fide salary, wages, fees, or other compensation paid, loans or expenses paid or reimbursed, in the usual course of business, or gifts that do not involve a corrupt agreement.[41]

The following actions performed or agreed to be performed by the public official, without more, are not sufficient to establish guilt on this count: setting up a meeting, hosting an event, talking to another official, lobbying other governmental agencies; and advocating on behalf of constituents or supporters to State agencies or other public officials;  sending a subordinate to a meeting, or simply expressing support for a constituent.  You may, however, consider all of the evidence in determining if a public official entered into a corrupt agreement.  Because Mr.

---

[40] The Model Instructions repeatedly cite to *United States v. Brunson*, 882 F.2d 151 (5th Cir. 1989), in the Notes where the word "corruptly" is used, and this language is from *Brunson.  See* Model 2.09A, 2.09B, 2.10, 2.33B.

[41] This paragraph is a slight modification of the Model that was given verbatim in *United States v. Price*, 3:14-cr-00293-M, Dkt. 518 at 13 (N.D. Tex. Apr. 28, 2017) (Lynn, C.J.).

Hamilton is charged with a conspiracy to commit bribery, the government must prove each and all of the seven elements set out above, beyond a reasonable doubt.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 17

Count 2

### BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS (OFFERING A BRIBE)
### (Model 2.33C as modified)[42]

### 18 U.S.C. § 666(a)(2)

Title 18, United States Code, Section 666(a)(2), makes it a crime for anyone to corruptly give, offer, or agree to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

For Count 2, the government must prove the following beyond a reasonable doubt:

*First*, that at the time of the offense charged, Carolyn Davis was an agent of the City of Dallas because she served on the Dallas City Council;

*Second*: that the City of Dallas received in any one-year period that include the time of the offense charged benefits in excess of $10,000 under a federal program involving a grant, excluding any bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business;[43]

---

[42] This Court gave a similar instruction for conspiracy to violate Section 666 from *United States v. Price*, 3:14-cr-00293-M, Dkt. 518 at 8 (N.D. Tex. Apr. 28, 2017).

[43] The excluding clause tracks the language of 18 U.S.C. § 666(c).

40

*Third*, that Mr. Hamilton corruptly gave or agreed to give money to Carolyn Davis with the intent to influence, [44] or in other words with the intent to bribe,[45] Carolyn Davis in connection with any business, transaction or series of transactions of the Dallas City Council that were agreed upon at the time of the exchange.[46]  Specifically the government alleges four examples in a pattern

---

[44] Instruction 2.33C brackets the word "reward" in acknowledging that it is not appropriate to be given in a case charged as bribery, as this case is, so we have deleted that word.  In *United States v. Ganim*, 510 F.3d 134, 151 (2d. Cir. 2007), then-Judge Sotomayor, writing for the Second Circuit, noted the risk of confusion in a Section 666 case based on bribery, where the "reward" language was used.  There, the Court found that the use of the word "rewarded" in the jury charge "introduced unnecessary ambiguity as it may have implied an illegal gratuity theory which the government, in fact, had not pursued.  *Id.*  The Court went on to say: "Future courts, cognizant of the gratuity/bribery distinction in § 666 prosecutions, should endeavor to be more precise."  *Id.*  The argument for excluding "reward" is developed further, and incorporated here, in Mr. Hamilton's Motion to Strike.  (Dkt. 163 at 4-7.)  This Court denied the motion to strike, reserved decision on the legal issue, and said it would address the issue here, at the jury instruction stage. (Dkt. 213 at 1-2.)

[45] The Supreme Court has long explained that the "to be influenced" language means bribery.  *See, e.g.*, *United States v. Sun-Diamond Growers of Ca.*, 526 U.S. 398, 404-05 (1997) ("Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act.  In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."); *United States v. Birdsall*, 233 U.S. 223, 230 (1914) (explaining the "to be influenced" language refers :to bribe giving"); *see also United States v. Nagin*, 810 F.3d 348, 351 (5th Cir. 2016) (explaining that a conviction under Section 201 requires the defendant to have "corruptly entered into a quid pro quo , knowing that the purpose behind the payment that he has ... agreed to receive [ ] is to induce or influence him in an official act.") (quoting *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008).  The Supreme Court repeatedly has explained "that § 666 'was designed to extend federal bribery prohibitions to bribes offered to state and local officials employed by agencies receiving federal funds."  *Sabri v. United States*, 541 U.S. 600, 607 (2004) (quoting *Salinas v. United States*, 522 U.S. 52, 58 (1997)); *see Salinas*, 522 U.S. at 57 (Section 666 "forbids acceptance of a bribe by a covered official who intends 'to be influenced or rewarded in connection with any business, transaction, or series of transactions of [the defined] organization, government or agency.'"); *see* United States v. Shoemaker, 746 F.3d 614, 623 (2014) ("the unlawful act is that proscribed by § 666, which requires only that the bribe-giver 'corruptly' offer or give a bribe '*with intent* to influence or reward' the agent.").  Without this clarification, the jury could err in concluding that First Amendment-protected conduct, including petitioning activity and providing campaign contributions, could be crimes.  *See* Trial Brief.

[46] The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by

of official acts[47] of what it claims to be business, a transaction or series of transactions:  (1) Carolyn Davis' February 2, 2015 vote as Chair of the Housing Committee to support the Texas Department of Housing and Community Affairs awarding tax exempt bonds and 9% tax credits for the Royal Crest project; (2) Carolyn Davis' February 25, 2015 motion for the Dallas City Council to authorize the Dallas Housing Finance Corporation to make a loan to the Royal Crest project in an amount not to exceed $2,520,000 and for the city's nomination of the project to receive 9% low-income housing tax credits through the Texas Department of Housing and Community Affairs (TDHCA); (3) seeking the support of other elected officials for Mr. Hamilton's projects; and (4) agreeing on April 23, 2015 to lobby the TDHCA on Mr. Hamilton's behalf.

*Fourth*, that this alleged business, transaction, or series of transactions of the Dallas City Council involved anything of value of $5,000 or more.

The term "agent" means a person authorized to act on behalf of another person, or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative.  As used here, the government must prove beyond a reasonable doubt that Carolyn Davis was acting as the agent of the City of Dallas in that she was authorized to act on behalf of the Dallas City Council with respect to its funds.[48]

The term "government agency" means a subdivision of the executive, legislative,

---

law be brought' before a public official."  *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).  The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

[47] The phrase "pattern of official acts" and the list of these four acts comes from Paragraph 15 of the Indictment.

[48] Dkt. 158 at 2-3.

judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program.

The term "local" means of or pertaining to a political subdivision within a State.

The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the off or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

"Business" means a commercial enterprise carried on for profit.[49]

"Transaction" means an act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur. It may involve selling, leasing, borrowing, mortgaging or lending.[50]

---

[49] *See* Dkt 126 (MTD 6). "[T]he common definition of a business" is "[a] commercial enterprise carried on for profit." *Flava Works, Inc. v. City of Miami*, 609 F.3d 1233, 1239 (11th Cir. 2010) (quoting *Black's Law Dictionary* 211 (8th ed. 2004)); *see Nicolaci v. Anapol*, 387 F.3d 21, 25 (1st Cir. 2004) ("The term 'business,' in its ordinary and common usage, refers to regularly repeated activity for profit."). The need to define "business" and "transaction is addressed in the Trial Brief.

[50] *See* Dkt 126 (MTD 6). "Transaction" is defined as "[a]n act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur. It may involve selling, leasing, borrowing, mortgaging or lending." *Black's Law Dictionary* at 1496 (6th ed. 1990). "It must therefore consist of an act of agreement. . . in which more than one person is concerned, and by which the legal relationship of such persons between themselves has been altered." *Id.* Federal criminal statutes similarly define "transaction" by illustration. "[T]he term 'transaction' includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition." 18 U.S.C. §1956(c)(3) (money laundering). The need to define "business" and "transaction is addressed in the Trial Brief.

An act is "corruptly" done if it is done intentionally with an unlawful purpose.  It is not so broad that it would reach legitimate or acceptable conduct.[51]

The word "value" means the face, par, market value, or cost price, either wholesale or retail, which- ever is greater.

It is not necessary to prove that the defendants conduct directly affected the federal funds received by  the agency under the federal program.   However, there must be some connection between the criminal conduct and the local government receiving federal assistance.

With respect to the third element of bribery, it is sufficient for the government to prove that the defendant entered into a corrupt agreement to receive things of value with the intent to be influenced on any question or matter which may be then or would thereafter be pending before him, whether or not the defendant actually acted in accordance with this agreement.

In determining whether the defendant is guilty of this offense, do not consider bona fide salary, wages, fees, or other compensation paid, loans or expenses paid or reimbursed, in the usual course of business, or gifts that do not involve a corrupt agreement.[52]

The following actions performed or agreed to be performed by the public official, without more, are not sufficient to establish guilt on this count: setting up a meeting, hosting an event, talking to another official, lobbying other governmental agencies; and advocating on behalf of constituents or supporters to State agencies or other public officials;  sending a subordinate to a meeting, or simply expressing support for a constituent.  You may, however, consider all of the evidence in determining if a public official entered into a corrupt agreement.

---

[51] The Model Instructions repeatedly cite to *United States v. Brunson*, 882 F.2d 151 (5th Cir. 1989), in the Notes where the word "corruptly" is used, and this language is from *Brunson.  See* Model 2.09A, 2.09B, 2.10, 2.33B,

[52] This paragraph is a slight modification of the Model that was given verbatim in *United States v. Price*, 3:14-cr-00293-M, Dkt. 518 at 13 (N.D. Tex. Apr. 28, 2017) (Lynn, C.J.).

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 18

Count 3

## BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS (OFFERING A BRIBE)
(Model 233C as modified)[53]

### 18 U.S.C. § 666(a)(2)

As I just explained, Title 18, United States Code, Section 666(a)(2), makes it a crime for anyone to corruptly give, offer, or agree to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.

For Count 3, the government must prove the following beyond a reasonable doubt:

*First*, that at the time of the offense charged, Dwaine Caraway was an agent of the City of Dallas by serving on the Dallas City Council;

*Second*: that the City of Dallas received in any one-year period that include the time of the offense charged benefits in excess of $10,000 under a federal program involving a grant, excluding any bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business;[54]

---

[53] This Court gave a similar instruction for conspiracy to violate Section 666 from *United States v. Price*, 3:14-cr-00293-M, Dkt. 518 at 8 (N.D. Tex. Apr. 28, 2017).

[54] The excluding clause tracks the language of 18 U.S.C. § 666(c).

*Third*, that on April 3, 2018, Mr. Hamilton corruptly gave or agreed to give a check for $7,000 to Dwaine Caraway with the intent to influence,[55] or in other words with the intent to bribe,[56] Dwaine Caraway in connection with any business, transaction or series of transactions of the Dallas City Council that were agreed upon at the time of the exchange.[57]   Specifically the

---

[55] Instruction 2.33C brackets the word "reward" in acknowledging that it is not appropriate to be given in a case charged as bribery, as this case is, so we have deleted that word.  In *United States v. Ganim*, 510 F.3d 134, 151 (2d. Cir. 2007), then-Judge Sotomayor, writing for the Second Circuit, noted the risk of confusion in a Section 666 case based on bribery, where the "reward" language was used.  There, the Court found that the use of the word "rewarded" in the jury charge "introduced unnecessary ambiguity as it may have implied an illegal gratuity theory which the government, in fact, had not pursued."  *Id.*  The Court went on to say: "Future courts, cognizant of the gratuity/bribery distinction in § 666 prosecutions, should endeavor to be more precise."  *Id.*  The argument for excluding "reward" is developed further, and incorporated here, in Mr. Hamilton's Motion to Strike.  (Dkt. 163 at 4-7.)  This Court denied the motion to strike, reserved decision on the legal issue, and said it would address the issue here, at the jury instruction stage.  (Dkt. 213 at 1-2.)

[56] The Supreme Court has long explained that the "to be influenced" language means bribery.  *See, e.g.*, *United States v. Sun-Diamond Growers of Ca.*, 526 U.S. 398, 404-05 (1997) ("Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted 'for or because of' an official act.  In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."); *United States v. Birdsall*, 233 U.S. 223, 230 (1914) (explaining the "to be influenced" language refers :to bribe giving"); *see also United States v. Nagin*, 810 F.3d 348, 351 (5th Cir. 2016) (explaining that a conviction under Section 201 requires the defendant to have "corruptly entered into a quid pro quo , knowing that the purpose behind the payment that he has ... agreed to receive [ ] is to induce or influence him in an official act.") (quoting *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008).  The Supreme Court repeatedly has explained that § 666 'was designed to extend federal bribery prohibitions to bribes offered to state and local officials employed by agencies receiving federal funds."  *Sabri v. United States*, 541 U.S. 600, 607 (2004) (quoting *Salinas v. United States*, 522 U.S. 52, 58 (1997)); *see Salinas*, 522 U.S. at 57 (Section 666 "forbids acceptance of a bribe by a covered official who intends 'to be influenced or rewarded in connection with any business, transaction, or series of transactions of [the defined] organization, government or agency.'"); *see United States v. Shoemaker*, 746 F.3d 614, 623 (2014) ("the unlawful act is that proscribed by § 666, which requires only that the bribe-giver 'corruptly' offer or give a bribe '*with intent* to influence or reward' the agent.").  The Trial Brief addresses the First Amendment issues raised by failing to give this instruction.

[57] The third element has been modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016): "the public official agreed to perform an 'official act' *at the time of* the alleged *quid pro quo*," and that "official act" "must be something *specific and focused* that is 'pending' or 'may by law be brought' before a public official."  *McDonnell*, 136 S. Ct. at 2371 (emphasis added); *see id*

government alleges two examples of official acts that it claims to be business, a transaction or series of transactions: (1) Mr. Hamilton asked Mr. Caraway to ask the mayor to place on the agenda of the Dallas City Council a discussion on an initiative for paid medical-leave to be placed on the ballot for voters to decide, and (2) Mr. Hamilton sought future official action[58] from Mr. Caraway of an unspecified nature concerning a possible development on Eleventh Street.

*Fourth*, that this alleged business, transaction, or series of transactions of the Dallas City Council involved anything of value of $5,000 or more.

The term "agent" means a person authorized to act on behalf of another person, or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative. As used here, the government must prove beyond a reasonable doubt that Dwaine Carraway was acting as the agent of the City of Dallas in that he was authorized to act on behalf of the Dallas City Council with respect to its funds.[59]

The term "government agency" means a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program.

---

at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)). The third element also clarifies the meaning of "corruptly" in the bribery context, in accordance with *United States v. Blagojevich*, 794 F.3d 729, 736 (7th Cir. 2015) ("'Corruptly' refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity.").

[58] "Future official action" is the language of Paragraph 63 of the Indictment. "Official acts" again appears in Paragraph 66.

[59] Dkt. 158 at 2-3.

The term "local" means of or pertaining to a political subdivision within a State.

The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the off or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

"Business" means a commercial enterprise carried on for profit.[60]

"Transaction" means an act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur.  It may involve selling, leasing, borrowing, mortgaging or lending.[61]

An act is "corruptly" done if it is done intentionally with an unlawful purpose.  It is not so broad that it would reach legitimate or acceptable conduct.[62]

---

[60] *See* Dkt 126 (MTD 6).  "[T]he common definition of a business" is "[a] commercial enterprise carried on for profit." *Flava Works, Inc. v. City of Miami*, 609 F.3d 1233, 1239 (11th Cir. 2010) (quoting *Black's Law Dictionary* 211 (8th ed. 2004)); *see Nicolaci v. Anapol*, 387 F.3d 21, 25 (1st Cir. 2004) ("The term 'business,' in its ordinary and common usage, refers to regularly repeated activity for profit.").  The need to define "business" and "transaction is addressed in the Trial Brief.

[61] *See* Dkt 126 (MTD 6).  "Transaction" is defined as "[a]n act, agreement, or several acts or agreements between or among parties whereby a cause of action or alteration of legal rights occur. It may involve selling, leasing, borrowing, mortgaging or lending."  *Black's Law Dictionary* at 1496 (6th ed. 1990). "It must therefore consist of an act of agreement. . . in which more than one person is concerned, and by which the legal relationship of such persons between themselves has been altered." *Id.* Federal criminal statutes similarly define "transaction" by illustration.  "[T]he term 'transaction' includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition." 18 U.S.C. §1956(c)(3) (money laundering).  The need to define "business" and "transaction is addressed in the Trial Brief.

[62] The Model Instructions repeatedly cite to *United States v. Brunson*, 882 F.2d 151 (5th Cir. 1989), in the Notes where the word "corruptly" is used, and this language is from *Brunson.  See* Model 2.09A, 2.09B, 2.10, 2.33B.

The word "value" means the face, par, market value, or cost price, either wholesale or retail, which- ever is greater.

It is not necessary to prove that the defendants conduct directly affected the federal funds received by the agency under the federal program.  However, there must be some connection between the criminal conduct and the local government receiving federal assistance.

With respect to the third element of bribery, it is sufficient for the government to prove that the defendant entered into a corrupt agreement to receive things of value with the intent to be influenced on any question or matter which may be then or would thereafter be pending before him, whether or not the defendant actually acted in accordance with this agreement.

In determining whether the defendant is guilty of this offense, do not consider bona fide salary, wages, fees, or other compensation paid, loans or expenses paid or reimbursed, in the usual course of business, or gifts that do not involve a corrupt agreement.[63]

The following actions performed or agreed to be performed by the public official, without more, are not sufficient to establish guilt on this count: setting up a meeting, hosting an event, talking to another official, lobbying other governmental agencies; and advocating on behalf of constituents or supporters to State agencies or other public officials;  sending a subordinate to a meeting, or simply expressing support for a constituent.  You may, however, consider all of the evidence in determining if a public official entered into a corrupt agreement.

---

[63] This paragraph is a slight modification of the Model that was given verbatim in *United States v. Price*, 3:14-cr-00293-M, Dkt. 518 at 13 (N.D. Tex. Apr. 28, 2017) (Lynn, C.J.).

**MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 19**

Count 4

**INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF
RACKETEERING ENTERPRISES – TEXAS BRIBERY
18 U.S.C. § 1952(a) (Model 2.74)**

Title 18, United States Code, Section 1952 makes it a crime for anyone to travel in interstate or foreign commerce, or to use the mail, or any facility in interstate or foreign commerce, with intent to commit or facilitate certain unlawful activity, and thereafter perform or attempt to perform that unlawful activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant traveled in interstate commerce or that he used any facility in interstate commerce;

*Second*: That the defendant did so with the specific intent to promote, manage, establish, or carry on unlawful activity, that is, Bribery in violation of Texas Penal Code § 36.02; and

*Third*: That subsequent to the act of travel or use of any facility in interstate commerce the defendant did knowingly and willfully promote, manage, establish, or carry on such unlawful activity, that is, Bribery in violation of Texas Penal Code § 36.02.

Bribery in violation of Texas Penal Code § 36.02 provides in relevant part: "A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another any benefit as consideration for the recipient's decision, opinion, recommendation, or other exercise of discretion as a public servant."  This

statute requires *quid pro quo* bribery.  The statute is not violated where gifts are given in the mere hope of influence, without any agreement by the donee.[64]

  "Commerce" includes travel, trade, transportation and communication.

  "Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and another state, territory, or possession of the United States, including the District of Columbia.

  "Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

---

[64] *See* Dkt 126 at 21-23 (MTD 5).  Although Section 666's "intent to influence" is understood to require a *quid pro quo*, as addressed above, Texas Penal Code Section 36.02 switched from that language to "use [of] the term 'as consideration for' in lieu of 'intent to influence' [] to emphasize the bargain aspect of the bribery." *Garrett v. McCotter*, 807 F.2d 482, 485 (5th Cir. 1987) (quoting *McCallum v. State*, 686 S.W.2d 132, 135 (Tex. Crim. App. 1985)).  In other words, "the Texas legislature intentionally replaced 'with intent to influence; with 'any benefit as consideration for' in order to avoid 'application of the bribery sanction to situations where gifts are given in mere hope of influence, without any agreement by the donee." *Id.*  Thus, "the change in language was intended to stiffen the requirements for a bribery conviction." *Id.*  The statutory language concerning "consideration" is meant to highlight that there is "an inducement to an illegal contract." *McCallum*, 686 S.W.2d at 135.  "Implicit in Section 36.02 is the requirement of a *quid pro quo*; that is, an agreement to exchange *any benefit* for the *exercise of discretion as a public servant*." *Gandara v. State*, 527 S.W.3d 261, 273 (Tex. App. 2016) (emphasis in original).  Thus, "under both Texas and federal law . . . . bribery requires a quid pro quo transaction, meaning the bribe must be given in a direct and intended exchange for the doing of the official act." *Garcia v. Lion Mexico Consolidated L.P.*, 2018 WL 6427350, at *11 (W.D. Tex. Sept. 14, 2018).

  Like Section 666, Texas Penal Code Section 36.02 is a bribery statute and it does not cover gratuities. *United States v. Tunnell*, 667 F.2d 1182, 1185 (5th Cir. 1982).  Moreover, the Travel Act covers only state "bribery" offenses, 18 U.S.C. § 1952(b)(2), so a state gratuity statute could not serve as a Travel Act predicate.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 20

### TRAVEL ACT INTERSTATE COMMERCE REQUIREMENT

For the purposes of the Travel Act charged in Count, the use of a telephone in making a call from one state into another states would involve a "facility in interstate commerce."  An intrastate phone call, however, will not.[65]

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 21

### DEFINING BRIBERY

Each of these charges concern bribery.  As I explained in my preliminary instructions to you, in plain English, bribery requires a specific intent to give or receive something of value in exchange for a specific kind of official act, the business or a transaction of the Dallas City Council.[66]  It is not enough to find that Ruel Hamilton gave something of value to thank a member

---

[65] "An intrastate telephone call, however, will not furnish Federal jurisdiction."  9 Criminal Resource Manual § 1107 (2019).  *See* Dkt. 162.  This Court, however, rejected the Department of Justice's interpretation of the statute, which was based on the settled interpretation of the Travel Act dating back to 1969.  Instead, this Court looked to the Fifth Circuit's interpretation of a different statute, the murder-for-hire statute, to reach an opposite result, despite Congress' ratification of the view espoused by DOJ and, after the Fifth Circuit construed the murder-for-hire statute, Congress amended that statute to highlight its difference from the Travel Act.  (Dkt. 214.)

[66] Section 666 criminalizes "*quid pro quo* bribes."  *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 361 n.4 (2016).  The Fifth Circuit has explained that under Section 666, "[t]he decisive factor is that the public official has 'corruptly entered into a quid pro quo, knowing that the purpose behind the payment that he received, or agreed to receive, is to induce or influence him in an official act.'"  *United States v. Grace*, 568 F. App'x 344, 350 (5th Cir. 2014) (quoting *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008)); *see United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366, 379 (5th Cir. 2017) ("Our *Whitfield* decision and the cases it discussed dealt with bribery, which requires a quid pro quo.").  "In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value in *exchange* for an official act."  *United States v. Sun-Diamond Growers*, 526 U.S. 398, 404-05 (1999) *United States v. Sidoo*, 2020 WL 3440990, at *9 (D. Mass. June 23, 2020) (explaining in the context of Section 666 that "[f]or a payment to constitute a bribe, there must be 'a quid pro quo — a specific intent to give or receive something of value in exchange for an official act.'") (quoting *Sun-Diamond*, 526 U.S. at 404–05).  Like Section 666, Texas Penal Code Section 36.02 is a bribery statute and it does not cover gratuities. *United States v. Tunnell*, 667 F.2d 1182, 1185 (5th Cir. 1982).  Moreover, the Travel Act covers only state "bribery" offenses, 18 U.S.C. § 1952(b)(2), so a state gratuity

of the Dallas City Council for his or her support,[67] rather the government must prove beyond a

reasonable doubt that Ruel Hamilton gave something of value intending to cause a member of the

Dallas City Council to take a specific official act that they would not have taken but for the

payment.[68]  This is sometime referred to as a *quid pro quo*, which is a Latin phrase that roughly

statute could not serve as a Travel Act predicate.  It would likely invite confusion to define bribery differently for purposes of Count 4 than as used in Counts 1-3.  This issue will be addressed in more detail in Mr. Hamilton's Trial Brief.

[67] This instruction is necessary to differentiate the charged crime of bribery from an uncharged gratuity offense.  The First Circuit explained the difference between bribery and gratuities in *United States v. Bravo-Fernandez*, 722 F.3d 1, 19 (1st Cir. 2013): "The Supreme Court explained the distinction between bribes and illegal gratuities in *United States v. Sun–Diamond Growers of California*, 526 U.S. 398 (1999): 'The distinguishing feature of each crime is its intent element. Bribery requires intent 'to influence' an official act or 'to be influenced' in an official act, while illegal gratuity requires only that the gratuity be given or accepted "for or because of" an official act.  In other words, for bribery there must be a *quid pro quo*— a specific intent to give or receive something of value *in exchange* for an official act.  An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the public official will take (and may already have determined to take), *or for a past act that he has already taken*.' *Id.* at 404–05, 119 S. Ct. 1402 (third emphasis added)."  It is a defense to a Section 666 charge to show that the gift was merely a gratuity. *See United States v. Jennings*, 160 F.3d 1006, 1018-19 (4th Cir. 1998) (requiring a "mere gratuity" instruction under Section 666 where there is a factual basis for the instruction); *see also United States v. Washington*, 688 F.2d 953, 957 (5th Cir. 1982) (gratuity is a defense to bribery); *United States v. Friedman*, 854 F.2d 535, 556-57 (2d Cir. 1988) (same); *United States v. Chen*, 754 F.2d 817, 825 (9th Cir. 1985) (same).

[68] A payment to reward public officials for an act they have taken or already plan to take is a gratuity.  It is only when the payer believes that a payment is needed to change the public official's conduct that the payment becomes a bribe.  *See, e.g.*, *United States v. Tavares*, 844 F.3d 46, 56 (1st Cir. 2016) (evidence of a gratuity given to a state legislator to reward him for a vote insufficient where the giver was unaware that the legislator had "change[d]" his vote to benefit the giver); *United States v. Urciuoli*, 613 F.3d 11, 15 (1st Cir. 2010) (affirming jury instruction that required the government to "prove beyond a reasonable doubt the [the defendant] intended the payment to cause [the named legislator] to change an official position that he would otherwise have taken or to take official actions that he would not have taken but for the payment") (Souter, J., on panel); *see also United States v. Woodward*, 149 F.3d 46, 55 (1st Cir. 1998) (bribery requires an "intent to cause the recipient to alter her official acts.") (quoting *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996)).  The Fifth Circuit reached the same conclusion in looking to the honest services statute pre-*Skilling*, explaining that "the mere violation of a gratuity statute" would not reflect an intent to deprive the public of honest services: "If the employee renders all the services his position calls for, and if these and all other services rendered by him are just the services which would be rendered by a totally faithful employee, and if the scheme does not contemplate otherwise, there has been no deprivation of honest services." *United States v. Brumley,* 116 F.3d

translates to this for that.  To prove bribery here, the government must prove beyond a reasonable doubt that Mr. Hamilton struck or attempted to strike such a corrupt agreement with Carolyn Davis or Dwain Caraway, depending on the charge in which they are mentioned.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 22

### BRIBERY IS COMPLETE UPON OFFER OR ACCEPTANCE

In deciding where and when an act of alleged bribery occurred, you should remember that the offer or acceptance of the bribe is the violation of the statute, not the performance of the alleged illegal promise.[69]

---

728, 734 (5th Cir.1997).  Thus, absent an intent to change a public official's official act, there is no bribery.  This result also is necessary because Section 666 uses the word "corruptly," which is "transitive" in that it reflects an attempt to "change" someone from good to bad.  *United States v. Farrell*, 126 F.3d 484, 488 n.2 (3d Cir. 1997) (citing *Webster's Ninth New Collegiate Dictionary*).  There is no corrupt intent to change a public official from good to bad if the payment is not made to change any action by the public official at all.

[69] *United States v. Brewster*, 408 U.S. 501, 526 (1972) (to prove bribery, there was "no need for the Government to show that [the public official] fulfilled the alleged illegal bargain; acceptance of the bribe is the violation of the statute, not performance of the illegal promise"); *United States v. Bay State Ambulance and Hosp. Rental Serv., Inc.*, 874 F.2d 20, 34 (1st Cir. 1989) (same); *United States v. Ozcelic*, 527 F.3d 88, 95 (3d Cir. 2008) ("Notably, the offense is committed when the official (here, the unnamed INS official) agrees to accept the bribe in exchange for promising to carry out one of the statutory prohibitions (i.e., the promise to alter Tuncer's visa); it is not necessary to actually perform the prohibited act."); *United States v. Myers*, 692 F.2d 83, 841-42 (2d Cir. 1982) ("'[B]eing influenced" does not describe the Congressman's true intent, it describes the intention he conveys to the briber in exchange for the bribe. . . .  [Bribery occurs,] whether or not a promise of official action is intended to be kept.").

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 23

### CHANGE OFFICIAL ACT[70]

To establish bribery, the government must prove beyond a reasonable doubt that, in exchange for giving things of value, Mr. Hamilton sought to have Ms. Davis or Mr. Caraway to take official acts that he or she would not otherwise have taken but for those things of value.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 24

### CONSTITUTIONAL RIGHT TO PETITION FOR LEGISLATION

Citizens of Texas, including Mr. Hamilton have a right, guaranteed by the First Amendment to the United States Constitution to petition the government for redress of grievances. Seeking or gaining access to a legislator to address matters of concern to the citizen or to lobby for

---

[70] The Third Circuit has described bribery as requiring an agreement for the public official to change his position on an official act (otherwise there would be no need for anyone to pay a bribe). *United States v. Ciavarella*, 716 F.3d 705, 731-32 (3d Cir. 2013) ("For an honest services mail fraud conviction, in addition to the traditional mail fraud elements and that the scheme was conducted through the use of bribes or kickbacks, the Government must also prove: (1) 'that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take'; and (2) 'that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor.'" (quoting *United States v. Wright*, 665 F.3d 560, 568 (3d Cir. 2012))); *United States v. Menendez*, 137 F. Supp. 3d 709, 724-45 (D.N.J. 2015) (Walls, J.) ("That Menendez intended to take acts he would not otherwise have taken is adequately charged by alleging a scheme to defraud the United States of his honest services 'through bribery,' and paragraphs 70 through 227 allege circumstantial evidence in support of the allegation.").

Other courts take a similar view. *See, e.g.*, *United States v. Tavares*, 844 F.3d 46, 56 (1st Cir. 2016) (evidence of a gratuity given to a state legislator to reward him for a vote insufficient where the giver was unaware that the legislator had "change[d]" his vote to benefit the giver); *United States v. Urciuoli*, 613 F.3d 11, 15 (1st Cir. 2010) (Souter, J., on panel) (affirming jury instruction that required the government to "prove beyond a reasonable doubt the [the defendant] intended the payment to cause [the named legislator] to change an official position that he would otherwise have taken or to take official actions that he would not have taken but for the payment"); *see also United States v. Woodward*, 149 F.3d 46, 55 (1st Cir. 1998) (bribery requires an "intent to cause the recipient to alter her official acts." (quoting *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996))).

the passage of legislation is constitutionally-protected conduct and does not constitute a corrupt intent to improperly influence the legislator.[71]

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 25

## LEGITIMATE GIVING[72]

Bribery may not be founded on a mere attempt to curry favor.  There is a critical difference between bribery and giving things of value in an attempt to build goodwill.

Standing alone, providing things of value to public officials are not crimes, even if they are provided by someone seeking to curry favor or influence with those officials.  It is not illegal to

---

[71] *See, e.g.*, *United States v. Sawyer*,  85 F.3d 713, 731 n.15 (1st Cir. 1996) ("We do not think that the desire to gain access, by itself, amounts to an intent to influence improperly the legislators' exercise of official duties. The government points to no legislative duty to provide equal access to all members of the public; *and, from a practical standpoint, we doubt one exists.* . . .  [A]s with all lobbyists, [Sawyer's] employment goal was to persuade and influence legislators to benefit certain interests. Such endeavors, however, are protected by the right "to petition the Government for redress of grievance" guaranteed by the First Amendment to the United States Constitution, *see United States v. Harriss*, 347 U.S. 612, 625 (1954) (it would be impermissible to rely upon lobbying to establish a corrupt intent to influence); *First National Bank of Boston v. Bellotti*, 435 U.S. 765, 776-77 (1978) ("there is practically universal agreement that a major purpose of [the First] Amendment is to protect the free discussion of governmental affairs"); *Buckley v. Valeo,* 424 U.S. 1, 25-26 (1976) (describing the right of political association as "closely allied to freedom of speech and a right which, like free speech, lies at the foundation of a free society"); *Vermont Soc'y of Ass'n Executives v. Milne*, 172 Vt. 375, 379, 779 A.2d 20, 24 (2001) ("[I]t is beyond dispute that lobbying directly involves core political speech that lies at the very heart of what the First Amendment was designed to safeguard").

[72] The first paragraph is adapted verbatim from *United States v. Kemp*, 500 F.3d 257, 281 (3d Cir. 2007) ("[B]ribery may not be founded on a mere attempt to *curry favor* . . . . [T]here is a critical difference between bribery and generalized gifts provided in an attempt to build goodwill.").  The remaining paragraphs except the last are adapted largely verbatim from Jury Instruction No. 28 ("Legitimate Gifts and Lobbying"), *United States v. Ring*, No. 08-CR-274 (D.D.C. Nov. 4, 2010) (ECF No. 222) (Huvelle, J.); *see also United States v. Sun–Diamond Growers of Cal.*, 526 U.S. 398, 405 (1999) (giving gift "to build a reservoir of goodwill" is not a crime); *Lodge No. 5 of the FOP v. City of Philadelphia*, 763 F.3d 358, 379 (3d Cir. 2014) ("Congress may take action only to address *quid pro quo* corruption and not the appearance of mere influence or access." (quotation marks omitted)).  The final paragraph is adapted from *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996), and *United States v. Woodward*, 149 F.3d 46, 53-55 (1st Cir. 1998), with a separate footnote.

give a thing of value to a public official merely to build a reservoir of goodwill that might ultimately affect one or more unspecified acts, now or in the future.

The fact that things of value might make a public official willing to take the donor's telephone call or might provide the donor greater access to the official's appointment schedule is not enough, by itself, to demonstrate the donor's intent to provide bribes or to deprive the public of the government official's honest services. Therefore, you cannot find that the defendant has provided bribes if you find that his intent was limited only to the cultivation of business or political friendship.

In addition, the practice of providing campaign contributions and even lavish hospitality to cultivate business or political relationships is longstanding and pervasive. You may believe that all such giving is not appropriate or even reprehensible and should be flatly prohibited by law, but that is not the law. Gift giving to cultivate business or political friendships is not against the law. Not all unappealing conduct is criminal. Your job is to determine whether the government has proven beyond a reasonable doubt that Mr. Hamilton has violated the law as it is actually written, and not what you would prefer the law to be.[73]

---

[73] *See, e.g.*, *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996) ("*The practice of using hospitality, including lavish hospitality, to cultivate business or political relationships is longstanding and pervasive*. The government does not argue, and we do not believe, that payments for entertainment, lodging, golf, sports events, and the like would constitute violations of the Travel Act (or mail and wire fraud statutes) if the aim of the lobbyist were simply to cultivate a business or political 'friendship' with the legislator. *It may be that all such hospitality should be flatly prohibited by law*, but if Sawyer had this limited intent – to cultivate friendship rather than to influence an official act – the federal statutes here involved would not be violated.") (emphasis added); *id.* ("[W]here the difference between lawful and unlawful turns primarily on intent, and the lawful conduct is itself most unattractive, we think the jury needs to be told specifically that the defendant has not violated the bribery component of the Travel Act (or committed honest services fraud) if his intent was limited to the cultivation of business or political friendship. Only if instead or in addition there is an intent to cause the recipient to alter her official acts may the jury find a theft of honest services or the bribery predicate of the Travel Act. Absent some explicit explanation of this kind, the conventional charge will be slanted in favor of conviction."); *see also*

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 26

### GAINING INFLUENCE OR ACCESS TO PUBLIC OFFICIALS IS NOT *QUID PRO QUO* CORRUPTION

The possibility that someone who spends large sums of money may gain influence over or access to elected officials or political parties does not give rise to quid pro quo corruption.[74]  The fact that political supporters have influence over and access to elected officials does not mean that these officials are corrupt.  Favoritism and influence are not avoidable in representative politics, and ingratiation and access are not corruption.[75]

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 27

### POLITICAL CONTRIBUTIONS CANNOT BE BRIBES WITHOUT AN EXPLICIT *QUID PRO QUO* AGREEMENT[76]

Counts 1 and 2 are based on theories of bribery that involve the making of political contributions.  In order for the government to prove that a political contribution was a bribe, it

---

*United States v. Woodward*, 149 F.3d 46, 53-55 (1st Cir. 1998) (noting that in *Sawyer* the Court "mandated a protective instruction to be used in cases such as this, which would help the jury understand the difference between 'reprehensible conduct' which is *not* a violation of federal law, and misconduct which does form the basis for a federal conviction" such that there is no liability if the "*intent was limited to the cultivation of business or political friendship*" and liability "*only if instead or in addition, there is an intent to cause the recipient to alter her official acts*" (emphasis added)).

[74] *McCutcheon v. FEC*, 134 S. Ct. 1434, 1450-51 (2014) ("[T]he possibility that an individual who spends large sums of money may garner influence over or access to elected officials or political parties . . . does not give rise to such *quid pro quo* corruption." (quotation marks omitted)).

[75] *Citizens United v. FEC*, 558 U.S. 310, 359-60 (2010) ("The fact that speakers have influence over and access to elected officials does not mean that these officials are corrupt:  Favoritism and influence are not . . . avoidable in representative politics. . . . .  Ingratiation and access . . . are not corruption." (quotation marks omitted)).

[76] The first paragraph of this instruction is adapted from analysis of the *McCormick* standard in *United States v. Menendez*, 137 F. Supp. 3d 635, 641-43 (D.N.J. 2015); *see also McCormick v. United States*, 500 U.S. 257, 273 (1991) (holding that defendant can be convicted of extorting campaign contributions under color of official right "only if the payments are made in return for an explicit promise or undertaking by the official to perform or not perform an official act").

58

must prove beyond a reasonable doubt that there was an explicit quid pro quo agreement between Mr. Hamilton and Ms. Davis about that contribution.  For any given count, if the Government does not prove this beyond a reasonable doubt, you must acquit Mr. Hamilton on that count.

For a Defendant to be guilty under these statutes, the government must prove that there was a quid pro quo.  The term "quid pro quo" is Latin for "this for that," or "these for those."  For all of the alleged bribes in these counts, the thing of value allegedly promised or exchanged took the form of a political contribution.  Political contributions and fundraising are an important, unavoidable and legitimate part of the American system of privately financed elections.  The law recognizes that political contributions may be given to an elected public official because the giver supports the acts done or to be done by the elected official.  The law thus also recognizes that legitimate, honest political contributions are given to reward public officials with whom the donor agrees, and in the generalized hope that the official will continue to take similar official acts in the future.

Private individuals and other entities often donate to support the political campaigns of public officials and there is nothing illegal about this practice.  Official acts that advance the interests of a donor, taken shortly before or after political contributions are solicited or received from the donor, can, depending on the circumstances, be perfectly legal and appropriate.

---

The remaining paragraphs of this instruction are taken virtually verbatim from Judge Myron Thompson's instruction in *United States v. McGregor*, 879 F. Supp. 2d 1308, 1310-11 (M.D. Ala. 2012).  Judge Thompson's instruction is only modified to replace "official action" with "official act"; "campaign contribution" with the broader term "political contribution"; and references concerning "lobbyists" with references to "donors."  *See also* Jury Instruction No. 27 ("Campaign Contributions"), *United States v. Ring*, No. 08-CR-274 (D.D.C. Nov. 4, 2010) (ECF No. 222) (Huvelle, J.) (similar).  One additional sentence, marked by a footnote, is also inserted based on *United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993) ("Vague expectations of some future benefit should not be sufficient to make a payment a bribe.").

Therefore, the solicitation or acceptance by an elected official of a political contribution does not, in itself, constitute a federal crime, even though the donor has business pending before the official, and even if the contribution is made shortly before or after the official acts favorably to the donor. Contributions given with only a vague expectation of some future benefit are not bribes.[77]

However, when there is a quid pro quo *agreement*, orally or in writing, that is, a mutual understanding, between the donor and the elected official that a political contribution is conditioned on the performance of a *specific official act*, it constitutes a bribe under federal law. By this phrase, I mean that a generalized expectation of some future favorable action is not sufficient for a *quid pro quo* agreement; rather, the agreement must be one that the campaign contribution will be given in exchange for the official agreeing to take or forgo some specific action in order for the agreement to be criminal. A close-in-time relationship between the donation and the act is not enough to establish an illegal agreement.

A *promise* of a political contribution or a *solicitation* of a political contribution may be an illegal *quid pro quo*, as well. But to be illegal (1) it must be a promise or solicitation conditioned on the performance of a specific official act as I explained that phrase in the preceding paragraph; (2) it must be *explicit*; and (3) it must be *material*. To be explicit, the promise or solicitation need not be in writing but must be clearly set forth. An explicit promise or solicitation can be inferred from both direct and circumstantial evidence, including the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence, as well as the rational or logical inferences that may be drawn from them.

---

[77] *See United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993) ("Vague expectations of some future benefit should not be sufficient to make a payment a bribe.").

Finally, the word material is a legal term, and it does not indicate whether something is tangible or intangible.  Rather, it means that the promise or solicitation is one that a reasonable person would view as having the capacity or natural tendency to influence a person's decision.  It does not matter whether the decision-maker actually accepted the promise or solicitation and acted accordingly.  Again, a close-in-time relationship between the donation and the act is not enough to establish an illegal promise or solicitation.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 28

### BRIBERY OF A PUBLIC OFFICIAL – "OFFICIAL ACT" DEFINED (Model 2.09A) [78]

The Indictment uses the term "official act" throughout, which means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending,

---

[78] This is Fifth Circuit Model Jury Instruction 2.09A, modified to track *McDonnell v. United States*, 136 S. Ct. 2355 (2016).  This issue is addresses further in the Trial Brief.  The Supreme Court explained that being influenced in the performance of an official act has two requirements.  First, the Supreme Court emphasized that the list of terms in the definition of "official act" "connote a formal exercise of governmental power, such as a lawsuit, hearing, or administrative determination" and explained that "it seems clear that a typical meeting, telephone call, or event arranged by a public official does not qualify as a 'cause, suit, proceeding or controversy.'"  *Id.* The further requirement that the official act be "'[p]ending' and 'may by law be brought' suggests something relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete."  *Id.* at 2369.  "Second, the Government must prove that the public official made a decision 'on' that question, matter, cause, suit, proceeding, or controversy, or agreed to do so."  *Id.* at 2368.  Other language in the instruction comes from *McDonnell*.  *Id.* at 2371 ("expressing support" is not an official act); *id.* ("the public official agreed to perform an 'official act' at the time of the alleged *quid pro quo*," and that "official act" "must be something specific and focused that is 'pending' or 'may by law be brought' before a public official.")  *id* at 2365 ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform *specific* official acts. . . .") (emphasis added) (quoting *Evans v. United States*, 504 U.S. 255, 268 (1992)).  This Court gave a similar instruction in *Price*, when discussing the bribery requirements under Texas law (relevant in *Price* because the Court looked to Texas bribery law for purposes of bribery under honest services fraud, and relevant here as the Court looks to Texas bribery law in defining bribery under the Travel Acts).  *Price*, Dkt. 518 at 16-17 ("An 'official act' means any decision or action on any question or matter, which may at any time be pending, or which may be by law brought before any public official, in such public official's official capacity.  This has two parts to it.  First, the question or matter must be specific and focused and involve a formal exercise of government power.  Second, the public

or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust. The government must prove beyond a reasonable doubt that Mr. Hamilton intended to influence Ms. Davis or Mr. Caraway in the performance of a specific official act or acts at the time of the allegedly corrupt agreement. The government must prove two things for Mr. Hamilton to have sought to influence either of them in the performance of such an official act or acts.

---

official must make, or agree to make, a decision or take, or agree to take, an action on that question or matter. Setting up a meeting, hosting an event, talking to another official, sending a subordinate to a meeting, or simply expressing support for a constituent does not qualify as an official act. You may, however, consider all of the evidence in determining if a public official entered into a corrupt agreement. You must find that the definition of bribery as set forth at page 15 above has been satisfied beyond a reasonable doubt. In order to satisfy the elements of bribery, however, the public official need not actually perform an official act, or intend to do so.").

Recently, the Sixth Circuit found a jury instruction error in a Section 666 case based on *McDonnell* because the jury was to convict on a similar theory to the one the prosecution advances here. *Dimora v. United States*, 973 F.3d 496 (6th Cir. 2020). Pre-*McDonnell*, the jury was instructed that an "*'official action' includes the exercise of both formal official influence (such as a public official's votes) and informal official influence (such as a public official's influence on other public officials). Id.* at 501 (italics by Sixth Circuit to highlight problematic language). Subsequently, the Court noted that *McDonnell* clarified "that 'official acts' are limited to 'formal exercise[s] of governmental power.'" *Id.* (quoting *McDonnell*, 136 S. Ct. at 2368). Pointing specifically to the language "that official action 'includes' the exertion of 'informal official influence such as a public official's influence on other public officials,'" the court rejected the government's claim this instruction was consistent with *McDonnell* as "wishful thinking." *Id.* at 504. The Sixth Circuit vacated the judgment and remanded for the district court to conduct harmless error analysis. The dissenting from the remand decision, the dissenting judge agreed that "[t]here is no question that the district court erroneously instructed the jury in light of *McDonnell*," and would have gone farther to conclude the error was not harmless." *Id.* at 507 (Merritt, J., dissenting). "Calling another public official" and "expressing support" do not constitute official acts. *McDonnell*, 136 S. Ct. at 2368, 2371. The U.S. Department of Justice conceded a similar error before the Second Circuit. *See United States v. Boyland*, 2017 WL 2918840, at *6-7 (2d Cir. July 10, 2017) (government conceding that jury instructions that treat a public official "lobbying other governmental agencies, and advocating for his constituents" as an official act is erroneous under *McDonnell*.); *see also United States v. Silver*, 864 F.3d 102m 118 n.84 (2d Cir. 2017) (noting *Boyland* rejected jury instructions permitting a conviction based on one public official lobbying another); *United States v. Skelos*, 707. F. App'x 733, 738 (2d Cir. 2017) (reversing Section 66 conviction where jury was told making calls or meeting with lobbyists could count as official acts). It is unclear why the prosecution continues to advance a theory of guilt based on Davis seeking to influence of the public officials that it surely knows is indefensible on appeal.

First, the government must identify an official act, which is an act that involves a formal exercise of governmental power, such as a lawsuit, hearing, or administrative determination. These are the kinds of acts that are relatively circumscribed – the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete. For example, merely arranging or hosting meetings; arranging or hosting event; contacting, calling, or speaking with other government officials; expressing support; lobbying other governmental agencies; and advocating on behalf of constituents or supporters to State agencies or other public officials; without more, are not official acts.

Second, the Government must prove that the public official made a decision on that question, matter, cause, suit, proceeding, or controversy, or agreed to do so. A public official may gather information about an official act, discuss an official act with others, or express support or opposition to an official act, without that public official actually making a decision on an official act.

Decisions or actions do not need to be specifically described in any law, rule, or job description to be considered to be an "official act." However, as explained above, not every action taken by a public official qualifies as an "official act."

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 29

### BRIBERY OF A PUBLIC OFFICIAL – "OFFICIAL ACT" DOES NOT INCLUDE UNSPECIFIED ACTS[79]

Because the bribery statute requires that a specific official act or acts be identified at the time of the allegedly corrupt agreement, it is not sufficient for the government to prove that a

---

[79] *See McDonnell*, 136 S. Ct. at 2375 ("Third, the District Court did not instruct the jury that to convict Governor McDonnell, it had to find that he made a decision or took an action — or agreed to do so — on the identified 'question, matter, cause, suit, proceeding or controversy,' as we have construed that requirement. At trial, several of Governor McDonnell's subordinates testified that

public official accepted a thing of value in exchange for being influenced in the performance of unspecified acts as opportunities may arise in the future.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 30

### AGENT ACTING IN A DIFFERENT CAPACITY

Any votes taken by Carolyn Davis while acting as the Chair of the Housing Committee were actions taken in her capacity as an agent of that Committee, and not as an agent of the Dallas City Council itself.[80]

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 31

### BUSINESS OF TRANSACTION BY THE AGENCY RECEIVING FEDERAL BENEFITS

The only agency that the government alleges received the requisite federal benefits to be subject to Section 666 is the City of Dallas, and all of the City of Dallas' political power is assigned

---

he asked them to attend a meeting, not that he expected them to do anything other than that. If that testimony reflects what Governor McDonnell *agreed to do at the time he accepted the loans and gifts from Williams*, then he did not agree to make a decision or take an action on any of the three questions or matters described by the Fourth Circuit." (emphasis added)).

[80] *See, e.g.*, *United States v. Whitfield*, 590 F.3d 325, 345-48 (5th Cir. 2009) (reversing Section 666 conviction because bribe was not "in connection with" the business or transactions of the organization receiving federal benefits because the agent was acting in a different capacity than as agent of the federally-funded entity); *United States v. Phillips*, 219 F.3d 404, 413 (5th Cir. 2000) (reversing Section 666 conviction because defendant was not the agent of organization receiving federal funds); *United States v. Frega*, 933 F. Supp. 1536, 1542-43 (S.D. Cal 1996), *rev'd in part on other grounds*, 179 F.3d 793 (9th Cir. 1999) (dismissing indictment). There are distinctions between actions taken by a Committee and its Subcommittee. In *Gojack v. United States*, 384 U.S. 702 (1966), for example, the Supreme Court recognized the legal separateness between a House Committee and its Subcommittee. A defendant was held in contempt of Congress for refusing to answer questions before a Subcommittee. Although the Committee plainly was authorized to ask the questions at issue and could have delegated the authority to the Subcommittee, there was no showing that the Subcommittee received such authorization from the Committee. The Supreme Court recognized the legal separateness between the Committee and its Subcommittee and reversed the conviction. *Id.* at 715; *see also United States v. Seeger*, 303 F.2d 478, 484 (2d Cir. 1962) (dismissing indictment on the same ground pre-*Gojack*).

to the Dallas City Council.[81]  Thus, bribery in exchange for any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more, must involve the business, transaction, or series of transactions by the Dallas City Council. Any business, transaction, or series of transactions by a different agency, including the Dallas Housing Finance Corporation or Texas Department of Housing and Community Affairs, could not serve as a basis to convict Mr. Hamilton of bribery under Section 666,

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 32

### BRIBERY OF A PUBLIC OFFICIAL – "OFFICIAL ACT" DOES NOT INCLUDE ADVOCACY BY A DALLAS CITY COUNCILMEMBER TO A STATE OF TEXAS AGENCY[82]

The United States adheres to a system of divided government, with the federal government divided into three Branches, and the federal government sharing power with fifty state

---

[81] Dkt. 220 at 7 ("[T]he Government alleges that the City of Dallas (not the DCC) is the recipient of federal funds.  *See* Superseding Indictment, ECF No. 139 ¶ 6 ('The City of Dallas . . . received benefits in excess of $10,000 . . . under a Federal program . . . .').").  The City of Dallas Charter identifies "a body politic" that is incorporated under the name "City of Dallas," Ch. 1, § 1, but "all powers conferred on the city shall be exercised by a city council," Ch. 3, § 1.

[82] Recently, the Sixth Circuit found a jury instruction error in a Section 666 case based on *McDonnell* because the jury was to convict on a similar theory to the one the prosecution advances here.  *Dimora v. United States*, 973 F.3d 496 (6th Cir. 2020).  Pre-*McDonnell*, the jury was instructed that an "*'official action' includes the exercise of both formal official influence (such as a public official's votes) and informal official influence (such as a public official's influence on other public officials). Id.* at 501 (italics by Sixth Circuit to highlight problematic language).  Subsequently, the Court noted that *McDonnell* clarified "that 'official acts' are limited to 'formal exercise[s] of governmental power.'" *Id.* (quoting *McDonnell*, 136 S. Ct. at 2368).  Pointing specifically to the language "that official action 'includes' the exertion of 'informal official influence such as a public official's influence on other public officials,'" the court rejected the government's claim this instruction was consistent with *McDonnell* as "wishful thinking." *Id.* at 504.  The Sixth Circuit vacated the judgment and remanded for the district court to conduct harmless error analysis.  The dissenting from the remand decision, the dissenting judge agreed that "[t]here is no question that the district court erroneously instructed the jury in light of *McDonnell*," and would have gone farther to conclude the error was not harmless." *Id.* at 507 (Merritt, J., dissenting).  "Calling another public official" and "expressing support" do not constitute official acts.  *McDonnell*, 136 S. Ct. at 2368, 2371.  The U.S. Department of Justice conceded a similar error before the Second Circuit. *See United States v. Boyland*, 2017 WL 2918840, at *6-7 (2d Cir. July

governments.  Each state also divides its power between state-wide and local governments.  It is not uncommon for public officials in one unit of government to advocate that public officials in another unit of government take some official action.  But asking someone in a different government unit to take an official act is not itself an official act.  For example, the government alleges that Carolyn Davis agreed to advocate to a state agency, the TDHCA, to approve tax credits for Mr. Hamilton's real estate project.  Whether they grant or deny such tax credit would be an official act of the TDHCA.[83]  Ms. Davis would not be taking an official act by asking TDHCA to take such an official act.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 33

### BRIBERY CONCERNING A PROGRAM RECEIVING FEDERAL FUNDS – $5,000

With respect to the Section 666 counts, to convict you must find beyond a reasonable doubt that the business, transaction or transactions of the Dallas City Council held a value of $5,000 or more to the City of Dallas or Dallas City Council.  Even if you believe that such business, transaction or transactions had a value of $5,000 or more to someone else, including Mr. Hamilton,

---

10, 2017) (government conceding that jury instructions that treat a public official "lobbying other governmental agencies, and advocating for his constituents" as an official act is erroneous under *McDonnell*.); *see also United States v. Silver*, 864 F.3d 102m 118 n.84 (2d Cir. 2017) (noting *Boyland* rejected jury instructions permitting a conviction based on one public official lobbying another); *United States v. Skelos*, 707. F. App'x 733, 738 (2d Cir. 2017) (reversing Section 66 conviction where jury was told making calls or meeting with lobbyists could count as official acts).  It is unclear why the prosecution continues to advance a theory of guilt that it surely knows is indefensible on appeal.

[83] *See, e.g.*, *United States v. Whitfield*, 590 F.3d 325, 345-48 (5th Cir. 2009) (reversing Section 666 conviction because bribe was not "in connection with" the business or transactions of the organization receiving federal benefits because the agent was acting in a different capacity than as agent of the federally-funded entity); *United States v. Phillips*, 219 F.3d 404, 413 (5th Cir. 2000) (reversing Section 666 conviction because defendant was not the agent of organization receiving federal funds); *United States v. Frega*, 933 F. Supp. 1536, 1542-43 (S.D. Cal 1996), *rev'd in part on other grounds*, 179 F.3d 793 (9th Cir. 1999) (dismissing indictment).

you must acquit Mr. Hamilton if you do not find beyond a reasonable doubt that the business, transaction or transactions had a value of $5,000 or more to the Dallas City Council.[84]

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 34[85]

### DEFENSE:  GOOD FAITH

Because an essential element of the crimes charged is that Mr. Hamilton acted with a corrupt intent, it follows that good faith on the part of a Defendant is a complete defense to the charges.  The burden of proving good faith does not rest with Mr. Hamilton because the Defendants do not have an obligation to prove anything in this case.  It is the government's burden to prove beyond a reasonable doubt that Mr. Hamilton is guilty and did not act with good faith.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 35

### UNANIMITY OF THEORY
### (Model 1.27, modified to fit the context of this case)[86]

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous.  The following instruction applies to the unanimity requirement as to Counts 2, 3 and

---

[84] *United States v. Mills*, 140 F.3d 630, 633 & 638 (6th Cir. 1998) (dismissing Section 666 charge where value was below $5,000 to the government agency).

[85] *United States v. Henry*, 136 F.3d 12, 17 n.3 (1st Cir. 1998) (affirming a good faith instruction that included in part: "The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that the defendant is guilty of conspiracy.").

[86] "In the routine case, a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability." *United States v. Creech*, 408 F.3d 264, 268 (5th Cir. 2005); *see United States v. Meshack*, 225 F.3d 556, 579–80 (5th Cir. 2000).  But "such an instruction is insufficient if 'there exists a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts.'" *Creech*, 408 F.3d at 268 (quoting *United States v. Holley*, 942 F.2d 916 (5th Cir. 1991)); *see also United States v. Villegas*, 494 F.3d 513, 515–16 (5th Cir. 2007); *United States v. Moreno*, 227 F. App'x 361, 362–63 (5th Cir. 2007).  An instruction that was similar to this instruction was found sufficient to guard against a non-unanimous verdict in *United States v. Mauskar*, 557 F.3d 219, 226–27 (5th Cir. 2009).

4.  Counts 2, 3 and 4 of the indictment accuses the defendant of committing the crime of bribery in different ways.  A common Latin phrase describes bribery as a *quid pro quo*, which roughly translates to an exchange of this for that.  In Counts 2, 3 and 4, the government has alleged that Mr. Hamilton gave Ms. Davis and Mr. Caraway multiple *quids*, or things of value, in return for Ms. Davis and Mr. Caraway agreeing to provide Mr. Hamilton with multiple *quos*, or beneficial official acts.

The government does not have to prove all of these theories of bribery for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt on one bribery theory is enough.  But in order to return a guilty verdict, all of you must agree that the same bribery theory has been proved.  With respect to the separate allegations in each of these three counts, all of you must agree that the government proved beyond a reasonable doubt that the defendant offered the same thing to Ms. Davis or Mr. Caraway as a bribe, and in return for Ms. Davis or Mr. Caraway promising to perform the same official act to convict on that count.  With respect to any given count, even if you all unanimously agree beyond a reasonable doubt that Mr. Hamilton offered a bribe, you must acquit him if you cannot unanimously agree that the same thing was offered as a bribe or was offered in return for Ms. Davis or Mr. Caraway promising to perform the same official act.

### MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 36 (Model 1.28)
### ENTRAPMENT

The defendant asserts that he was a victim of entrapment. Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, that person is a victim of entrapment, and the law as a matter of policy forbids that person's conviction in such a case.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable

opportunity is not entrapment.  For example, it is not entrapment for a government agent to pretend to be someone else and to off either directly or through an informer or other decoy, to engage in an unlawful transaction.

If you should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit such a crime as charged in the indictment, whenever opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then you should find that the defendant is not a victim of entrapment.

On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit an off of the character charged, apart from the inducement or persuasion of some officer or agent of the government, then it is your duty to find the defendant not guilty.

The burden is on the government to prove beyond a reasonable doubt that the defendant was not entrapped.

You are instructed that a paid informer is an "agent" of the government for purposes of this instruction.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 37

## DEFENSE:  THEORY OF THE CASE[87]

## [TO ADDRESS LATER}

---

[87] *See United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002) ("A defendant 'is usually entitled to have the court instruct the jury on the defense's 'theory of the case.'") (quoting *United States v. Robinson,* 700 F.2d 205, 211 (5th Cir.1983) (internal citation omitted)).

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 38 (Model 1.24)

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.  It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.  When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.  If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.  Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## MR. HAMILTON'S PROPOSED JURY INSTRUCTION NO. 39

## VERDICT FORM

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved Mr. Hamilton guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved Mr. Hamilton guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.[88]

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case. In checking any box below, whether that is a box for NOT Guilty or GUILTY, or a box for NOT PROVEN or PROVEN, the jury must be unanimous. You should not check any box unless the jury is unanimous that the box should be checked.

COUNT 1 (Conspiracy to Commit Bribery Concerning a Program Receiving Federal Funds)

With respect to Count 1, Conspiracy to Commit Bribery Concerning a Program Receiving Federal Funds, we the jury unanimously find beyond a reasonable doubt the defendant Ruel

---

[88] *Judge Hornby's Revisions to the First Circuit Pattern Criminal Jury Instructions* § 6.04. Defendants have added the "PROVEN" and "NOT PROVEN" language to better communicate what the jury intends, and have added language up front clarifying that any box that is checked must reflect a unanimous finding by the jury.

Hamilton

        NOT GUILTY       \_\_\_\_\_

        GUILTY       \_\_\_\_\_

If you find defendant Ruel Hamilton NOT GUILTY, proceed to consider Count 2. If you find that Count 1 was PROVEN, describe each thing of value that Ruel Hamilton corruptly agreed to provide Carolyn Davis and which business, transaction or series of transactions of the Dallas City Council that Carolyn Davis agreed to be influenced in performing, in exchange for that thing of value at the time the exchange was made:

COUNT 2 (Bribery Concerning a Program Receiving Federal Funds)

With respect to Count 2, Bribery Concerning a Program Receiving Federal Funds, we the jury unanimously find beyond a reasonable doubt the defendant Ruel Hamilton

        NOT GUILTY       \_\_\_\_\_

        GUILTY       \_\_\_\_\_

If you find defendant Ruel Hamilton NOT GUILTY, proceed to consider Count 3. If you find Count 2 was PROVEN, describe each thing of value that Ruel Hamilton corruptly provided Carolyn Davis and which business, transaction or series of transactions of the Dallas City Council that Carolyn Davis agreed to be influenced in performing, in exchange for that thing of value at

the time the exchange was made:

COUNT 3 (Bribery Concerning a Program Receiving Federal Funds)

With respect to Count 3, Bribery Concerning a Program Receiving Federal Funds, we the jury unanimously find beyond a reasonable doubt the defendant Ruel Hamilton

NOT GUILTY          _____

GUILTY               _____

If you find defendant Ruel Hamilton NOT GUILTY, proceed to consider Count 4.  If you find Count 3 was PROVEN, describe each thing of value that Ruel Hamilton corruptly provided Dwaine Caraway and which business, transaction or series of transactions of the Dallas City Council that Dwaine Caraway agreed to be influenced in performing, in exchange for that thing of value at the time the exchange was made:

COUNT 4 (Interstate and Foreign Travel or Transportation In Aid of Racketeering Enterprises – Texas Bribery)

With respect to Count 4, Interstate and Foreign Travel or Transportation In Aid of Racketeering Enterprises – Texas Bribery, we the jury unanimously find beyond a reasonable doubt the defendant Ruel Hamilton

NOT GUILTY          _____

GUILTY               _____

If you find defendant Ruel Hamilton NOT GUILTY, you do not need to answer the question

below.  If you find that Count 4 was PROVEN, describe each thing of value that Ruel Hamilton corruptly provided Dwaine Caraway and which official acts of the Dallas City Council that Dwaine Caraway agreed to be influenced in performing, in exchange for that thing of value at the time the exchange was made:


Dated: October 26, 2020

Respectfully submitted,

/s/ Abbe David Lowell

| | |
|---|---|
| Abbe David Lowell, Bar No. 358651DC | Dion J. Robbins, Bar No. 24114011TX |
| Christopher D. Man, Bar No. 453553DC | WINSTON & STRAWN LLP |
| Kaitlin A. Pierce, Bar No. 242020DC | 2121 N. Pearl Street, Suite 900 |
| WINSTON & STRAWN LLP | Dallas, TX 75201 |
| 1901 L Street, NW | DRobbins@winston.com |
| Washington, DC 20036 | 214-453-6100 (ph) |
| ADLowell@winston.com | 214-453-6400 (fax) |
| 202-282-5000 (ph) | |
| 202-282-5100 (fax) | |

*Counsel for Defendant Ruel M. Hamilton*

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2020, a copy of the foregoing was filed with the Court's electronic case filing system, thereby effecting service on counsel for all parties.

/S/Abbe David Lowell<br>Abbe David Lowell