IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                        CRIMINAL NO. 3:19-CR-083-M

RUEL M. HAMILTON

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America respectfully submits these Proposed Jury

Instructions.  All instructions are from the Fifth Circuit Pattern Jury Instructions,

(Criminal Cases, 2019), unless otherwise noted.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

/s/ *Andrew Wirmani*

Andrew O. Wirmani
Assistant United States Attorney
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8681
Facsimile: 214.767.4100

1.01
PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

Duty of the jury:

It will be your duty to find from the evidence what the facts are.  You and you alone will be the judges of the facts.  You will then have to apply to those facts the law as the court will give it to you.  You must follow that law whether you agree with it or not.  Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Evidence:

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.  Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled,

treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case. Rules for criminal cases:

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First:  the defendant is presumed innocent until proven guilty.  The superseding indictment brought by the government against the defendant is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

**Government's Proposed Jury Instructions – Page 3**

Second:  the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.  Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third:  the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

Summary of applicable law:

In this case the defendant is charged with the following offenses: one count of conspiracy to commit bribery concerning a local government receiving federal benefits, two counts of bribery concerning a local government receiving federal benefits, and one count of using an interstate facility to commit a Travel Act violation, that is, bribery in violation of state law.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove beyond a reasonable doubt to make its case.

<u>Conspiracy to Commit Bribery (and Bribery) Concerning a Local Government Receiving Federal Benefits</u>

The defendant is charged with participating in a scheme to bribe Carolyn Rena Davis, a former Dallas City Council Member, with the intent to influence and reward Davis in connection with the defendant's business, specifically, in regard to City of Dallas grants, loans, and federal tax credits.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

In order to prove the charged conspiracy, in violation of 18 U.S.C. Section 371, the government must prove each of the following beyond a reasonable doubt:[1]

*First*:      That the defendant and at least one other person agreed to commit the crime of bribery concerning an agent of a local government receiving federal benefits in violation of 18 U.S.C. Section 666(a)(2) (offering a bribe) and (a)(1)(B) (receiving a bribe), as charged in the superseding indictment;

*Second*:      That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:      That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the superseding indictment, in order to accomplish some object or purpose of the conspiracy.

The essential elements of bribery concerning a local government receiving federal benefits in violation of 18 U.S.C. Section 666(a)(2) are discussed below. The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

---

[1]  Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2019).
**Government's Proposed Jury Instructions – Page 5**

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Likewise, the government does need not prove that all the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with the knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of the conspiracy, does not thereby become a conspirator.

Bribery Concerning a Local Government Receiving Federal Benefits

In addition to being charged conspiring to bribe Davis, the defendant is also charged with the offense of bribing Davis as well as another former City Dallas City Council Member, Dwaine Caraway.

As to the claim involving Davis, the essential elements of bribery concerning a local government receiving federal benefits in violation of 18 U.S.C. Section 666(a)(2) are:[2]

*First*:        That Carolyn Davis was an agent of the City of Dallas;

---

[2]  Fifth Circuit Pattern Jury Instruction 2.33C (5th Cir. 2019).

**Government's Proposed Jury Instructions – Page 6**

*Second*:    That the City of Dallas was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance;

*Third*:    That the defendant corruptly gave or agreed to give anything of value—including money, charitable donations,  political donations to the candidates of Davis's choice, and a consulting job—to Davis or another person with the intent to influence or reward Davis in connection with any business, transaction, or series of transactions of the City of Dallas; and

*Fourth*:    That the business, transaction, and series of transactions involved anything of value of $5,000 or more.

As to the claim involving Caraway, the essential elements of bribery concerning a local government receiving federal benefits in violation of 18 U.S.C. Section 666(a)(2) are:[3]

*First*:    That Dwaine Caraway was an agent of the City of Dallas;

*Second*:    That the City of Dallas was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance;

*Third*:    That the defendant corruptly gave or agreed to give anything of value—including a check for $7,000—to Caraway or another person with the intent to influence or reward Caraway in connection with any business, transaction, or series of transactions of the City of Dallas; and

*Fourth*:    That the business, transaction, and series of transactions involved anything of value of $5,000 or more.

Use of an Interstate Facility to Commit a Travel Act Violation

The defendant is also charged with bribing Caraway with the intent to influence and reward Caraway in connection with Caraway's assistance in adding an item of

---

[3] Fifth Circuit Pattern Jury Instruction 2.33C (5th Cir. 2019).

**Government's Proposed Jury Instructions – Page 7**

interest to Hamilton—namely, one regarding Hamilton's future housing development—on the Dallas City Council agenda, in violation of 18 U.S.C. Section 1952.

The essential elements of the use of an interstate facility to commit a Travel Act violation, specifically, bribery under state law, are:[4]

| | |
|---|---|
| *First*: | That the defendant used or caused to be used any facility in interstate commerce; |
| *Second*: | That the defendant had the specific intent to promote, manage, establish, carry on, or distribute the proceeds of, or facilitate the promotion, management, establishment, or carrying on of, unlawful activity, that is, bribery in violation of Texas Penal Code Section 36.02; and |
| *Third*: | That after the use of any facility in interstate commerce, the defendant did knowingly and willfully promote, manage, establish, carry on, distribute the proceeds of, or facilitate the promotion, management, establishment, or carrying on of, such unlawful activity. |

A person commits the offense of bribery in violation of Texas Penal Code Section 36.02(1) if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter.

The government is not required to prove the elements of bribery beyond a reasonable doubt or any completed act of bribery.  Instead, you should use this definition to determine whether the government has proved the elements of a Travel Act violation.[5]

---

[4]  Modified for Texas Penal Code Section 36.02(1).
[5]  *United States v. Prince*, 515 F.2d 564, 566 (5th Cir. 1975); *see also United States v. Conway*, 507 F.2d 1047, 1051 (5th Cir. 1975) ("[P]roof of the violation of the state statute to which reference is made for purposes of prosecution under 18 U.S.C. § 1952 is not an essential element to be proved in such a federal prosecution.").

**Government's Proposed Jury Instructions – Page 8**

I will instruct you that Travel Act violations and bribery under Texas Penal Code Section 36.02 are both felonies.

Conduct of the jury:

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case.  Please do not talk with them about any subject at all.  You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.  It is best that you remain in the jury room during breaks in the trial and do not linger in the hall.  In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work.  Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  Otherwise, without realizing it, you may start forming opinions before the trial is over.  It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any

other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Course of the trial:

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorneys may, but do not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes,

**Government's Proposed Jury Instructions – Page 10**

present witnesses whom the government may cross-examine.  If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

## 1.02
## NOTE-TAKING BY JURORS

If you would like to take notes during the trial, you may do so.  On the other hand, you are not required to take notes if you prefer not to do so.  Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings.  Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

The trial will now begin.

1.03
## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

1.04
DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

1.05

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The superseding indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

1.06
## EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the end, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

1.07
## EVIDENCE - INFERENCES - DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 1.08
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testify in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

1.15

ACCOMPLICE - CO-DEFENDANT - PLEA AGREEMENT

In this case, the government called as witnesses alleged accomplices of the defendant, as identified in other charging documents, with whom the government has entered into plea agreements.  Those agreements provide for (e.g., the non-binding recommendation for a favorable sentence).  Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.[6]

---

[6] Modified to account for the facts of the case.

**Government's Proposed Jury Instructions – Page 20**

## 1.18
## ON OR ABOUT

You will note that the superseding indictment charges that the offenses were committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date(s) stated in the superseding indictment.

1.18A
## VENUE - CONSPIRACY

The events presented at trial happened in various places.  There is no requirement that the entire conspiracy take place in the Northern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.  An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.  Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.  This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas.  All other elements of the offense must be proved beyond a reasonable doubt.  You are instructed that Dallas, Texas and that Dallas City Hall are located in the Northern District of Texas.

1.19
CAUTION - CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or offense not alleged in the superseding indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## 1.20
## CAUTION - PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not enter

your consideration or discussion.

1.30
SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the superseding indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the superseding indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the superseding indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

- Whether the defendant had the state of mind or intent necessary to commit the crime charged in the superseding indictment;

- Whether the defendant had a motive or the opportunity to commit the acts charged in the superseding indictment;

- Whether the defendant acted according to a plan or in preparation for commission of a crime; or

- Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

1.41

"KNOWINGLY" - TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

1.43
"WILLFULLY" - TO ACT

The term "willfully," as that term has been used at times in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

1.48

## CAUTIONARY INSTRUCTION DURING TRIAL - TRANSCRIPT OF TAPE-RECORDED CONVERSATIONS

Exhibits _____ have been identified as typewritten transcripts of the oral conversation which can be heard on the tape recording received in evidence as Exhibits _____.  The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recordings as the primary evidence of their own contents; and, if you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard those to that extent.  It is what you hear on the tape that is evidence, not the transcripts.

1.51
## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case.  You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them.  It is up to you to determine if these inferences or conclusions are accurate.

1.52
SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER
EVIDENCE

Summary testimony by a witness [and charts or summaries prepared or relied upon

by the witness] have been received into evidence for the purpose of explaining facts

disclosed by testimony and exhibits which are also in evidence in this case.  If you find

that such summary testimony [and charts] correctly reflect the other evidence in the case,

you may rely upon them.  But if and to the extent that you find they are not in truth

summaries of the evidence in the case, you are to disregard them.  The best evidence of

what occurred are the underlying records themselves.

2.15A
CONSPIRACY (COUNT 1)
18 U.S.C. Section 371

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States. The defendant is charged with participating in a scheme to give Carolyn Rena Davis, a former Dallas City Council Member, things of value—including money, charitable donations, political donations to the candidates of Davis's choice, and a consulting job, with the intent to influence or reward Davis in connection with the defendant's business, specifically, in regard to City of Dallas grants and loans, and federal tax credits.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:       That the defendant and at least one other person agreed to commit the crime of bribery concerning an agent of a local government receiving federal benefits in violation of 18 U.S.C. Section 666(a)(2) (offering a bribe) and (a)(1)(B) (receiving a bribe), as charged in the superseding indictment;

*Second*:   That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:     That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the superseding indictment, in order to accomplish some object or purpose of the conspiracy.

The essential elements of bribery concerning a local government receiving federal benefits in violation of 18 U.S.C. Section 666(a)(2) are discussed later in these instructions.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Likewise, the government does need not prove that all the details of the scheme alleged in the superseding indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with the knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has

no knowledge of a conspiracy, but who happens to act in a way that advances some

purpose of the conspiracy, does not thereby become a conspirator.

2.33C
## BRIBERY CONCERNING A LOCAL GOVERNMENT RECEIVING FEDERAL BENEFITS (OFFERING A BRIBE) (COUNT 2 AS TO DAVIS; COUNT 3 AS TO CARAWAY)
### 18 U.S.C. Section 666(a)(2)

Title 18, United States Code, Section 666(a)(2), makes it a crime for anyone to corruptly give, offer, or agree to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local, or Indian tribal government, or any agency thereof, that receives more than $10,000 in federal assistance in any one year period, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.  Here, the defendant is charged with bribing two individuals, Carolyn Rena Davis and Dwaine Caraway, in two separate counts of the superseding indictment.

For you to find the defendant guilty of this crime as to Davis, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:          That Carolyn Rena Davis was an agent of the City of Dallas;

*Second*:          That the City of Dallas was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

*Third*:          That the defendant corruptly gave or agreed to give anything of value—including money, charitable donations,  political donations to the candidates of Davis's choice, and a consulting job—to Davis or another person with the intent to influence or reward Davis in connection with any business, transaction, or series of transactions of the City of Dallas; and

*Fourth*:          That the business, transaction, or series of transactions involved anything of value of $5,000 or more.

For you to find the defendant guilty of this crime as to Caraway, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:    That Dwaine Caraway was an agent of the City of Dallas;

*Second*:    That the City of Dallas was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;

*Third*:    That the defendant corruptly gave or agreed to give anything of value— including a check for $7,000—to Caraway or another person with the intent to influence or reward Caraway in connection with any business, transaction, or series of transactions of the City of Dallas; and

*Fourth*:    That the business, transaction, or series of transactions involved anything of value of $5,000 or more.

The term "agent," as relevant here, means a person authorized to act on behalf of a government, including an elected official.

The term "local" means of or pertaining to a political subdivision within a State, such as a city.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense.  Such period may include time both before and after the commission of the offense.

An act is "corruptly" done if it is done intentionally with an unlawful purpose.

The term "thing of value" is not limited to money, goods, or services.  It applies to anything that the agent of the local government subjectively values.[7]

The word "value" means the face, par, market value, or cost price, either wholesale or retail, whichever is greater.

A bribe can be inferred from circumstantial evidence, including, in part, the timing of the payment.  The agreement need not be express or "explicit."[8]

It is not necessary that the thing of value be correlated with a specific official act. Instead, it is sufficient if the thing of value is given with the intent that the agent of the local government will exercise particular kinds of influence as specific opportunities arise.[9]

It is no defense to the crime of bribery that the thing sought by the defendant was good for the community or something that the agent of the local government would have or should have done without the bribe.[10]

---

[7] *United States v. Marmolejo*, 89 F.3d 1185, 1191 (5th Cir. 1996); *United States v. Mongelli*, 794 F.Supp. 529, 531 (S.D.N.Y. 1992); *United States v. Williams*, 705 F.2d 603, 623 (2d Cir. 1983).

[8] *McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016).

[9] *See United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998) (In a Section 666 prosecution, "each payment need not be correlated with a specific official act .... In other words, the intended exchange in bribery can be 'this for these' or 'these for these', not just 'this for that.'"); *United States v. Ganim*, 510 F.3d 134, 144-150 (2d Cir. 2007) (Under the Hobbs Act, "[i]t is sufficient if the public official understands that he or she is expected as a result of the payment to exercise particular kinds of influence-i.e., on behalf of the payor -as specific opportunities arise.") (quoting *United States v. Coyne*, 4 F.3d 100, 114 (2d Cir. 1993), and citing *United States v. Bradley*, 173 F.3d 225, 231-232 (3d Cir. 1999)); *see also United States v. McNair*, 605 F.3d 1152, 1188 (11th Cir. 2010) (expressly holding that there is no specific quid pro quo requirement in § 666(a)(1)(B) or (a)(2)).

[10] *See City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); *United States v. Quinn*, 359 F.3d 666, 675 (4th Cir. 2004) ("[I]t does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations.").

**Government's Proposed Jury Instructions – Page 36**

The fact that providing a thing of value is motivated, in part, by friendship or compassion is no defense.  Things of value given with a dual motive constitute bribery so long as one of the motives is to influence the agent of the local government.[11]

It is irrelevant that the thing sought by the defendant is not possible.  It is sufficient if the defendant believed that the agent of the local government was capable of delivering the thing sought.[12]

It is not necessary to prove that the defendant's conduct directly affected the federal benefits received by the agency under the federal program.  However, there must be some connection between the criminal conduct and the local government receiving federal assistance.

It is also not necessary to prove that the defendant offering the bribe benefitted from the bribe or that the bribe was successfully obtained by the agent of the local government.

In determining whether the defendant is guilty of these two charged offenses, do not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

---

[11] *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (affirming federal program bribery conviction under 18 U.S.C. § 666); *United States v. Biaggi*, 909 F.2d 662, 683 (2d Cir. 1990).

[12] *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817 (9th Cir. 1985); *United States v. Gjieli*, 717 F.2d 968 (6th Cir. 1983); *cf. United States v. Traitz*, 871 F.2d 368, 396 (3d Cir. 1989) ("Provided that the money is offered with corrupt intent, the official does not necessarily even need to be aware of the bribe so long as a bribe is offered or promised with the required intent to influence any official act the crime is committed." (quotation marks and ellipsis omitted)).

2.74
TRAVEL ACT (BRIBERY)[13]
18 U.S.C. Section 1952

Title 18, United States Code, Section 1952(a)(3) makes it a crime for anyone to use any facility in interstate or foreign commerce, with the intent to commit or facilitate certain unlawful activity, and thereafter perform or attempt to perform that unlawful activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That the defendant used any facility in interstate commerce;

*Second*:  That the defendant did so with the specific intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, carrying on, or distribution of the proceeds of unlawful activity, that is, bribery in violation of Texas Penal Code Section 36.02; and

*Third*:  That after the use of any facility in interstate commerce, the defendant did knowingly and willfully promote, manage, establish, carry on, or distribute the proceeds of, or facilitate the promotion, management, establishment, or carrying on of, such unlawful activity.

The phrase "the use of any facility in interstate commerce" includes the use of an intrastate telephone network.  I instruct you that the use of a telephone is a facility in interstate commerce for purposes of the Travel Act charges.[14]

---

[13] Modified for Texas Penal Code Section 36.02.

[14] *United States v. Marek*, 238 F.3d 310, 316 (5th Cir. 2001) (en banc) (holding that the jurisdictional language in 18 U.S.C. § 1958 encompassed purely intrastate activity); *United States v. Hamilton*, No. 3:19-CR-0083-M, Order, Dkt. 214, at *2-4 (N.D. Tex. May 18, 2020) (finding that the language of 18 U.S.C. § 1958 is "nearly identical to the language of the Travel Act," and concluding that, along with the 1990 amendments to § 1952, "the telephone network on which Hamilton made his call is an "interstate facility").

**Government's Proposed Jury Instructions – Page 38**

There is no requirement that the defendant have knowledge of the use of interstate facilities or specifically intend to use interstate facilities.[15]

There is no requirement that the interstate travel or use of interstate facilities be essential to the scheme.  It is enough if the interstate travel or use of interstate facilities made the unlawful activity easier.[16]

## BRIBERY

The superseding indictment alleges Travel Act violations involving bribery under state law.  Texas Penal Code Section 36.02 provides:

(a)  A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another:

(1)  any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.[17]

---

[15] *United States v. Perrin*, 580 F.2d 730, 737 (5th Cir. 1978); *United States v. Doolittle*, 507 F.2d 1368, 1372 (5th Cir.), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) (holding that a lack of specific knowledge regarding "the use of interstate facilities" is "legally irrelevant" because the "words of § 1952 do not require specific knowledge of the use of interstate facilities" and noting other circuits' agreement); *United States v. Edelman*, 873 F.2d 791, 794 (5th Cir. 1989) ("There is no requirement that the defendant either have knowledge of the use of interstate facilities or specifically intend to use" them).  This is because proof of an interstate nexus is "merely a jurisdictional prerequisite."  *Edelman*, 873 F.2d at 794; *see United States v. Yermian*, 468 U.S. 63, 73 (1984) (a criminal defendant need not have knowledge of a jurisdictional fact).

[16] *United States v. Garrett*, 716 F.2d 257, 265 (5th Cir. 1983); *United States v. Pecora*, 693 F.2d 421, 423 (5th Cir. 1982); *United States v. Perrin*, 580 F.2d 730, 736 (5th Cir. 1978).

[17] Texas Penal Code, Section 6.03(a).

**Government's Proposed Jury Instructions – Page 39**

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or with respect to the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.[18]

The government is not required to prove the elements of bribery beyond a reasonable doubt or any completed act of bribery.  Instead, you should use this definition to determine whether the government has proved the elements of a Travel Act violation.[19]

---

[18]  Texas Penal Code, Section 6.03(b).

[19]  *United States v. Prince*, 515 F.2d 564, 566 (5th Cir. 1975); *see also United States v. Conway*, 507 F.2d 1047, 1051 (5th Cir. 1975) ("[P]roof of the violation of the state statute to which reference is made for purposes of prosecution under 18 U.S.C. § 1952 is not an essential element to be proved in such a federal prosecution.").

## 1.24
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the superseding indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer, and I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the superseding indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO.  3:19-CR-083-M

RUEL M. HAMILTON

**VERDICT OF THE JURY**

(Count One)

We, the jury, find as follows regarding Count 1 of the superseding indictment, that

is, conspiracy to commit bribery concerning a local government receiving federal

benefits, in violation of 18 U.S.C. Section 371:

_____
"Guilty" or "Not Guilty"

(Count Two)

We, the jury, find as follows regarding Count 2 of the superseding indictment, that

is, bribery of Carolyn Rena Davis concerning a local government receiving federal

benefits, in violation of 18 U.S.C. Section 666(a)(2):

_____
"Guilty" or "Not Guilty"

(Count Three)

We, the jury, find as follows regarding Count 3 of the superseding indictment, that is, bribery of Dwaine Caraway concerning a local government receiving federal benefits, in violation of 18 U.S.C. Section 666(a)(2):

_____
"Guilty" or "Not Guilty"

(Count Four)

We, the jury, find as follows regarding Count 4 of the superseding indictment, that is, use of interstate facility to commit Travel Act violation, in violation of 18 U.S.C. Section 1952:

_____
"Guilty" or "Not Guilty"

_____
Jury Foreperson

## CERTIFICATE OF SERVICE

I hereby certify that on **October 26, 2020**, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to counsel for the Defendant and the Probation Officer.

/s/ Andrew O. Wirmani
Andrew O. Wirmani
Assistant United States Attorney