IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | NO. 3:19-CR-0083-M |
| RUEL M. HAMILTON § | |
| § | |

**ORDER**

Before the Court is Defendant Ruel Hamilton's "Motion in Limine to Preclude Statements Attributed to the Now-Deceased Carolyn Davis" (ECF No. 165), in which Hamilton renews the relief previously requested in his "Motion to Preclude Hearsay Statements Attributed to the Now-Deceased Carolyn Davis and to Dismiss for a Lack of Evidence" (ECF No. 80).[1] Specifically, Hamilton asks the Court to exclude as hearsay statements made by Davis and Jeremy Scroggins that would incriminate Hamilton. The Government contends that such statements are admissible under the coconspirator exception to the hearsay rule, Federal Rule of Evidence 801(d)(2)(E).

Rule 801(d)(2)(E) requires the Government to "show by a preponderance of the evidence that (1) a conspiracy existed, (2) the statement was made by a co-conspirator of the opposing party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *United States v. Gurrola*, 898 F.3d 524, 535 (5th Cir. 2018). While the content of such statements must be considered, the Government cannot

---

[1] Hamilton also renews his request that the Court exclude under the Confrontation Clause statements attributed to Davis. The Court previously denied that request (*see* ECF No. 118), and Hamilton states that "[n]othing has changed that would warrant the Court's reconsideration of that [request], but Mr. Hamilton does renew the [request] to preserve it for appeal." (ECF No. 165 at 2). Hamilton's renewed request based on the Confrontation Clause is DENIED.

1

establish admissibility based on the statements alone. *United States v. Fairley*, 880 F.3d 198, 213 (5th Cir. 2018). "There must be 'independent evidence' establishing the conspiracy." *United States v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013) (internal citation omitted).

The Government submitted a proffer of the statements it plans to offer under Rule 801(d)(2)(E) and the evidence it relies on to establish the existence of a conspiracy between Hamilton, Davis, and Scroggins. (ECF No. 190). Hamilton filed a response, arguing, among other things, that the Government's proffer does not include independent evidence of a conspiracy. (ECF No. 192). The Court heard argument from the parties on the issue at the pretrial conference on October 28, 2020. (ECF Nos. 259, 275). Hamilton filed a supplemental brief after the pretrial conference, which includes hearsay objections to specific Government exhibits. (ECF No. 272). The Government filed a response to Hamilton's supplemental brief (ECF No. 293), and Hamilton filed a reply (ECF No. 297).

After reviewing the briefing, the parties' arguments, and the relevant law, the Court DENIES WITHOUT PREJUDICE Hamilton's Motion in Limine (ECF No. 165) and the specific challenges to the Government's exhibits. Hamilton may assert objections on these grounds during trial and the Court will determine at that time whether the Government has established the necessary predicate facts. *See United States v. Carreon*, 242 F. App'x 221, 227 (5th Cir. 2007) (The Fifth Circuit has held that "a district court may [ ] carry the defendant's objection 'through trial or at least through presentation of the government's case until a determination of the existence of Fed. R. Evid. 801(d)(2)(E) predicate facts may be appropriately made.") (citing *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992)); *see also United States v. Ordonez*, 286 F. App'x 224, 237 (5th Cir. 2008) (holding that "[t]he district court did not err by waiting until the end of trial to determine the existence of the Rule 801(d)(2)(E) predicate facts").

**SO ORDERED**.

June 11, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

3