IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No.  3:19-CR-083-M |
| | § | |
| RUEL M. HAMILTON | § | |

## MOTION TO STRIKE HAMILTON'S POST-TRIAL MOTIONS

Under the Court's post-trial briefing schedule, Hamilton's "post-trial motions under Rules 29 and 33" were due on August 16, 2021.  (Dkt. No. 344.)  Under this Court's Local Rules, Hamilton's Rule 29 motion and his Rule 33 motion each could include briefs in support no longer than 25 pages.    While the Rules envision that "extraordinary and compelling reasons" may require briefs in support of motions to exceed those page limitations, parties must obtain permission to file over-length briefs.  *See* N.D. Tex. Crim. L.R. 47.2(d).

Here, instead of filing two 25-page briefs in support of his Rule 29 and Rule 33 motions, Hamilton filed seven separate briefs—totaling roughly 160 pages.  (Dkt. Nos. 355-361.)  The Rules, however, do not permit defendants to file separate briefs of no more than 25 pages on each basis for acquittal or for a new trial; rather, defendants get one Rule 29 motion and one Rule 33 motion[1]—each of which may be supported by a brief of no more than 25 pages under the Local Rules.  *See* N.D. Tex. Crim. L.R. 47.2(c).

---

[1] Both Rules speak in terms of a single motion—each of which should be subject to the 25-page brief limitation in Local Rule 47.2.  *See* Fed. R. Crim. P. 29(c) (discussing "Time for a Motion" and "Ruling on the Motion"); Fed. R. Crim. P. 33(a) ("Upon the defendant's motion . . . .").

**Motion to Strike Post-Trial Motions – Page 1**

Hamilton filed this voluminous briefing without providing notice to the government or obtaining leave from this Court. Because Hamilton's post-trial briefing violates the express limitations in Local Rule 47.2, this Court should strike the briefs and order Hamilton to re-file his post-trial briefing in accordance with that Local Rule. Should the Court order such relief, the government expects that Hamilton may seek leave to file briefs in excess of the 25-page limit. The government is not opposed to reasonable requests for additional pages (*e.g.*, 35 pages per brief), but there is no justification for briefing that is more than triple the express limitation in the Local Rules.

## CONCLUSION

For all these reasons, the government respectfully requests that the Court strike Hamilton's post-trial briefing, (*see* Dkt. Nos. 355-361), and order him to re-file his post-trial briefs in accordance with Local Rule 47.2.

Respectfully submitted,

PRERAK SHAH
Acting United States Attorney

*/s/ Chad E. Meacham*

Chad E. Meacham
Assistant United States Attorney
Texas Bar No. 00784584
E-mail: chad.meacham@usdoj.gov
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600

## CERTIFICATE OF CONFERENCE

On August 19, 2021, I conferred with Abbe Lowell, counsel for Hamilton, and he is opposed to this motion.

*/s/ Chad E. Meacham*
Chad E. Meacham
Assistant United States Attorney

## CERTIFICATE OF SERVICE

On August 19, 2021, I electronically submitted this document to the Clerk of the Court for the U.S. District Court, Northern District of Texas, using its electronic case filing system, which will provide a copy of this document to defendant's counsel.

*/s/ Chad E. Meacham*
Chad E. Meacham
Assistant United States Attorney