**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | No. 3:19-CR-0083-M |
| RUEL M. HAMILTON | § | |
| | § | |
| | § | |

**<u>ORDER</u>**

Before the Court is the Motion to Dismiss Count Three based on Double Jeopardy, filed by Defendant Ruel Hamilton.  ECF No. 471.  For the reasons stated below, the Motion is **DENIED**.

On June 29, 2021, a jury convicted Hamilton of Counts One, Two, and Three of the Superseding Indictment.  ECF No. 339.  Count One charged Hamilton with conspiracy to commit bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 371. Counts Two and Three charged Hamilton with bribery concerning a local government receiving federal benefits, in violation of 18 U.S.C. § 666(a)(2).  The jury acquitted Hamilton of Count Four, a Travel Act violation of Texas bribery law under 18 U.S.C. § 1952(a)(3).  On appeal, the United States Court of Appeals for the Fifth Circuit vacated the convictions for failure to instruct the jury that § 666 requires a *quid pro quo*, and remanded the case for further proceedings. *United States v. Hamilton*, 46 F.4th 389 (5th Cir. 2022).  Hamilton now moves to dismiss Count Three on double jeopardy grounds based upon his acquittal on Count Four.

"[T]he Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial."  *Yeager v. United States*, 557 U.S. 110, 119 (2009).  To decipher what the jury "necessarily decided," courts should "examine

the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id.* at 119–20. The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Id.*

Counts Three and Four arise out of Hamilton's interactions in August 2018 with Dwaine Caraway, who was then serving as a member of the Dallas City Council. Count Four charged a Travel Act violation in connection with an August 2, 2018, telephone call Hamilton made to Caraway (identified in the Superseding Indictment as Council Member A), regarding the addition of a referendum item to the agenda for an upcoming Dallas City Council meeting. Count Three charged bribery, in violation of 18 U.S.C. § 666, when Hamilton met Caraway in person on August 3, 2018, and wrote a $7,000 check to Caraway to facilitate addition of the agenda item.

The jury was instructed that the Travel Act charge in Count Four requires a *quid pro quo*, but was not given a similar instruction for Count Three. Hamilton argues that the difference in outcome on those two charges—*i.e.*, conviction on Count Three, and acquittal on Count Four— indicates that the jury found that the check Hamilton gave to Caraway was a gratuity and not a bribe. ECF No. 471 at 3. For support, Hamilton points to the Fifth Circuit's observation that "[i]nstructing the jury on one count that a *quid pro quo* was required but not others may have further communicated that no *quid pro quo* was required for the § 666 counts," including Count Three. *Hamilton*, 46 F.4th at 399 n.4. Hamilton also relies on *Ashe v. Swenson*, 397 U.S. 436, 443 (1970), in which the Supreme Court recognized "that the relitigation of an issue can sometimes amount to the impermissible relitigation of an offense." *Currier v. Virginia*, 138 S.

Ct. 2144, 2149 (2018) (discussing *Ashe*).  Thus, Hamilton contends that the jury rejected the Government's theory that the check was a bribe, acquitting him of Count Four, thereby preventing litigating that issue again in Count Three.  *See, e.g.*, ECF No. 488 at 4 ("[T]he first jury rejected the government's claim that the check to Dwaine Caraway was a bribe, so the government cannot ask a new jury to conclude that the check was a bribe.").

The Court disagrees that what Hamilton describes is what the jury necessarily decided. Counts Three and Four concern different conduct on different days, and involve different elements: Hamilton's use of a telephone on August 2 to facilitate a bribe by setting up a meeting with Caraway (Count Four), and the alleged bribe itself by giving the check to Caraway on August 3 (Count Three).

"*Ashe* forbids a second trial only if to secure a conviction the prosecution must prevail on an issue the jury necessarily resolved in the defendant's favor in the first trial." *Currier*, 138 S. Ct. at 2150.  Hamilton contends that the jury acquitted Hamilton on Count Four because it "concluded that [the check] was not a bribe."  ECF No. 488 at 5.  But whether the check was given as a bribe or a gratuity is not implicated in the jury's decision in Count Four, which concerned Hamilton's intent when he spoke to Caraway by phone on August 2, a full day before any check was written.  Count Four required the jury to find that when he spoke with Caraway by phone on August 2, Hamilton had the specific intent to promote, manage, establish or carry on unlawful activity, namely bribery in violation of Texas Penal Code Section 36.02.  ECF No. 343 at 17.  Count Three related to Hamilton's actual conduct in writing and transmitting to Caraway a $7,000 check the next day.  It is not the case that the issue of whether the check— which did not even exist during the August 2 call—was a gratuity or a bribe is implicated by the jury's decision to acquit Hamilton on Count Four based on what he was intending the day before

he acted.  Put differently, a lack of the requisite specific intent for the alleged Travel Act violation on August 2 is not dispositive of whether Hamilton paid a bribe on August 3.

Consistent with the above analysis, the jury sent multiple notes indicating that they were grappling with that specific element of Count Four, *i.e.*, whether Hamilton possessed the requisite intent to bribe Caraway at the time of the August 2 call.  *See* ECF No. 338.[1]  The jury notes are not dispositive,[2] but they support the obvious conclusion the Court would reach without them: the crimes charged in Counts Three and Four are different offenses arising under different statutes with different elements, and concern different conduct occurring on different days.

Thus, the record indicates that the jury could have grounded its verdict upon an issue other than that which Hamilton seeks to foreclose from consideration.  As a result, retrying Hamilton on Count Three would not be relitigating a factual issue necessarily determined in his favor by the earlier jury, and acquittal on Count Four is not preclusive as to the crime charged in Count Three.

However, the Court declines to find, as the Government urges, that Hamilton's Motion is frivolous.  Under the collateral order doctrine, the Fifth Circuit has jurisdiction under 28 U.S.C. § 1291 to review a pretrial order rejecting a claim of double jeopardy, provided the claim is "colorable."  *United States v. Shelby*, 604 F.3d 881, 885 (5th Cir. 2010).  A "colorable" claim presupposes there is some possible validity to it, while a claim is not colorable if "no set of facts

---

[1] In Note 3, the jury asked, "In regards to count 4 must the jury establish that the defendant had ill intent at the time of the call or does the call only need to meet the criteria of facilitating a bribe. . . ."  ECF No. 338.  In Note 4, the jury asked, "If we find the defendant 'guilty' of count 3, does that make him guilty of count 4, regardless of his intent at the time of the call the use [sic] of interstate travel facilitated the act."  *Id.*

[2] Hamilton argues that it would be improper to rely on the jury notes to conclude that the jury decided Count 3 and Count 4 differently on a basis *other* than the *quid pro quo* requirement.  However, the relevant Fifth Circuit precedent instructs the Court to review the entire record of the case—which includes the jury notes—to determine whether the jury had a factual basis for deciding Count 3 and Count 4 differently besides the *quid pro quo* requirement.  *See Yeager*, 557 U.S. at 119–20.

will support the assertion" of the double jeopardy claim. *Id.* ("We join these circuits in concluding that a colorable, non-frivolous claim is a prerequisite to our jurisdiction under 28 U.S.C. § 1291 to hear a pretrial double jeopardy appeal.").  Here, although the Court firmly rejects Hamilton's claim of double jeopardy, the claim itself is colorable and not frivolous.

For the foregoing reasons, the Motion is **DENIED.**

**SO ORDERED**.

November 15, 2023.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE